UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Digitech Image Technologies LLC, | ) | SA CV 12-01688-ODW(MRWx) |
| | ) | |
| Plaintiff(s), | ) | STANDING ORDER |
| | ) | REGARDING PATENT CASES |
| v. | ) | |
| | ) | |
| | ) | |
| Newegg Inc et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY TO ALL PATENT CASES ASSIGNED TO JUDGE OTIS D. WRIGHT II:**

**1.      Patent Local Rules**

The Court adopts the Patent Local Rules of the United States District Court for the Northern District of California, Rev. 12/01/2009. Parties are expected to familiarize themselves with and closely adhere to these rules. A copy of the rules may be found at http://www.cand.uscourts.gov/localrules.

///

///

**2.    Motions for Summary Judgment**

Prior to filing any summary judgment motion, the parties must submit letter briefs requesting permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court on or before the discovery cut-off date. The letter brief must state the basis for the summary judgment motion and reasons why the motion is not premature. Opposition letter briefs shall be no longer than five (5) pages and shall be filed with the Court no later than seven (7) days after the opening letter brief. No reply letter briefs may be filed without the Court's permission. No hearing will be held unless otherwise ordered by the Court. The last day to file an opening letter brief shall be the discovery cut-off date.

The Court typically schedules the motion deadline eight (8) weeks after the discovery cutoff. Because motions must be noticed twenty-eight (28) days before the hearing date under L.R. 6-1, parties are advised to file the opening letter briefs well in advance of the discovery cut-off date.

The Court reminds counsel of their obligation to meet and confer prior to filing the letter briefs. *See* L.R. 7-3.

**3.    *Markman* Claim Construction Hearing**

Parties must notice a *Markman* hearing in accordance with the timeframe specified in the Patent Local Rules. *See* Patent L.R. 4-6. To allow for sufficient discovery after the *Markman* hearing, the Court contemplates holding the *Markman* hearing sooner than the maximum allotted time of 199 days after the initial case scheduling conference under the Patent Local Rules. The Court will not entertain requests to continue the discovery cut-off date absent *good* cause. Thus, if parties desire more time for discovery after—rather than before—the *Markman* hearing, parties should take less than the maximum allotted time under Patent L.R. 3-1–3-5, 3-7, and 4-1–4-5.

The *Markman* hearing is scheduled for a maximum of four (4) hours. Each side shall have a maximum of two (2) hours to present evidence and argument in support

of its position. Subject to the Court's approval, parties will jointly agree to the format of the *Markman* hearing.

The claim construction briefs have the following page limits—twenty-five (25) for opening and response, twelve (12) for reply. Copies of all exhibits shall be pre-marked, bound, and tabbed. In addition to memoranda, parties shall also submit the following: 1) Final Joint Claim Chart, which includes citations to intrinsic evidence—to be filed on the same day as the opening brief; 2) Joint Appendix of Intrinsic Evidence, which contains all intrinsic evidence relied upon in the claim construction briefing—to be filed on the same day as the reply brief.

If a party intends to present expert testimony at the *Markman* hearing, whether as a witness or by way of affidavit, a statement of the expert's qualifications shall be submitted as an additional attachment to any memorandum submitted.

Each party shall prepare three bound volumes of exhibits, one for the Court, one for opposing counsel, and one to be kept on the witness stand. The copies for the Court and opposing counsel shall be delivered seven days prior to the *Markman* hearing.

Parties are further reminded of the ten (10) term limit for construction. Patent L.R. 4-3(c). Failure to make a good faith effort to narrow the instances of disputed terms may expose counsel to sanctions. Patent L.R. 4-7.

**4. Tutorial**

The Court may request a tutorial on the subject matter of the patents-in-suit, to be conducted approximately six (6) weeks prior to the *Markman* hearing. The parties, in consultation with the Court, will jointly agree to the format of the tutorial. The length of the tutorial will be determined on a case by case basis. The tutorial shall be conducted *solely* as an objective presentation of the technology at issue. Visual aids and demonstrative exhibits are strongly encouraged.

///

///

3

**5.     Discovery**

The Court expects the parties to resolve discovery issues among themselves in a courteous, reasonable, and professional manner. Unless otherwise directed, this Court will rule on all discovery motions.

The Court's Scheduling Order states the discovery cut-off date for *all* discovery, both fact and expert. Expert discovery shall be initiated so that it will be completed on or before the discovery cut-off date. If necessary, parties shall, in good faith, stipulate to a fact discovery cut-off date.

Because patent cases tend to involve significant discovery concerning confidential documents, parties are encouraged to file a stipulated protective order as soon as possible. If one was not filed earlier, the Court requires parties to lodge a stipulated protective order along with the parties' joint scheduling conference report under Fed. R. Civ. P. 26(f), unless the parties deem such a protective order unnecessary in this case.

**6.     Patent File Histories**

Concurrently with the parties' filing of the Joint Claim Construction and Prehearing Statement under Patent L.R. 4-3, patentees are required to file with the Court a certified copy of the patent file history for each asserted patent.

The patent file history shall be printed double-sided and compiled in a 3-ring binder. Prior art references[1] should not be included in the paper copy. In addition to the paper copy of the patent file history, the patentee shall submit an electronic copy on a CD-ROM or DVD. Each patent file history shall be a single electronic file in PDF format. All prior art references shall also be included on the CD-ROM or DVD, with each prior art reference appearing as a separate, identifiable PDF file.

///

///

---

[1] The documents listed under the "References Cited" section of the patent.

**7.     Jury Instructions and Special Jury Verdict Form**

Although not mandatory, the Court favors the adoption of the Model Patent Jury Instructions for the Northern District of California, Rev. 11/03/2011.  Further, prior to the pre-trial conference, the Court requires Parties to file, among other documents, a proposed special jury verdict form substantially based on the Sample Verdict Form, Appendix C.3 of the Model Patent Jury Instructions for the Northern District of California, Rev. 11/03/2011.  A copy of Model Patent Jury Instructions may be found at http://www.cand.uscourts.gov/juryinstructions.

**IT IS SO ORDERED.**

DATED: October 17, 2012

_____
Otis D. Wright II
United States District Judge