John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorney for Plaintiff,
**DIGITECH IMAGE TECHNOLOGIES, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>      Plaintiff,<br>   v.<br><br>NEWEGG, INC. and NEWEGG.COM, INC.<br><br>      Defendants. | Case No. SACV 12-01688 ODW(MRWx)<br><br>**PLAINTIFF'S ANSWER TO NEWEGG'S COUNTERCLAIMS** |

Plaintiff DigiTech Image Technologies, LLC ("DigiTech") answers the counterclaims of Defendants Newegg Inc. and Newegg.com Inc. (collectively "Newegg") (Dkt. No. 16) by corresponding paragraph number as follows:

1-4.   Admitted.

5.   Denied that DigiTech is a direct subsidiary of Acacia Research Corporation ("Acacia"). Admitted that DigiTech is an indirect subsidiary of Acacia's.

6. Admitted as to subject matter jurisdiction over counterclaims between DigiTech and Newegg only. Denied as to subject matter jurisdiction over counterclaims between Acacia and Newegg. Denied as to merits of counterclaims.

7. Admitted as to language of Acacia press releases. Otherwise denied.

8. Admitted as to personal jurisdiction. Denied that Acacia has an ownership interest in the patent-in-suit or that it has "submitted" to this Court's jurisdiction. Denied as to merits of counterclaims.

9-10. Admitted.

11. Admitted as to subject matter jurisdiction over counterclaims between DigiTech and Newegg only. Denied as to subject matter jurisdiction over counterclaims between Acacia and Newegg. Denied as to merits of counterclaims.

12. Admitted as to venue over counterclaims, subject to the denial of subject matter jurisdiction relative to Acacia. Denied that Acacia has an ownership interest in the patent-in-suit or that it has "agreed" to venue. Denied as to merits of counterclaims.

13. Paragraph 13 purports to incorporate paragraphs 1-12 above. This is improper, and not fairly subject to being admitted or denied. Subject to the foregoing, DigiTech incorporates its answers to paragraphs 1-12 above.

14. Admitted that DigiTech owns the patent-in-suit. Denied that Acacia purports to own the patent-in-suit. Admitted that DigiTech contends, including via its

Complaint, that certain acts by NewEgg infringe the patent-in-suit. Denied that Acacia purports to own the patent-in-suit and denied that Acacia has asserted that NewEgg has infringed the patent-in-suit.

16. Denied that Acacia has ever asserted the patent-in-suit against NewEgg. Also denied as to the remaining allegations in this paragraph.

17. Admitted there is a legal case or controversy for purposes of subject matter jurisdiction between DigiTech and Newegg. Denied as to all allegations in this paragraph relative to Acacia.

18. Denied.

19. Admitted this is an exceptional only inasmuch as DigiTech is entitled to an exceptional case finding against NewEgg and to recover its attorney's fees from NewEgg. Otherwise, denied.

20. Paragraph 20 purports to incorporate paragraphs 1-19 above. This is improper, and not fairly subject to being admitted or denied. Subject to the foregoing, DigiTech incorporates its answers to paragraphs 1-19 above.

21-23. Denied.

24. To the extent necessary, DigiTech denies that NewEgg is entitled to any of the relief requested in its Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, DigiTech respectfully requests that this Court enter judgment denying and dismissing NewEgg's counterclaims, and that the Court enter judgment in favor of DigiTech as requested in DigiTech's complaint, as amended or supplemented.

Dated:   November 15, 2012

Respectfully submitted,

COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC

 /s/ *John J. Edmonds*_____
John J. Edmonds

Attorney for Plaintiff
DIGITECH IMAGE TECHNOLOGIES, LLC

## **PROOF OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on November 15, 2012 with a copy of this document via the Court's C/ECF system per the Local Rules. Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or first class mail on this date.

By: /s/ *John J. Edmonds*
John J. Edmonds

Attorney for Plaintiff
DIGITECH IMAGE TECHNOLOGIES, LLC