Annette Kazmerski
annette.a.kazmerski@newegg.com
SBN 211364
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone (626) 271-9700
Facsimile (626) 271-9480

Kent. E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Cecilia R. Dickson
cdickson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1200
Pittsburgh, PA 15222
Telephone (412) 471-8815
Facsimile (412) 471-4094

Attorneys for Defendants
Newegg Inc. and Newegg.com Inc.
and Counter-Plaintiff Newegg Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NEWEGG INC. and NEWEGG.COM INC.,<br><br>    Defendants.<br><br>NEWEGG INC.,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>DIGITECH IMAGE TECHNOLOGIES, LLC and ACACIA RESEARCH CORPORATION,<br><br>    Counter-Defendants, | Case No. SA CV 12-01688 ODW (MRWx)<br><br>**DEFENDANT AND COUNTER-PLAINTIFF NEWEGG INC.'S AND DEFENDANT NEWEGG.COM INC.'S REPLY TO DIGITECH'S OPPOSITION TO ITS MOTION TO STAY THIS PROCEEDING IN ITS ENTIRETY**<br><br>Honorable Otis D. Wright, II<br><br>HEARING DATE: continued by Court Order to April 1, 2013<br>HEARING TIME: 1:30 p.m.<br><br>Location:  Courtroom 11, Spring Street |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................ 1

II. DIGITECH'S SPECULATIVE FACTUAL SCENARIOS DO NOT SUPPORT DENIAL OF A STAY ................................................................ 1

III. DIGITECH'S BARE BONES INDIRECT INFRINGEMENT ALLEGATIONS AGAINST NEWEGG DO NOT SUPPORT DENIAL OF A STAY ................................................................................... 2

IV. THE RETAILERS DO NOT SEEK A STAY BASED ON THE CUSTOMER SUIT EXCEPTION ................................................................ 3

V. STAYS ARE GRANTED WHEN RETAILERS ARE NOT SUED TO MANIPULATE VENUE AND WHEN, AS HERE, THEY WERE SUED TO MAINIPULATE VENUE ............................................................ 4

VII. COURTS DO NOT REQUIRE RETAILERS TO STIPULATE TO ALL FUTURE COURT RULINGS TO OBTAIN A STAY ........................ 5

VIII. DIGITECH'S REMAINING AUTHORITY IS EITHER EASILY DISTINGUISHABLE OR SUPPORTS GRANTING A STAY ................... 5

X. CONCLUSION ......................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alloc, Inc. v. Unilin Décor N.V.*,
 2005 WL 3448060 (E.D. Wis., Dec. 15, 2005). ........................................................... 5

*American Academy of Science v. Novell, Inc.*,
 1992 WL 313101 (N.D. Cal., July 9, 1992) ................................................................. 9

*Brown Mfg. Corp. v. Alpha Lawn & Garden Equip. Inc.*,
 219 F. Supp. 2d 705 (E.D. Va. 2002) .......................................................................... 4

*Commissariat A L'Energie Atomique v. Dell Computer Corp. et al.*,
 2004 WL 1554382 (D. Del., May 13, 2004) .................................................... 3, 4, 7, 8

*Corry v. CFM Majestic Inc.*,
 16 F. Supp. 2d 660 (E.D. Va. 1998) ............................................................................ 4

*Edizone v. Schering-Plough Healthcare*,
 2011 WL 1559944 (D. Utah, Apr. 25, 2011) ............................................................ 8, 9

*Heinz Kettler GMBH & Co. v. Kettler Int'l., Inc.*,
 2008 U.S. Dist. LEXIS 94775 (E.D. Va., Sept. 10, 2008) ........................................ 8, 9

*In re Papst Licensing*,
 2011 WL 350427 (D. D.C. Feb. 1, 2011) ................................................................. 3, 4

*Kessler v. Eldred*,
 206 U.S. 285 (1907) ..................................................................................................... 2

*Lifelink Pharmaceuticals, Inc. v. NDA Consulting, Inc.*,
 2007 WL 2459879 (N.D. Ohio, Aug. 24, 2007) .......................................................... 9

*Micro Enhanced Tech., Inc. v. Videx, Inc.*,
 No. 1:11-cv-05506, slip op. (N.D. Ill., Aug. 16, 2012) ..................................... 3, 4, 6, 7

*Mitsubishi Elec. Corp. v. IMS Tech., Inc.*,
 1996 U.S. Dist. LEXIS 12239 (E.D. Ill., Aug. 21, 1996). ....................................... 5, 6

*MShift, Inc. v. Intuit Fin. Serv.*,
 2010 WL 2486461 (N.D. Cal., June 16, 2010) ....................................................... 9, 10

# TABLE OF AUTHORITIES
(continued)

**Page**

*Naxon Teleign Corp. v. GTE Info. Sys. Inc.*,
  89 F.R.D. 333 (E.D. Ill. 1980) .................................................................................. 9

*Oplus Tech. Ltd. v. Sears Holdings Corp.*,
  2012 U.S. Dist. LEXIS 83597 (N.D. Ill., June 15, 2012) .......................................... 4

*Privasys Inc. v. Visa Int'l, Inc.*,
  2007 WL 3461761 (N.D. Cal., Nov. 14, 2007) ..................................................... 8, 9

*Rates Tech. v. New York Tel. Co.*,
  1995 U.S. Dist. LEXIS 10254 (S.D.N.Y., July 25, 1995). ....................................... 6

*Refac Int'l Ltd. v. IBM*,
  790 F.2d 79 (Fed. Cir. 1986) .......................................................................... 5, 6, 7

*Rivers v. Walt Disney Co.*,
  980 F. Supp. 1358 (C.D. Cal. 1997). ........................................................................ 7

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
  2010 U.S. Dist. LEXIS 90549 (N.D. Ill., Sept. 1, 2010) .......................................... 4

*Tegic Communications Corp. v. Bd. of Regents of Univ. of Texas Sys.*,
  458 F.3d 1335, 1343 (Fed. Cir. 2006) ..................................................................... 7

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
  676 F. Supp. 2d 321, 329 (D. Del. 2009) ................................................................. 8

*Transocean Offshore Deepwater Drilling, Inc. v.
    Maersk Contractors USA, Inc.*,
   617 F.3d 1296, 1309 (Fed. Cir. 2010) .................................................................... 8

*Walsh Securities, Inc. v. Cristo Property Management, Ltd.*,
  7 F. Supp. 2d 523, 526 (D.N.J. 1998) ...................................................................... 8

## I. INTRODUCTION

Digitech's Opposition fails to confront the fundamental truth at the heart of Newegg's motion to stay: that it would be pointless to force Newegg, a mere camera retailer, who indisputably knows nothing of the inner workings of the cameras, to litigate Digitech's patent infringement claims while, in separate cases, Digitech simultaneously litigates the very same claims against the manufacturers of those cameras who know everything about the workings of those cameras. Plainly, the merits of Digitech's claims can only properly be addressed by the manufacturers; the merits should not be addressed by retailers like Newegg who merely resell the cameras.

Indeed, patent plaintiffs regularly sue camera manufacturers while rarely suing the retailers for infringement of those same cameras. This lawsuit, like those lawsuits, can be resolved without involving Newegg or any other retailer.

Digitech's Opposition is premised on speculative factual scenarios that were not raised or considered by any of the numerous court decisions cited by either party. They were not raised or considered because the analysis of whether to stay retailers does not hinge on Digitech's speculative scenarios. Indeed, if they did, then no court would ever stay a retailer and courts routinely stay retailers.

Digitech's Opposition sidesteps many of the key cases cited by Newegg, mischaracterizes Newegg's arguments to set up straw men, relies on inapposite cases, and fails to mention that many of the legal principles it cites were authored by Courts granting stays.

## II. DIGITECH'S SPECULATIVE FACTUAL SCENARIOS DO NOT SUPPORT DENIAL OF A STAY

Digitech's Opposition speculates that the foreign camera manufacturers are beyond the reach of U.S. patent laws or that one or more of the manufacturers may prove unable to satisfy a judgment. Neither of these speculative factual scenarios, even if they occur, supports denying a stay because the retailers are seeking a

stay—not dismissal. The retailers merely wish to remain on the sidelines unless and until they are shown to be more than peripheral players.

Nor is there any substance to Digitech's purported concerns about duplicative litigation in the event of a stay. To the extent any manufacturer prevails on the claims asserted against them, Digitech will be precluded from pursuing the same claims against the retailers.[1] If Digitech prevails on the merits against one or more manufacturers, then any judgment against the manufacturers, or settlement between a manufacturer and Digitech, will cover the sales of those cameras by the retailers.

The height of inefficiency is Digitech's contention that a stay should be denied so that Digitech can pursue the same claims against 15 camera manufacturers and 8 camera retailers simultaneously in 23 separate cases[2] on the theory that the claims against any particular camera can be tried repeatedly and in no particular order against the manufacturer and against each of the retailers selling that manufacturer's cameras.

### III. DIGITECH'S BARE BONES INDIRECT INFRINGEMENT ALLEGATION AGAINST NEWEGG DO NOT SUPPORT DENIAL OF A STAY

Digitech's argument that Newegg is not a peripheral defendant to the camera manufacturer litigations because Newegg sells and offers for sale the accused cameras and has independent liability under 35 U.S.C. § 271(b) has no merit. (Digitech Opposition, p. 7) Indeed, based on Digitech's understanding, no retailer would ever be a peripheral defendant because retailers sell and offer to sell.

Contrary to Digitech's assertion, Newegg is a peripheral defendant because it lacks relevant and material information. Digitech fails to rebut any of the factual or legal principles outlined in the moving papers that demonstrate that Newegg is a

---

[1] Digitech's attempt to avoid the application of the Kessler Doctrine by arguing it is a right held by the manufacturer and not the retailer is unpersuasive. The manufacturers would certainly protect the retailers after a successful outcome. *Kessler v. Eldred*, 206 U.S. 285 (1907).

[2] Digitech also sued 8 additional manufacturers so there are now 31 lawsuits.

- 2 -   NEWEGG'S REPLY TO DIGITECH'S OPPOSITION

peripheral defendant.[3] Further, the Court in *Micro Enhanced Tech.*, after fully analyzing the same manufacturer-retailer issues present here, stayed the retailers even though they, similar to Newegg here, were accused of indirect infringement.[4]

## IV. THE RETAILERS DO NOT SEEK A STAY BASED ON THE CUSTOMER SUIT EXCEPTION

Contrary to Digitech's assertion, Newegg is not seeking relief under the customer suit exception. Newegg's motion simply relies on the well-established principle that infringement determinations should be made in lawsuits involving the patentee and the manufacturer, rather than in lawsuits involving peripheral parties such as customers of the manufacturer.[5] This principle is so strong that it can override the deeply-rooted first-to-file rule under the customer suit exception. Newegg is relying on the same strong principles that underlie the customer suit exception to seek a stay which is a substantially more modest relief than overcoming the first-to-file rule under the customer suit exception.

---

[3] Newegg's Opening Brief (Dkt. No. 24) at 2.

[4] *See* fn. 12. Digitech's bare bones inducement allegation also fails to allege any of the required elements, such as the alleged infringer must: 1) have intentionally taken action that actually induced direct infringement by another; 2) have been aware of the asserted patent; and 3) have known that the acts it was causing would be infringing. *Model Patent Jury Instructions for the Northern District of California* (Nov. 3, 2011) at 23. Further, inducement requires direct infringement. To prove direct infringement, Digitech must obtain information relating to the inner workings of the accused cameras from the manufacturers, not Newegg.

[5] *See e.g.*, *In re Papst Licensing*, 2011 WL 350427, at *8 (D.D.C. Feb. 2, 2011) (staying litigation against a retailer until after the completion of the manufacturer lawsuits reasoning that infringement determinations should be made in lawsuits involving the true defendant, the party that controls the product's design, rather than lawsuits involving secondary parties such as customers of the manufacturer.); *See also*, *Commissariat A L'Energie Atomique v. Dell Computer Corp. et al.*, 2004 WL 1554382, at *2-3 (D. Del., May 13, 2004) (staying the cases against OEM/distributors and retailers pending resolution of the cases against the manufacturers because "it is common practice to stay all pending [patent] litigation except the [ ] suit between the patent owner and a manufacturer…").

## V. STAYS ARE GRANTED WHEN RETAILERS ARE NOT SUED TO MANIPULATE VENUE AND WHEN, AS HERE, THEY WERE SUED TO MAINIPULATE VENUE

Courts routinely stay claims against retailers when they were not sued to manipulate venue[6] as well as when they were sued to manipulate venue.

Digitech filed its original litigation,[7] against all of the camera manufacturers and the retailers in a single case to manipulate venue. The manufacturers have no direct relationship that could allow them to be sued in the same lawsuit. In an attempt to overcome the express provisions of the AIA, Digitech sued all of the retailers in its original lawsuit against all of the camera manufacturers. When challenged with a motion to dismiss, Digitech supported its single lawsuit maneuver by arguing the manufacturers' relationship through the retailers.[8]

> "… each Retailer and each Manufacturer is properly joined in this case at least because each Manufacturer sells an infringing [product] to at least one Retailer and each Retailer sells the infringing products of at least one Manufacturer."

Without the retailers, Digitech had no justification for suing the manufacturers in a single lawsuit which leads to the unmistakable conclusion that Digitech added the retailers to the original lawsuit to manipulate venue against the manufacturers. As Digitech acknowledged, courts also routinely stay claims against retailers when they were, as here, sued to manipulate venue.[9]

---

[6] *See e.g.*, *In re Papst*, 2011 WL 350427; *Commissariat*, 2004 WL 1554382; *Micro Enhanced Tech., Inc. v. Videx, Inc.*, No. 1:11-cv-05506, slip op. at 2 (N.D. Ill. Aug. 16, 2012). Cited in Newegg's Opening Brief (Dkt. No. 24).

[7] *Digitech Image Tech., Inc. v. Agfaphoto Holding GMBH et al.*, 8:12-cv-01153 (C.D. Cal., Jul. 16, 2012).

[8] *Id.* Dkt. 174, page 12.

[9] *See e.g.*, *Oplus Tech. Ltd. v. Sears Holdings Corp.*, 2012 U.S. Dist. LEXIS 83597 at *3-4 (N.D. Ill. June 15, 2012); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 2010 U.S. Dist. LEXIS 90549 (N.D. Ill. Sept. 1, 2010); *Corry v. CFM Majestic Inc.*, 16 F. Supp. 2d 660 (E.D. Va. 1998); *Brown Mfg. Corp. v.*

## VII. COURTS DO NOT REQUIRE RETAILERS TO STIPULATE TO ALL FUTURE COURT RULINGS TO OBTAIN A STAY

Digitech's Opposition mischaracterizes and overstates *Refac*[10] in support of its argument that retailers should not be stayed because they have not agreed to be bound by future decisions of the Court. The *Refac* retailers were only bound by any injunction, not any court decision.[11] Because Digitech is a non-practicing entity, no injunction is possible and Digitech's Complaint does not seek an injunction. Thus, the agreement to be bound by any injunction as in *Refac* does not apply here.

While a retailer's agreement to be bound by the district court's decisions can provide added reason for staying the claims against the retailer, it is an infrequent condition imposed by few courts.

## VIII. DIGITECH'S REMAINING AUTHORITY IS EITHER EASILY DISTINGUISHABLE OR SUPPORTS GRANTING A STAY

Review of Digitech's cited authority only further supports Newegg:

- ***Alloc, Inc. v. Unilin Décor N.V.,*** 2005 WL 3448060 (E.D. Wis. Dec. 15, 2005).

  *Alloc* supports a stay. *Alloc* reaffirmed the Federal Circuit's holding in *Refac* that "[t]he order staying the prosecution of claims against thirty-one defendants is a matter of case management within the discretion of the district court." *Id*. *Alloc* declined to grant a stay because its three defendants, unlike *Refac*'s 31, did not pose case management issues. *Id*. The 31 defendants here are comparable to the 31 defendants in *Refac*, not the three defendants in *Alloc*.

- ***Mitsubishi Elec. Corp. v. IMS Tech., Inc.*,** 1996 U.S. Dist. LEXIS 12239 (E.D. Ill. Aug. 21, 1996).

---

*Alpha Lawn & Garden Equip. Inc.*, 219 F. Supp. 2d 705, 706-07 (E.D. Va. 2002). Cited in Newegg's Opening Brief (Dkt. No. 24).

[10] *Refac Int'l Ltd. v. IBM*, 790 F.2d 79 (Fed. Cir. 1986)

[11] *Id.* at 81 ("all separated defendants [the retailers] have agreed to be *bound* by any injunction in this case.") (emphasis in original).

*Mitsubishi* is inapposite because it involved retailers aligned in the same coordinated proceeding as their single manufacturing supplier. In the instant case, Newegg sells cameras from numerous manufacturers which also supply many *other* retailers. Further, the alleged customers in *Mitsubishi* were solely accused of directly infringing some of the patent claims while the manufacturers were solely accused of directly infringing other patent claims. Here, all indications suggest that the manufacturers and retailers are accused of infringing the same claims.

- **Rates Tech. v. New York Tel. Co.,** 1995 U.S. Dist. LEXIS 10254 (S.D.N.Y. July 25, 1995).

*Rates Tech.* involved three counts related to breach of a patent license (contract claims) and one count of patent infringement. The Court denied the stay noting the unique facts that distinguished it from the more typical manufacturer retailer scenario. First, the Court noted that while it made sense to stay the customers in *Refac* because it would simplify a case with many defendants, *Rates Tech.* only had three defendants. Second, the defendant requesting the stay was not a mere customer because it was a patent licensee that was accused of inducing the manufacturer to infringe the patent. Third, the litigation was centered on breach of contract claims which should be litigated with the infringement claims since a licensee cannot infringe. None of these facts are present here.

- **Micro Enhanced Tech., Inc. v. Videx, Inc.,** No. 1:11-cv-05506, slip op. (N.D. Ill. Aug. 16, 2012).

Digitech's attempt to side step *Micro* by asserting that the *Micro* defendants were not accused of indirect infringement is factually wrong.[12] The *Micro* Court stayed the customers holding that the manufacturer "has a greater interest in

---

[12] *See* First Amended Complaint For Patent Infringement, No. 1:11-cv-05506, Dkt. No. 20, filed October 20, 2011, at paragraph 99, "Defendants have infringed and continue to infringe the '082 patent, either directly, by contributory infringement and/or by inducement of others to infringe."

defending against charges of patent infringement, and severance and stay [customers] will promote judicial economy by reducing discovery disputes, costs, and motions…" *Id.* at 2.

- ***Commissariat A L'Energie Atomique***, 2004 WL 1554382 (D. Del. May 13, 2004).

Digitech's attempt to side step *Commissariat* because not all of the *Commissariat* cases were filed at the same time is unpersuasive. *Commissariat* did not consider the filing dates of the cases when analyzing whether a stay should be granted. *Commissariat* followed the general principles outlined in the moving papers and granted the stay.

- ***Rivers v. Walt Disney Co.***, 980 F. Supp. 1358 (C.D. Cal. 1997).

Digitech cited *Rivers* for the unremarkable and indisputable proposition that "district courts have inherent power to stay their proceedings, which is incidental to the power to promote the efficient disposition of cases on their docket." Digitech failed to acknowledge that the *Rivers* Court granted the stay because "it would serve the interests of judicial economy and because there is no evidence that it would prejudice [the opposing party]." *Id*. at 1362

- ***Tegic Communications Corp. v. Bd. of Regents of Univ. of Texas Sys.***, 458 F.3d 1335, 1343 (Fed. Cir. 2006)

Digitech cites *Tegic* for the bare proposition that the customer suit exception is an exception to the general rule that favors the forum of the first-filed action. While the retailers agree with this proposition, *Tegic* case does not support denying a retailer stay. First, the retailers are not arguing for the customer suit exception. Second, *Tegic* merely upheld the dismissal of the University of Texas based on the Eleventh Amendment. *Tegic* also held that the University's declaratory judgment action was not a waiver of that immunity under the customer suit exception. *Tegic* did not address whether the customer suit exception applied to any facts similar to this case.

- ***Teleconference Sys. v. Proctor & Gamble Pharm., Inc.,*** 676 F. Supp. 2d 321, 329 (D. Del. 2009)

*Teleconference* involved staying a Delaware patent infringement case in favor of a California declaratory judgment case under the customer suit exception. The Delaware Court held that the customer suit exception did not apply because the manufacturer was in the Delaware and California lawsuits. "The customer suit exception is applicable when the first suit is brought against the customer in a district where the manufacturer cannot be joined as a defendant." *Id.* at 327. Since the manufacturer was in the Delaware lawsuit the manufacturer could be sued in Delaware. The principles of *Teleconference* do not apply to the instant case.

- ***Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.***, 617 F.3d 1296, 1309 (Fed. Cir. 2010)

*Transocean* considered whether a US company could make an offer to sell outside the US to another US company to avoid infringement under the "offer to sell" prong of 35 U.S.C. §271(a). Offer to sell is not at issue here. Here there was an actual sale of the accused cameras to the retailers and Digitech is free to pursue its infringement allegations against the camera manufacturers for those sales. There is no principle in *Transocean* that supports denial of the retailer's motion to stay.

- ***Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.***, 7 F. Supp. 2d 523, 526 (D.N.J. 1998)

Digitech cites *Walsh* for the proposition that staying a civil proceeding is an "extraordinary remedy." *Walsh* considered whether in a securities case the civil litigation should be stayed pending the resolution of a related criminal investigation. The *Walsh* Court granted the motion to stay. The principles applied by the *Walsh* Court support staying the case against the retailers.

- ***Heinz Kettler GMBH & Co. v. Kettler Int'l., Inc.***, 2008 U.S. Dist. LEXIS 94775 (E.D. Va. Sept. 10, 2008), ***Privasys Inc. v. Visa Int'l, Inc.***, 2007 WL 3461761 (N.D. Cal. Nov. 14, 2007), ***Edizone v. Schering-Plough Healthcare***,

2011 WL 1559944 (D. Utah Apr. 25, 2011) and ***Lifelink Pharm., Inc. v. NDA Consulting, Inc.***, 2007 WL 2459879 (N.D. Ohio Aug. 24, 2007)

*Heinz* involved a single lawsuit against a single manufacturer and a single retailer. *Privasys* involved a single lawsuit against a single manufacture and two retailers. *Edizone* involved a single lawsuit against a single manufacturer and four retailers. A stay in a case with one, two or four defendants does not serve the interest of judicial economy as strongly as a stay in the instant litigations which have 31 defendants. *Heinz*, *Privasys, Lifelink* and *Edizone* also held that the customer suit exception did not apply when all defendants were sued in the same litigation. Here, the manufacturers and retailers are in separate suits.

- ***Naxon Teleign Corp. v. GTE Info. Sys. Inc.***, 89 F.R.D. 333 (E.D. Ill. 1980)

The plaintiff filed a motion seeking to add a single customer of the manufacturing defendant to lawsuit. A stay in a single defendant case does not serve the interest of judicial economy as strongly as a stay in the instant litigations which have 31 defendants.

- ***American Academy of Science v. Novell, Inc.***, 1992 WL 313101 (N.D. Cal. July 9, 1992)

American Academy of Science ("AAS") involved a single lawsuit filed against one manufacturer and one customer. The manufacturer moved the Court to sever and transfer its case to another jurisdiction and sever and stay the case against the customer. The Court denied the motion in part because the customer was accused of direct infringement for many activities unrelated to the manufacturer. "For example, AAS claims that about half of [the customer's] $50 million infringing computer network systems have nothing to do with [the manufacturer]." *Id*. at *3, n. 3.

- ***MShift, Inc. v. Intuit Fin. Serv.***, 2010 WL 2486461 (N.D. Cal. June 16, 2010)

Although the *MShift* Court allowed the plaintiff to add customer defendants to the lawsuit, it did so only after imposing strict restrictions on any discovery propounded on the new customer defendants.

### X. CONCLUSION

The '415 patent issued on Oct. 3, 2000. Digitech filed this lawsuit 12 years later. Digitech will not be prejudiced by staying Newegg or a delay of even a year when the '415 patent has gone unasserted for more than a decade.

Dated: December 31, 2012

/s/ Cecilia R. Dickson

Annette Kazmerski
annette.a.kazmerski@newegg.com
SBN 211364
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone (626) 271-9700
Facsimile (626) 271-9480

Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Cecilia R. Dickson
cdisckson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1200
Pittsburgh, PA 15222

Attorneys for Defendants
Newegg Inc. and Newegg.com Inc.
and Counter-Plaintiff Newegg Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of DEFENDANT AND COUNTER-PLAINTIFF NEWEGG INC.'S AND DEFENDANT NEWEGG.COM INC.'S REPLY TO DIGITECH'S MOTION TO STAY THIS PROCEEDING IN ITS ENTIRETY has been served via the Court's CM/ECF system to all counsel of record on this 31st day of December, 2012.

A true and correct copy of DEFENDANT AND COUNTER-PLAINTIFF NEWEGG INC.'S AND DEFENDANT NEWEGG.COM INC.'S REPLY TO DIGITECH'S MOTION TO STAY THIS PROCEEDING IN ITS ENTIRETY has been served on the following via first-class mail on this 31st day of December, 2012:

> Acacia Research Corporation
> 500 Newport Center Drive
> 7th Floor
> Newport Beach, CA 92660
>
> Karla J. Kraft, Esq.
> Hodel Briggs Winter LLP
> 8105 Irvine Center Drive
> Suite 1400
> Irvine, CA 92618

/s/ Cecilia R. Dickson
Attorney for Defendants Newegg Inc. and Newegg.com Inc. and Counter-Plaintiff Newegg Inc.