# EXHIBIT A

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONY ELECTRONICS INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ ) |
| DIGITECH IMAGE TECHNOLOGIES, LLC, and ACACIA RESEARCH CORPORATION, | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Sony Electronics Inc. ("Sony"), through its undersigned attorneys, alleges the following for its Complaint against Defendants Digitech Image Technologies, LLC ("Digitech") and Acacia Research Corporation ("Acacia Research"):

## NATURE OF ACTION

1.  This is an action for declaratory judgment seeking relief of non-infringement and invalidity under the patent laws of the United States, Title 35, United States Code, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57.

## THE PARTIES

2.  Sony is a Delaware corporation with a principal place of business at 16530 Via Esprillo, San Diego, California 92127.

3.  Upon information and belief, Digitech is a California limited liability company with a principal place of business at 500 Newport Center Drive, Suite 700, Newport Beach, California 92660.

4. Upon information and belief, Acacia Research is a Delaware corporation with a principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

## JURISDICTION AND VENUE

5. This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. §§ 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). This matter presents an actual case or controversy and serves the purpose of resolving the legal rights of the parties.

6. This Court has personal jurisdiction over Digitech because, on information and belief, and for the reasons set forth below in paragraphs 8-12, Digitech has transacted business in Delaware directly connected with a stated ownership interest in United States Patent No. 6,128,415 (the "'415 patent"). Among other acts, and on information and belief, Digitech authorized the use of its stated ownership interest in the '415 patent as a means of attracting investors to, and investments in, a Delaware corporation, Acacia Research. On information and belief, the statements announcing Digitech's ownership interest in the '415 patent were purposefully directed to shareholders in the Delaware corporation, Acacia Research, and to the public-at-large in order to attract further investors to the Delaware corporation, Acacia Research.

7. This Court has personal jurisdiction over Acacia Research because, on information and belief, Acacia Research is a Delaware corporation and, by and through its subsidiaries, has brought suit in this Court, availing itself of the benefits of this forum. *See, e.g.,* Civil A. No. 1:10-cv-01061-SLR-MPT; Civil A. No. 1:12-cv-00453-SLR; Civil A. No. 1:10-cv-00487-RGA-CJB; *see also* Acacia Research Form 8-K Press Release (July 19, 2012) at Ex. 99.1, pp. 10-11, a true and correct copy of which is attached hereto as Exhibit A. Acacia Research

itself has been a party or affiliated with a party in eighteen cases filed in this Court. *See* Results of PACER Search performed on July 23, 2012, attached hereto as Exhibit B.

8. On information and belief, Acacia Research has an ownership interest in the '415 patent, and/or has an ownership interest in Digitech directly or indirectly. Specifically, Acacia Research represented in a July 19, 2012 Press Release, filed with the Securities and Exchange Commission, that, in "May 2012, [Acacia Research and its affiliates] acquired patents, originally issued to Polaroid, covering digital imaging and related technologies." Ex. A at 12. In the same press release, Acacia Research has also represented that all of its "intellectual property acquisitions, developments, licensing, and enforcement activities are conducted solely by certain of Acacia Research Corporation's wholly and majority-owned operating subsidiaries." *Id.* at n.1; *see also* Acacia Research July 19, 2012 Earnings Call Transcript, *available at* http://seekingalpha.com/article/734821-acacia-research-s-ceo-discusses-q2-2012-results-earnings-call-transcript, a true and correct copy of which was printed on July 21, 2012, and is attached hereto as Exhibit C.

9. As recorded in the United States Patent and Trademark Office, the '415 patent was originally owned by Polaroid Corporation and eventually assigned to Digitech on May 7, 2012.

10. On information and belief, Digitech has the same physical address and place of business as Acacia Research. *See* ¶¶ 3 and 4 *supra*; *see also* Complaint at ¶ 1, Civ. A. No. 8:12-cv-01153-MLG (C.D. Cal. July 16, 2012), attached hereto as Exhibit D.

11. Therefore, upon information and belief, Digitech is a wholly owned subsidiary of Acacia Research, or is otherwise affiliated with Acacia Research.

12. Therefore, upon information and belief, and for at least the reasons set forth above in paragraphs 8-11, Acacia Research and/or Digitech have an ownership interest in the '415 patent. Moreover, among other acts, and on information and belief, Digitech authorized the use of its stated ownership interest in the '415 patent as a means of attracting investors to, and investments in, a Delaware corporation (Acacia Research) in the July 19, 2012 Press Release (*see* Ex. A, and paragraph 8 above), and during an earnings call in statements by Acacia Research CEO and President Paul Ryan. Specifically, Mr. Ryan stated: "During the second quarter, Acacia acquired control of a record 27 new patent portfolios. These new portfolios included patents originally issued to Polaroid . . . ." *See* Ex. C. On information and belief, the statements announcing Digitech's ownership interest in the '415 patent were purposefully directed to shareholders in the Delaware corporation, Acacia Research, and to the public-at-large in order to attract further investments in, and investors to, Acacia Research.

13. The July 19, 2012 Press Release (Ex. A) and the statements by Acacia Research CEO and President Paul Ryan referenced above in paragraph 12 were made after the July 16, 2012 date when Digitech filed its complaint discussed in paragraphs 16 *et seq.* below and in which Digitech represented itself as a "present assignee of the entire right, title and interest in and to the '415 patent, including all rights to sue for past and present infringement." *See* Ex. D at ¶ 38.

14. In a contemporaneous "Certification and Notice of Interested Parties" filed with the complaint discussed in paragraphs 16 *et seq.*, Digitech failed to identify Acacia Research as an interested party. A true and correct copy of the Certification and Notice of Interested Parties filed on July 16, 2012 in Civ. A. No. 8:12-cv-01153-MLG is attached hereto as Exhibit E.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

16. On July 16, 2012, Digitech filed a complaint for infringement of the '415 patent (the "July 16 Complaint") in the United States District Court for the Central District of California naming, among other defendants, Sony, which case has been assigned Civil A. No. 8:12-cv-01153-MLG (Ex. D). In the July 16 Complaint, Digitech alleged that Sony's alpha series and Cyber-shot series products infringe the claims of the '415 patent.

17. Upon information and belief, Digitech and/or Acacia Research have a direct or indirect ownership interest in the '415 patent. A true and correct copy of the '415 patent is attached hereto as Exhibit F. A true and correct copy of an assignment record for the '415 patent available from the United States Patent and Trademark Office is attached hereto as Exhibit G, and reflects an assignment of the patent to Digitech dated May 7, 2012.

18. The July 16 Complaint alleges, at paragraph 124, that Sony "has been and now is infringing the '415 patent by actions comprising making, using, importing, selling and/or offering to sell products comprising a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color information content of the image to a device independent color space; and second data for describing a device dependent transformation of spatial information content of the image in said device independent color space." Ex. D at ¶ 124.

19. The July 16 Complaint alleges, at paragraph 125, that Sony "has been and now is indirectly infringing by way of intentionally inducing infringement of the '415 patent in this judicial district, and elsewhere in the United States, including by aiding or abetting re-

sellers, including but not limited to B&H, BEST BUY, BUY.COM, CDW, MICRO CENTER, NEWEGG and TARGET, to sell and/or offer for sale infringing products and/or customers and/or users to use infringing products." *Id.* at ¶ 125.

20. The July 16 Complaint alleges, at paragraph 126, that Sony's "infringing products comprise at least the following accused products: alpha NEX-7, alpha NEX-5N, alpha NEX-C3, alpha NEX-F3, alpha a77, alpha a65, alpha a57, alpha a37, Cyber-shot HX200V, Cyber-shot HX30V, Cyber-shot TX66, Cyber-shot W650, Cyber-shot TX200V, Cyber-shot TX20, Cyber-shot HX10V, Cyber-shot H90, Cyber-shot WX150, Cyber-shot WX70, Cyber-shot W690, Cyber-shot W620, Cyber-shot W610 and Cyber-shot WX50." *Id.* at ¶ 126.

21. The July 16 Complaint identify various forms of relief that Digitech alleges it is entitled from the United States District Court for the Central District of California. *See id.* at 40-41. Among the relief listed against all defendants named in the July 16 Complaint is (1) a judgment in favor of Digitech that the defendants have infringed, directly and/or indirectly, the '415 patent; (2) a judgment that the defendants' alleged infringement is and/or has been willful and objectively reckless; (3) a permanent injunction enjoining the defendants, their officers, directors, employees, agents, affiliates and all others acting in active concert therewith from infringing the '415 patent; (4) a judgment and order requiring the defendants to pay Digitech its damages, costs, expenses, and prejudgment and post-judgment interest for the defendants' alleged infringement of the '415 patent; (5) an award to Digitech for enhanced damages as provided under 35 U.S.C. § 284; and (6) a judgment and order finding that Digitech's alleged cause of action is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Digitech its reasonable attorneys' fees. *Id.*

22. Digitech's July 16 Complaint is a clear and unmistakable threat of litigation against Sony.

23. In addition to the alleged Sony products identified in paragraph 126 of the July 16 Complaint, and on information and belief, Digitech's right to relief asserted in the July 16 Complaint against all defendants jointly, severally, or in the alternative (including Sony), purports to include additional, non-Sony products and entities, none of which Sony is alleged to have any associated liability. See, for example, and without limitation, the alleged infringing products identified in paragraphs 42 (Agfaphoto), 58 (Canon), 62 (Casio), 70 (Fujifilm), 74 (GE), 78 (Hasselblad), 82 (Leica), 86 (Mamiya), 98 (Nikon), 102 (Olympus), 110 (Panasonic), 114 (Pentax), 118 (Vivitar), and 122 (Sigma), and the alleged infringer at paragraph 106 (Overstock) of the July 16 Complaint.

24. The July 16 Complaint alleged that joinder of Sony was proper under 35 U.S.C. § 299 because there exists "overlap in Defendants and infringing products" and "questions of fact common to all Defendants will arise in this action due to the overlap in, and similarity between, infringing products." Ex. D at ¶ 36. Digitech also alleged that its right to relief depended upon "the same transactions and occurrences related to the making, using, offering for sale and/or selling of the overlapping products." *Id.*

25. On information and belief, however, Digitech is barred under 35 U.S.C. § 299 from joining Sony in the cause of action alleged in the July 16 Complaint, at least because Digitech has not alleged any right to relief against Sony that is with respect to, or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of any of the alleged products identified in the paragraphs 42, 58, 62, 70, 74, 78, 82, 86, 98, 102, 110, 114,

118, and 122. *See* 35 U.S.C. § 299(a)(1). In addition, and without limitation, Digitech is barred under 35 U.S.C. § 299 from joining Sony in the cause of action alleged in the July 16 Complaint, at least, because Digitech has not identified any question of fact that could possibly be common between alleged defendant Overstock (*see* Ex. D at ¶ 106) and Sony. *See* 35 U.S.C. § 299(a)(2).

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

26. Sony incorporates the preceding paragraphs as if fully set forth herein.

27. Sony has not directly infringed, and does not currently directly infringe, any valid and enforceable claim of the '415 patent.

28. Sony has not jointly infringed, and does not currently jointly infringe, any valid and enforceable claim of the '415 patent.

29. Sony has not contributorily infringed, and does not currently contributorily infringe, any valid and enforceable claim of the '415 patent.

30. Sony has not induced, and does not currently induce, any infringement of any valid and enforceable claim of the '415 patent.

31. Sony is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Sony does not infringe any valid and enforceable claim of the '415 patent.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

32. Sony incorporates the preceding paragraphs as if fully set forth herein.

33. The claims of the '415 patent are invalid under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112.

34. Sony is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the claims of the '415 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sony demands judgment against Defendants Digitech and Acacia Research and respectfully requests that this Court enter judgment in its favor as follows:

    a)    declare that Sony has not directly infringed, and does not currently directly infringe, any valid and enforceable claim of the '415 patent;

    b)    declare that Sony has not jointly infringed, and does not currently jointly infringe, any claim valid and enforceable of the '415 patent;

    c)    declare that Sony has not contributorily infringed, and does not currently contributorily infringe, any valid and enforceable claim of the '415 patent;

    d)    declare that Sony has not induced, and does not currently induce, any infringement of any valid and enforceable claim of the '415 patent;

    e)    declare that the claims of the '415 patent are invalid;

    f)    declare this to be an exceptional case and award Sony its cost, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

    g)    award Sony any further and additional relief that this Court deems just and proper.

## JURY DEMAND

Sony requests a trial by jury on all issues so triable.

           MORRIS, NICHOLS, ARSHT & TUNNELL LLP

           /s/ Jack B. Blumenfeld
           _____
           Jack B. Blumenfeld (#1014)
           Rodger D. Smith II (#3778)
           1201 North Market Street
           18th Floor
           P.O. Box 1347
           Wilmington, DE 19899-1347
           (302) 658-9200
           jblumenfeld@mnat.com
           rsmith@mnat.com

           *Attorneys for Plaintiff Sony Electronics Inc.*

OF COUNSEL:

Lionel M. Lavenue
James J. Boyle
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
11955 Freedom Drive
Reston, VA 20190-5675
(571) 203-2700

Lauren J. Dreyer
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Street, N.W.
Washington, D.C. 20001
(202) 408-4000

July 24, 2012