**EXHIBIT B**

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONY ELECTRONICS INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-980-RGA |
| DIGITECH IMAGE TECHNOLOGIES LLC, et al., | : |
| Defendants. | : |

AMENDED ORDER

Plaintiff Sony filed a declaratory judgment action against Defendants Digitech and its parent Acacia on July 24, 2012. Digitech owns U.S. patent no. 6,128,415. Digitech and Acacia move to dismiss for various reasons.

Digitech had sued Sony on the same patent in the Central District of California, filing suit on July 16, 2012. (D.I. 27, Exh. 2). The Court dismissed the suit against Sony on October 1, 2012, because Digitech had joined about 45 other unrelated defendants in the suit, all in violation of the America Invents Act. (D.I. 27, Exh. 6). Digitech refiled the suit against Sony the same day. (D.I. 27, Exh. 7).

Digitech argues that the original California lawsuit is the "first-filed" lawsuit, and that this "second-filed" lawsuit should therefore be dismissed. Sony argues that the original California lawsuit was "legally infirm" from the beginning, and that therefore this is the "first-filed" lawsuit, as the extant California lawsuit was not filed until more than two months after this one. I do not think the original California lawsuit was "legally infirm" as used in the cases such as *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972-73 (6th Cir. 2005). Digitech's case

against the similarly-situated first named defendant in the original California lawsuit (Agfaphoto) was allowed to proceed; with respect to the other defendants, Digitech was told (essentially) to refile its lawsuits separately and any such lawsuits would be treated as related cases. (D.I. 27, Exh. 6, p.8). In these circumstances, I do not think there is any legal reason not to treat Digitech's extant suit against Sony as the "first-filed" lawsuit, and, to the extent equitable considerations play any part in the analysis, they do not favor Delaware as a forum for this lawsuit.[1] Thus, Digitech's Motion to Dismiss (D.I. 26) is **GRANTED**. Its other motions (D.I. 26) are **DISMISSED AS MOOT**.

Acacia Research's motion to dismiss is based on the premise that it does not own the patent. The Complaint alleges that the patent was "eventually assigned to Digitech." (D.I. 1, ¶ 9). Acacia's argument is straightforward. It could not bring suit on the patent; therefore, there cannot be an actual case or controversy between it and Sony. I think the logic is compelling, and while there is no precedential Federal Circuit decision that has been cited to me on this point, I agree with the reasoning in *Fina Research S.A. v. Baroid Drilling Fluids, Inc.*, 98 F.3d 1357, 1996 WL 521465, *2 (Fed. Cir. 1996) (unpublished):

> Counsel for Baroid Drilling represents to us, as he did in the district court, that although Baroid Drilling is related to Baroid Limited, Baroid Drilling has no legal interest in the patents in suit that would entitle Baroid Drilling to bring suit on the patents. Counsel for Fina did not challenge that representation in the district court and has not done so here. We therefore accept the representation that Baroid Drilling cannot sue Fina or anyone else on the patents. For that reason it is clear that there is no "case of actual controversy" between Fina and Baroid Drilling, and that the district court was correct in dismissing Fina's declaratory judgment complaint against Baroid Drilling.

---

[1] Digitech is a California limited liability company. (D.I. 1, ¶3). The allegations that there is a reason to believe there is personal jurisdiction over Digitech in Delaware are flimsy. (D.I. 1, ¶¶6, 8, 12). Digitech has, in the alternative, moved to have the case against it transferred to the Central District of California. In view of my decision, I do not have to reach the transfer issue.

Sony counters by arguing that Acacia controls Digitech. Assuming that is the case, it still does not make any sense to me that although Acacia cannot sue Sony to enforce the patent, Sony can sue Acacia to prevent enforcement of the patent.[2] Therefore, Acacia's Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.I. 13) is **GRANTED**.

December 11, 2012
Date

_/s/ Richard G. Andrews_
United States District Judge

---

[2] Acacia presumably could not bring a counterclaim for patent infringement.