Annette Kazmerski (SBN 211364)
Annette.A.Kazmerski@newegg.com
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone (626) 271-9700
Facsimile (626) 271-9480

Kent E. Baldauf, Jr. (PA I.D. No.: 70793)
   kbaldaufjr@webblaw.com
Cecilia R. Dickson (PA I.D. No.: 89348)
   cdickson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Ste. 1200
Pittsburgh, Pennsylvania 15222
Telephone: (412) 471-8815
Facsimile: (412) 471-4094

Attorneys for Defendants
Newegg Inc. and Newegg.com Inc.
and Counter-Plaintiff Newegg Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>NEWEGG INC. and NEWEGG.COM INC.,<br><br>        Defendants.<br><br>NEWEGG INC.,<br><br>        Counter-Plaintiff,<br><br>  v.<br><br>DIGITECH IMAGE TECHNOLOGIES, LLC and ACACIA RESEARCH CORPORATION,<br><br>        Counter-Defendants. | Case No. SA CV 12-01688 ODW (MRWx)<br><br>OPPOSITION TO ACACIA RESEARCH CORPORATION'S MOTION TO DISMISS<br><br>Hearing Information:<br><br>Date:     April 1, 2013<br>Time:    1:30 PM<br>Location:  Spring Street Courthouse<br>              Courtroom 11<br>              312 North Spring Street<br>              Los Angeles, CA<br><br>Before the Honorable Otis P. Wright, III |

# **TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................1

I.   Acacia Cannot Meet The Requirements Of Fed. R. Civ. P. 12(b)(1) or 12(b)(6) ......................................................................................................................2

II.  Acacia Does Not Deny Its Equitable Interest In The Patent-In-Suit ..................3

III. Equitable Interest Is Sufficient To State A Claim For Declaratory Judgment ...4

IV.  Alter Ego Is Not Presently Asserted ..................................................................9

CONCLUSION ...................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Arachnid, Inc. v. Merit Indus., Inc.* 939 F.2d 1574 (Fed. Cir. 1991) .......................... 6

*Beam Laser Sys., Inc., v. Cox Commc'ns, Inc.*, 117 F. Supp.2d 515, 520 (E.D. Va. 2000) .......................................................................................................................... 5

*Cognex v. VCode Holdings, Inc. et al.*, D.I. 57, Case No. 6-cv-1040 (D. Minn. Sept. 14, 2006) ........................................................................................................ 9

*Diego, Inc. v. Audible, Inc.*, No. C05-464JLR, 2006 WL 2473461, (W.D. Wash. Aug. 24, 2006) ........................................................................................................ 6

*Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004) ................................................................................................................ 5

*Fina Research S.A. v. Baroid Drilling Fluids*, No. 96-1137, 1996 U.S. App. LEXIS 24233 (Fed. Cir. Sept. 16, 1996) ........................................................................ 7, 8

*GMP Techs., LLC v. Zicam, LLC*, No. 08 C 7077, 2009 U.S. Dist. LEXIS 115523 (N.D. Ill. Dec. 9, 2009) ...................................................................................... 7, 8

*J&J Mfg., Inc. v. Logan*, 24 F. Supp.2d 692 (E.D. Tex. 1998) .................................. 6

*Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359 (Fed. Cir. 2008) .......................... 5

*Merial Ltd. v. Intervet, Inc.*, 430 F. Supp.2d 1357, 1363 (N.D. Ga. 2006) ............... 5

*Pipe Liners, Inc. v. Am. Pipe & Plastics, Inc.*, 893 F. Supp. 704 (S.D. Tex. 1995) ............................................................................................................................ 5, 6

*Rite-Hite Corp. v. Kelley Co., Inc.* 56 F.3d 1538 (Fed. Cir. 1995) ............................ 5

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ............................... 2

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305 (Fed. Cir. 2010) ................................................................................................................ 5

*St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989) ........................................... 2

*Thornhill Publ. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730 (9th Cir. 1979) . 2

*Top Victory Electronics v. Hitachi Ltd.*, No. C 10-01579 CRB, 2010 U.S. Dist.
   LEXIS 125003 (N.D. Cal. Nov. 15, 2010)..........................................................7, 8

# INTRODUCTION

Acacia does not dispute that it has some interest in and to the Patent-In-Suit. Indeed, by the words of its own CEO in the days following the assertion of patent infringement against Newegg, Acacia stated it "acquired control" of a portfolio containing the Patent-In-Suit.[1] Acacia submits no declaration or affidavit to the contrary. Rather, Acacia states via attorney argument that it is not (1) the record owner, or (2) an exclusive licensee, of the Patent-In-Suit. Newegg's Counterclaim does not allege otherwise. Acacia, however, maintains that because it is not the record owner or exclusive licensee of the Patent-In-Suit it cannot bring suit to recover monetary damages for patent infringement. As a result, Acacia argues it is not a proper declaratory judgment defendant as to any assertion of non-infringement with respect to the Patent-In-Suit. However, Acacia fails to acknowledge: (1) Newegg's Counterclaim seeks the equitable remedy of a declaration of invalidity, as well as non-infringement, and Acacia entirely ignores the invalidity count of the Counterclaim (count II) in its Motion; (2) Newegg's Counterclaim seeks equitable relief, and that, as pled, Acacia has an equitable interest in the Patent-In-Suit such that it is a proper counterclaim defendant in this declaratory judgment proceeding seeking equitable relief from this Court; and (3) despite Acacia's best mischaracterization attempts, Newegg has not and need not allege any alter ego theory in order to succeed on its Counterclaim. Thus, its 12(b)(6) motion directed to alter ego issues is irrelevant on its face as the Counterclaim does not state any alter ego theory. The Motion to Dismiss, in its entirety, should be denied.[2]

---

[1] *See* Ex. 1 to this Motion, which is Ex. C to the Complaint that is the subject of Acacia's request for judicial notice submitted concurrently with its Motion to Dismiss.
[2] Acacia has not made any argument regarding invalid service of process, thus its comments on that issue are irrelevant. Further, Acacia's Motion to Dismiss failed to comply with LR 7.3, and its request for a meet-and-confer, and the meet-and-confer, were held in an untimely manner.

I.  **Acacia Cannot Meet The Requirements Of Fed. R. Civ. P. 12(b)(1) or 12(b)(6)**

Acacia's Motion to Dismiss is made pursuant to Fed. R. Civ. P. 12(b)(1), or alternatively, Rule 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. In moving to dismiss for lack of subject matter jurisdiction, the challenging party may either make a facial attack on the allegations of jurisdiction contained in the complaint or instead take issue with subject matter jurisdiction on a factual basis. *Thornhill Publ. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

In a facial attack, the movant asserts the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion constitutes a facial attack, the court must consider the factual allegations of the complaint to be true. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733. A factual challenge "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). A factual attack permits review of evidence beyond the Complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone*, 373 F.3d at 1039.

Although Acacia fails to identify explicitly the nature of its Motion, it appears that Acacia is asserting a facial attack under Fed. R. Civ. P. 12(b)(1) by asserting that Acacia cannot be named as a defendant unless it is a registered

owner or exclusive licensee of the Patent-In-Suit. To the extent that Acacia would claim it is asserting a factual challenge, Newegg submits that Acacia has failed to provide any record evidence in the form of an affidavit or otherwise to suggest that Acacia does not have the alleged equitable interest in the Patent-In-Suit such that it may be named in the declaratory judgment action.

Acacia also moves to dismiss, in the alternative, under Rule 12(b)(6) by asserting that Newegg has failed to allege sufficient allegations to sustain its alter ego theory of liability. To be clear, Newegg has not alleged an alter ego theory of liability, and so this motion is moot from the start as that is not the basis of Newegg's Counterclaim. Newegg has specifically alleged that Acacia has represented and reported to its investors and the public at large that it controls the Patent-In-Suit, and does not rely on alter ego allegations to state its Counterclaim.

## II. Acacia Does Not Deny Its Equitable Interest In The Patent-In-Suit

Acacia maintains it is not a proper counterclaim defendant because it is not the record owner or exclusive licensee of the Patent-In-Suit. Acacia, however, does not dispute:

- Digitech is a wholly-owned subsidiary of Acacia (Counterclaim, ¶¶ 5, 7);
- Digitech and Acacia share the same physical address as a place of business (Counterclaim, ¶ 4);
- Acacia has some interest in and to the Patent-In-Suit, even if that interest is less than outright ownership or exclusive licensee of the Patent-In-Suit (Counterclaim, ¶ 7);
- Acacia has represented publicly to its investors and the government that it has some interest in and to the Patent-In-Suit (*See* Counterclaim, ¶ 7 and Ex. 1 to this Motion, which is Ex. C to the

Complaint that is the subject of Acacia's request for judicial notice submitted concurrently with its Motion to Dismiss); and

- The statements that establish Acacia's interest in the Patent-In-Suit occurred on July 19, 2012 after the Complaint was originally filed against Newegg on July 16, 2012.[3]

Based on the public statements made to investors of Acacia, Acacia has represented that Acacia has some ownership and/or beneficial interest in and to the Patent-In-Suit (by referencing acquisition and control of the Patent-In-Suit). On information and belief, this interest is based on some internal agreement(s) or understanding(s) as between Acacia and its subsidiaries and affiliates and/or purely on the relationship between Acacia and its subsidiary, Digitech.

### III. Equitable Interest Is Sufficient To State A Claim For Declaratory Judgment

In its Motion, Acacia suggests that because Acacia cannot file a patent infringement claim for monetary damages because it is not the record owner or exclusive licensee of the Patent-In-Suit, it is immune from a declaratory judgment action asserting non-infringement. Acacia cites a plethora of cases purportedly supporting this position, but fails to focus on one distinguishing feature - the vast majority of the cases it cites pertain to the inability of a non-owner or non-exclusive licensee *to sue for patent infringement for monetary damages*. *See,*

---

[3] Although Acacia asserts that Digitech filed suit against Newegg on October 2, 2012, Newegg was actually named as a Defendant on July 16, 2012 when a multi-defendant Complaint was filed in this District asserting infringement of the Patent-In-Suit. *See Digitech Image Technologies, LLC v. AgfaPhoto Holding GMBH, et al.*, Case No. SA CV 12-1153 (filed July 16, 2012). Following dismissal of that Complaint for misjoinder, Digitech filed suit on October 2, 2012 asserting the same allegations in individual suits against the defendants previously identified in the July 16, 2012 complaint. The instant suit is the individualized iteration of the Complaint filed against Newegg.

*e.g., Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008) (denying plaintiff's request to add subsidiary as co-plaintiff to seek infringement damages) (cited in Motion at 5); *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305 (Fed. Cir. 2010) (rejecting addition of parties in infringement suit who were not exclusive licensees or owners) (cited in Motion at 5-6); *Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004) (finding plaintiff lacked standing to assert infringement claim) (cited in Motion at 5); *Rite-Hite Corp. v. Kelley Co., Inc.* 56 F.3d 1538, 1543 (Fed. Cir. 1995) (holding independent sales organizations could not assert patent infringement claim) (cited in Motion at 5); *Merial Ltd. v. Intervet, Inc.*, 430 F. Supp.2d 1357, 1363 (N.D. Ga. 2006) (again finding lack of standing to assert patent infringement) (cited in Motion at 6); *Beam Laser Sys., Inc., v. Cox Commc'ns, Inc.*, 117 F. Supp.2d 515, 520 (E.D. Va. 2000) (rejecting party from having standing to sue for infringement, but party seeking dismissal "acknowledge[d] that if [party] held equitable title to the patents, he would have standing to seek equitable relief") (cited in Motion at 6).  These cases do not address the situation presented here, namely, the existence of standing to assert claims seeking equitable relief, and not monetary damages.

What Acacia does not address is whether, a non-owner or non-exclusive licensee can bring equitable claims based on a Patent-In-Suit, and seek equitable relief.  Presumably, Acacia ignores this distinction because a non-owner, non-exclusive licensee can bring precisely the type of equitable claim asserted by Newegg against Acacia.  In *Pipe Liners, Inc. v. Am. Pipe & Plastics, Inc.*, 893 F. Supp. 704 (S.D. Tex. 1995), three Plaintiffs, Pipe Liners, Inc., Hydro Conduit Corporation, and Quail Pipe Corporation asserted claims of patent infringement based on two patents against two defendants.  The defendants moved to dismiss Hydro Conduit for lack of standing to sue, based on the undisputed fact that Pipe

Liners "owns all right, title and interest in the patents". *Id.* at 705. Hydro Conduit, as the parent corporation of Pipe Liners, owned all of Pipe Liner's assets, including the disputed patents. *Id.* Plaintiffs maintained that although Hydro Conduit may not have standing to ***recover*** monetary damages based on claims of patent infringement, because it has an equitable title to the patent, by virtue of the relationship of the entities, it is a proper party to seek equitable relief from the Court. *Id.* at 706.

Recognizing that, in addition to seeking monetary damages, the Complaint also sought "a variety of equitable remedies, including declaratory and injunctive relief," Hyrdo Conduit was held to be a proper party. The Court held, "the Court sees no reason why Hydro Conduit cannot be joined in the equitable remedies of declaratory and injunctive relief properly sought by the two remaining Plaintiffs in this case." *Id.* (also noting that the joinder of Hydro Conduit did not materially alter the scope of discovery, the arguments or the trial presentation with the inclusion of the equitable title holder). *See also Arachnid, Inc. v. Merit Indus., Inc.* 939 F.2d 1574, 1580 (Fed. Cir. 1991) ("a federal district court has jurisdiction to determine a 'claim for infringement' asserted by an adjudged equitable title holder, as a prerequisite to awarding *equitable* relief for that infringement.") (emphasis in original); *Diego, Inc. v. Audible, Inc.*, No. C05-464JLR, 2006 WL 2473461, at *6 (W.D. Wash. Aug. 24, 2006) (although it may not sue at law for patent infringement, a party can pursue equitable remedies for patent infringement if it holds equitable title in the patent); *J&J Mfg., Inc. v. Logan*, 24 F. Supp.2d 692, 700 (E.D. Tex. 1998) (denying motion to dismiss as J&J, as a purported equitable title holder, could assert a claim where it sought equitable relief based on its interests in the asserted patent).

Here, Acacia's argument misses this distinction. Newegg agrees that, based on the currently known facts to date, Acacia has not been demonstrated to be a

legal title owner or exclusive licensee of the Patent-In-Suit, which precludes Acacia from suing on the Patent-In-Suit for monetary damages or being sued on the subject patent for monetary damages. However, those circumstances in no way affect Acacia's ability to assert equitable causes of action for equitable relief premised on the Patent-In-Suit. It is simply not accurate to claim that Acacia could not assert any claim against Newegg. Given Acacia's assertions of some interest in the Patent-In-Suit and its apparent concert in using its subsidiaries to enforce its intellectual property rights (*see* Ex. 1 to Newegg's Counterclaim, footnote 1), Newegg has the ability to seek equitable relief to preclude Acacia from asserting such claims against Newegg. That is an actual case and controversy. Moreover, even if the Court did not agree that the non-infringement count could be asserted against Acacia, it does not prevent Acacia from being named in the invalidity count, which is a subject that Acacia does not even address in its Motion.

Three cases cited by Acacia warrant discussion, but do not alter the conclusion that Newegg has stated a viable Counterclaim against Acacia: *Fina Research S.A. v. Baroid Drilling Fluids*, No. 96-1137, 1996 U.S. App. LEXIS 24233 (Fed. Cir. Sept. 16, 1996), *Top Victory Electronics v. Hitachi Ltd.*, No. C 10-01579 CRB, 2010 U.S. Dist. LEXIS 125003 (N.D. Cal. Nov. 15, 2010); and *GMP Techs., LLC v. Zicam, LLC*, No. 08 C 7077, 2009 U.S. Dist. LEXIS 115523 (N.D. Ill. Dec. 9, 2009).

Even though *Fina Research* relates to dismissal of a declaratory judgment request, in *Fina Research*, the named defendant made the representation that it "has no legal interest in the patents in suit that would entitle [it] to bring suit on the patents. Counsel for Fina did not challenge that representation in the district court and has not done so here." *Fina Research*, 1996 U.S. App. LEXIS 24233 at *6. The court accepted the representation and "[f]or that reason" it held dismissal was proper. *Id* Such a concession on either side does not exist here. Acacia has not

represented it has no ability to bring suit on the Patent-In-Suit and/or has no equitable interest in the patent. Moreover, Newegg has proffered evidence and disputes any claim by Acacia that Acacia does not have an equitable interest. These points render *Fina Research* distinguishable from the instant dispute.

*Top Victory* involved a declaratory judgment action where only a claim for non-infringement was asserted. *Top Victory*, 2010 U.S. Dist. LEXIS 125003 at *1. The court considered the equitable interest doctrine but ultimately concluded that in this instance, insufficient evidence existed to establish an equitable interest. Unlike the situation in *Top Victory*, here, evidence beyond the corporate organization has been proffered - namely, written representations by Acacia, itself - that indicate Acacia has an interest in the Patent-In-Suit.

Finally, *GMP Technologies* involved the dismissal of a declaratory judgment action. However, the court referenced the record evidence wherein the parent corporation had asserted in a letter that it owns the patent at issue through its subsidiary provides "[a] reasonable inference from the imprecise language in these letters … that Matrixx owns at least some interest in the patents at issue." *Id*. at *5. However, because plaintiff repeatedly pled that Matrixx did not have an interest in the patents at issue, the court concluded the party had pled itself out of court. *Id*. Here, there is no such issue; in fact, the opposite situation is presented. Newegg specifically points to the record evidence and indicates that Acacia has some interest in and to the Patent-In-Suit based on Acacia's own averments.

In short, Acacia has offered no case law on point that requires the dismissal of the equitable Counterclaim filed by Newegg. Given Acacia's own public statements, Acacia is a proper party to the Counterclaim, as it has some self-declared interest in and to the Patent-In-Suit.

### IV. Alter Ego Is Not Presently Asserted

Acacia attacks Newegg's Counterclaim by asserting Newegg has failed to state a claim for alter ego liability.[4] As Acacia states in its own Motion, the words "alter ego" do not appear in the Counterclaim. That is because, at this time, Newegg has not asserted an alter ego theory (which is not to suggest that discovery will not later demonstrate such an assertion to be proper and thus necessitate an amendment). However, because this theory has not been asserted, there is no need to respond to Acacia's arguments on this point, and the motion to dismiss should be denied as irrelevant.

### CONCLUSION

Acacia ignores a critical distinction in making its Motion – its inability to seek legal remedies (*i.e.*, monetary damages) does not mean it is foreclosed from seeking equitable remedies (*i.e.*, injunctive relief). The distinction between legal and equitable causes of action is the very reason why Acacia is properly named as a counterclaim defendant in the declaratory judgment action, regardless of whether it could sue Newegg directly for monetary damages. The Patent-In-Suit has been asserted against Newegg, and Acacia's own statements claim Acacia has some control over and interest in the Patent-In-Suit. For all of the reasons set forth in this Opposition, Acacia's Motion to Dismiss should be denied. A proposed Order is attached.

Dated this 18th day of January, 2013

---

[4] Perhaps Acacia attempts to twist the Counterclaim into an alter ego claim because it has previously fought (and lost) the alter ego liability battle. *See Cognex v. VCode Holdings, Inc. et al.*, D.I. 57, Case No. 6-cv-1040 at 9-10 (D. Minn. Sept. 14, 2006) (finding sufficient unity of ownership and interest between Acacia and Vdata - a subsidiary of Acacia Patent Acquisitions, which was a subsidiary of Acacia - to warrant application of the alter ego doctrine).

Respectfully submitted,

  /s/ Cecilia R. Dickson

Annette Kazmerski
Annette.A.Kazmerski@newegg.com
SBN 211364
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone (626) 271-9700
Facsimile (626) 271-9480


Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Cecilia R. Dickson
cdickson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Ste. 1200
Pittsburgh, PA 15222
Telephone:  (412) 471-8815
Facsimile: (412) 471-4094

Attorneys for Defendants Newegg Inc. and Newegg.com Inc. and Counter-Plaintiff Newegg Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of OPPOSITION TO ACACIA RESEARCH CORPORATION'S MOTION TO DISMISS has been served via the Court's electronic case filing system on this 18th day of January, 2013.

/s/ Cecilia R. Dickson
Attorney for Defendants Newegg Inc. and Newegg.com Inc. and Counter-Plaintiff Newegg Inc.