KARLA J. KRAFT (SB# 205530)
Email: kkraft@hbwllp.com
ASHLEY MERLO (SB# 247997)
Email: amerlo@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Counter-Defendant
ACACIA RESEARCH CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>NEWEGG INC. and NEWEGG.COM INC.,<br><br>    Defendants,<br><br>―――――――――――――<br><br>NEWEGG INC.,<br><br>    Counter-Plaintiff,<br><br>vs.<br><br>DIGITECH IMAGE TECHNOLOGIES, LLC, and ACACIA RESEARCH CORPORATION,<br><br>    Counter-Defendants. | CASE NO.: SACV12-01688 ODW (MRWx)<br><br>**ACACIA RESEARCH CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hearing Information:<br>Date:     April 1, 2013<br>Time:     1:30 p.m.<br>Location: Spring Street Courthouse<br>    Courtroom 11<br>    312 North Spring Street<br>    Los Angeles, CA<br><br>Complaint Filed: October 2, 2012<br>Trial Date: Not Set |

139949

## I. INTRODUCTION

What is most notable about Newegg's opposition is what it admits. Newegg readily concedes that ARC is not the owner or exclusive licensee of the patent-in-suit (the "'415 Patent"). Remarkably, Newegg also concedes that it does not allege ARC to be an alter ego of plaintiff Digitech Image Technologies, LLC ("Digitech"), the owner of the '415 Patent, which was the only legal theory involving ARC that seemed to be presented by the counterclaim.

The argument that Newegg does make in its opposition is grounded in a faulty premise, i.e., that Newegg's counterclaim pleads some undefined "equitable interest" by ARC in the patent-in-suit. In truth, Newegg's pleadings do not present such an issue: the words "equitable" or "equity" appear nowhere in the counterclaim, and no basis for a supposed "equitable" interest by ARC in the patent-in-suit is described in the counterclaim. The opposition pulls this argument from thin air, with no foundation in pleading or fact.

Moreover, no case cited by Newegg supports maintaining a lawsuit based on the purported equitable interest that Newegg now contends exists. To the contrary, the case law is clear that a parent-subsidiary relationship is insufficient to support a cause of action against the parent company (i.e., ARC) in the circumstances presented here, and the existence of a parent-subsidiary relationship is the most that Newegg alleges. ARC does not have an interest in the '415 Patent, equitable or otherwise. Thus, ARC must be dismissed from this case.

## II. NEWEGG'S EQUITABLE TITLE THEORY IS UNAVAILING

Newegg relies heavily on *Pipe Liners, Inc. v. Am. Pipe & Plastics, Inc.*, 893 F.Supp. 704 (S.D. Tex. 1995) for the proposition that an equitable title holder of a patent can bring equitable claims relating to that patent and, in turn, can be subject to such equitable claims. Newegg, however, fails to describe what it means to be an equitable title holder, or describe the facts supporting the *Pipe Liners* court's finding that the parent company in that case was an equitable title holder of the

patent-in-suit. The facts in *Pipe Liners* are easily distinguishable from the facts in this case and do not support Newegg's argument that ARC is a proper counterclaim defendant in this case.

Unlike the parent company (Hydro Conduit) in *Pipe Liners*, Newegg's counterclaim does not plead that ARC holds equitable title in the '415 Patent. The *Pipe Liners* court defined equitable title as "the beneficial interest of one person whom equity regards as the real owner although the legal title is vested in another." 893 F.Supp. at 706, *quoting* Black's Law Dictionary. This definition rings of alter ego, and the facts in *Pipe Liners* comported with such a finding. In *Pipe Liners*, the facts demonstrated that Hydro Conduit was the parent of the patent holder (Pipe Liners, Inc.), that it owned 100% of Pipe Liner's assets, including the patents in suit, and that Hydro Conduit was intimately involved in Pipe Liner's corporate affairs and management (*e.g.*, overlapping board members, provision of cash to Pipe Liners, handling of Pipe Liners marketing, sales and licensing matters, etc.). 893 F.Supp. at 705.

In contrast, Newegg adamantly contends that it does not allege any alter ego relationship between Digitech (the owner of the '415 Patent) and ARC.[1] Newegg merely pleads that Digitech is a wholly-owned subsidiary of ARC, that Digitech and ARC have the same physical address and place of business, that on information and belief "[ARC] has an ownership interest in the Patent-In-Suit and/or has an ownership interest in Digitech directly or indirectly," and misquotes a press release concerning the acquisition of patents, including the '415 Patent, by *Acacia Research Group, LLC* (not ARC) and its affiliates.[2] (Counterclaim, ¶¶ 4-7.) These

---

[1] While the content of the counterclaim certainly reads like an attempt to plead an alter ego relationship, ARC concurs that alter ego is not sufficiently alleged.

[2] In the opposition, Newegg cites to text from a quarterly earnings call, which was attached as an exhibit to a complaint filed in a completely separate case. ARC requested judicial notice of that complaint in conjunction with its motion because the allegations of that complaint are virtually identical to Newegg's counterclaim, and the court in that
(continued...)

2

1  allegations utterly fail to support a conclusion that ARC has such an interest in
2  Digitech so as to be regarded as an equitable title holder, i.e., the "real owner" of
3  the '415 Patent, unlike Hydro Conduit in the *Pipe Liners* case.
4      The three other cases cited by Newegg are similarly inapposite. *See*
5  *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574 (Fed. Cir. 1991); *J&J Mfg., Inc.*
6  *v. Logan*, 24 F.Supp.2d 692 (E.D. Tex. 1998); *Digeo, Inc. v. Audible, Inc.*, 2006
7  WL 2473461 (W.D. Wash. Aug. 24, 2006). All three cases involved a dispute as to
8  the underlying ownership of the patent-in-suit, and it was the *plaintiffs* (none of
9  whom had legal title to the patents-in-suit) that sought a determination as to their
10 rights under the patents. In those cases, the plaintiffs' infringement claims were
11 based on allegations that the inventor had assigned the invention to them or that
12 they were actually the inventor of the patent-in-suit, and those allegations withstood
13 a pleading challenge despite that the plaintiffs did not own legal title to the patents-
14 in-suit. *Arachnid*, 939 F.2d at 1576, 1580; *J&J Mfg., Inc.*, 24 F.Supp.2d at 699-
15 700; *Digeo,* 2006 WL 2473461 at *5-6. These are simply not the facts of the instant
16 case: ARC has not sued Newegg, and ARC has not claimed any interest in the '415
17 Patent. These cases have no application here.
18     *Top Victory Electronics v. Hitachi Ltd.*, 2010 WL 4722482 *3 (N.D. Cal.
19 Nov. 15, 2010) directly addresses the question of equitable title in a patent between
20 related corporate entities: "that a corporate parent's subsidiary owns a patent is not
21 enough to establish that the parent has rights in the subsidiary's patents. And the
22 Federal Circuit has not held that a corporate parent inherently owns equitable title
23 in a subsidiary's patents." *See also Beam Laser Systems, Inc. v. Cox*
24 *Communications, Inc.*, 117 F.Supp.2d 515, 521 (E.D. Va. 2003) (rejecting

---

(...continued)
matter dismissed ARC. This court may properly take judicial notice of documents on file in another federal court. See FRE 201(b)(2). Contrary to Newegg's argument, however, this court cannot properly accept an exhibit attached to a complaint in a different case as primary evidence of the truth of the matter asserted by Newegg.

proposition that sole shareholder of corporation has equitable title to patent owned by corporation, finding *Pipe Liners* unpersuasive); *Steelcase, Inc. v. Smart Technologies, Inc.*, 336 F.Supp.2d 714, 719 (W.D. Mich. 2004) (same). Thus, as in *Top Victory*, an allegation that defendant was the corporate parent of the actual patent-holders was insufficient to establish standing based on the theory of equitable title. 2010 WL 4722482 *4. For this fundamental reason, Newegg's claims against ARC fail.

Finally, Newegg argues that ARC has never disclaimed an equitable interest in the '415 Patent. This is simply not true. In the Motion, ARC does not explicitly address an equitable interest, because the counterclaim does not plead such an interest. However, ARC does repeatedly assert that it does not hold *any* interest in the '415 Patent. See Memorandum in support of Motion at 1:6-7 ("ARC did not sue Newegg because ARC does not own the '415 Patent"); 5:23 ("ARC has no legal interest in the '415 Patent"); 6:1-2 ("The simple fact is ARC has no ownership interest in the Patent-In-Suit ..."). To be very clear, ARC is not the "equitable" or "real" owner of the '415 Patent; plaintiff Digitech has pled that it "is the present assignee of the entire right, title and interest in and to the '415 Patent," and ARC does not dispute this contention. See Complaint (Dkt. 1) at 4:8-9.

### III. PUBLIC POLICY SUPPORTS DISMISSING ARC FROM NEWEGG'S COUNTERCLAIM

As noted by the *Pipe Liners* court, "almost *nothing* changes whether [a corporate parent] has standing to assert equitable remedies or not – and the Court reiterates that even if [the corporate parent] were dismissed, virtually *everything* would proceed as before." *Pipe Liners, Inc.*, 893 F.Supp. at 706 (emphasis in original). The same can be said here – whether or not ARC is a party to this lawsuit will make no difference to the resolution of Newegg's equitable claims. However, the very significant distinction between the parent corporation (Hydro Conduit) in *Pipe Liners* and ARC is that Hydro Conduit voluntarily inserted itself in the

4

litigation by asserting equitable claims for declaratory and injunctive relief. In contrast, ARC has not sought equitable – or any – relief in connection with the patent claims asserted by Digitech.

Instead, ARC is being dragged into this lawsuit through Newegg's counterclaim for no apparent reason other than for the purpose of harassment. Newegg's suggestion that it may seek alter ego discovery on its claims for a declaration of non-infringement and/or invalidity underscores the impropriety of its naming ARC as a counterclaim defendant. ARC has nothing to gain by being included in this lawsuit, but will be forced to incur significant legal fees if not dismissed.

In summary, Newegg has failed to allege any facts, which taken as true, that would support its causes of action against ARC as a purported equitable title holder of the '415 Patent, nor can it. Furthermore, there is no reasonable basis to force ARC to bear the expense of litigation when its presence (or absence) from this lawsuit will have no effect on the outcome.

## IV. CONCLUSION

For each and all of the aforementioned reasons, ARC requests that its motion to dismiss be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, 12(b)(6).

DATED: January 28, 2013

HODEL BRIGGS WINTER LLP
KARLA J. KRAFT
ASHLEY MERLO

By: _____/s/ KARLA J. KRAFT_____
KARLA J. KRAFT

Attorneys for Counter-Defendant
ACACIA RESEARCH CORPORATION