John J. Edmonds (SBN 274200)
jedmonds@cepiplaw.com
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1851 East First Street Suite 900
Santa Ana, CA 92705
Telephone:  +1-951-708-1237
Facsimile:   +1-951-824-7901

Attorney for Plaintiff
DIGITAL IMAGE TECHNOLOGIES, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONICS FOR IMAGING, INC.,<br><br>Defendant. | CASE NO. SACV 12-01324-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PANASONIC CORPORATION and PANASONIC CORPORATION OF NORTH AMERICA,<br><br>Defendants. | CASE NO. SACV 12-01667-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br> Plaintiff, <br> v. <br> BUY.COM, INC., <br> Defendant. | CASE NO. SACV 12-01668-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br> Plaintiff, <br> v. <br> BEST BUY CO., INC.; BEST BUY STORES, LP; BESTBUY.COM LLC, <br> Defendants. | CASE NO. SACV 12-01669-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br> Plaintiff, <br> v. <br> CANON INC. and CANON U.S.A., INC., <br> Defendants. | CASE NO. SACV 12-01670-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>B&H FOTO & ELECTRONICS CORP.,<br><br>Defendant. | CASE NO. SACV 12-01671-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAKAR INTERNATIONAL, INC. d/b/a VIVITAR,<br><br>Defendant. | CASE NO. 8:12-CV-01673-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEAF IMAGING LTD (d/b/a Mamiyaleaf), and MAMIYA AMERICA CORPORATION,<br><br>Defendants. | CASE NO. 8:12-CV-01675-ODW (MRW)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br>Plaintiff, <br><br>v. <br><br>OLYMPUS CORPORATION AND OLYMPUS IMAGING AMERICA, INC., <br><br>Defendants. | CASE NO. SACV 12-01676-ODW (MRWx) <br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br>Hearing Date: April 1, 2013 <br><br>Time: 1:30pm <br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br>Plaintiff, <br><br>v. <br><br>LEICA CAMERA AG and LEICA CAMERA INC., <br><br>Defendants. | CASE NO. SACV 12-01677-ODW (MRWx) <br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br>Hearing Date: April 1, 2013 <br><br>Time: 1:30pm <br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br>Plaintiff, <br><br>v. <br><br>SONY CORPORATION; SONY CORPORATION OF AMERICA; and SONY ELECTRONICS INC., <br><br>Defendants. | CASE NO. SACV 12-01678-AG (ANx) <br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br>Hearing Date: April 1, 2013 <br><br>Time: 1:30pm <br><br>Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FUJIFILM CORPORATION, <br><br> Defendant. | CASE NO. SACV 12-01679-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL IMAGING CO., <br><br> Defendants. | CASE NO. 8:12-cv-01680-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SIGMA CORPORATION ET AL., <br><br> Defendant(s). | CASE NO. SACV 12-01681-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01683-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| TARGET CORPORATION, | |
| Defendant. | |
| | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01685-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| NIKON CORPORATION AND NIKON INC., | |
| Defendants. | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01686-ODW (MRWx) |
| Plaintiff, | |
| v. | JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 |
| MICRO ELECTRONICS, INC., | |
| Defendant. | |
| | Hearing Date: April 1, 2013 |
| | Time: 1:30pm |
| | Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, Plaintiff, v. OVERSTOCK.COM, INC., Defendant. | CASE NO. SACV 12-01687-ODW (MRWx) JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 Hearing Date: April 1, 2013 Time: 1:30pm Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, Plaintiff, v. NEWEGG INC. and NEWEGG.COM INC., Defendants. NEWEGG INC. Counter-Plaintiff, v. DIGITECH IMAGE TECHNOLOGIES, LLC and ACACIA RESEARCH CORPORATION Counter-Defendants. | CASE NO. SACV 12-01688-ODW (MRWx) JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 Hearing Date: April 1, 2013 Time: 1:30pm Judge: Hon. Otis D. Wright, II |

7

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PENTAX RICOH IMAGING COMPANY, LTD., PENTAX RICOH IMAGING AMERICAS CORP., RICOH COMPANY, LTD., AND RICOH AMERICAS CORP., <br><br> Defendants. | CASE NO. SACV 12-01689-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> XEROX CORPORATION, <br><br> Defendant. | CASE NO. SACV 12-01693-ODW (MRWx) <br><br> JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 <br><br> Hearing Date: April 1, 2013 <br><br> Time: 1:30pm <br><br> Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC.,<br><br>Defendants. | CASE NO. SACV 12-01694-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CDW LLC,<br><br>Defendant. | CASE NO. SACV 12-01695-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR HASSELBLAD AB and HASSELBLAD USA INC.,<br><br>Defendants. | CASE NO. 8:12-cv-01696-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |

| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CASIO COMPUTER CO LTD, et al.,<br><br>Defendant(s). | CASE NO. SACV 12-01697-ODW (MRW)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL and ASUSTEK COMPUTER INC.,<br><br>Defendants. | CASE NO. SACV 12-02122 ODW (SSx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC, et al.,<br><br>Defendant. | CASE NO. SACV 12-02123-ODW (MRWx)<br><br>JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1<br><br>Hearing Date: April 1, 2013<br><br>Time: 1:30pm<br><br>Judge: Hon. Otis D. Wright, II |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, Plaintiff, v. APPLE, INC. Defendant. | CASE NO. SACV 12-02125 ODW (MRWx) JOINT REPORT UNDER FED.R.CIV.P. 26(f) AND L. R. 26-1 Hearing Date: April 1, 2013 Time: 1:30pm Judge: Hon. Otis D. Wright, II |

Plaintiff Digitech Image Technologies, LLC ("Plaintiff") and Defendants Electronics for Imaging, Inc., Panasonic Corporation, Panasonic Corporation of North America, Buy.com, Inc., Best Buy Co., Inc., Best Buy Stores, LP; Bestbuy.com LLC, Canon Inc., Canon U.S.A., Inc., B & H Foto & Electronics Corp., Sakar International, Inc. d/b/a Vivitar, Leaf Imaging LTD (d/b/a Mamiyaleaf), Mamiya America Corporation, Olympus Corporation, Olympus Imaging America, Inc., Leica Camera AG, Leica Camera Inc., Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., FUJIFILM Corporation, General Imaging Co., Sigma Corporation et al., Target Corporation, Nikon Corporation, Nikon Inc., Micro Electronics, Inc., Overstock.com, Inc., Pentax Ricoh Imaging Company, Ltd., Pentax Ricoh Imaging Americas Corp., Ricoh Company, Ltd., Ricoh Americas Corp., Newegg Inc., Newegg.com, Inc., Xerox Corporation, Konica Minolta Business Solutions, U.S.A., Inc., Victor Hasselblad AB and Hasselblad USA Inc., Casio Computer Co Ltd, Casio America, Inc., ASUS Computer International, ASUStek Computer Inc., Motorola Mobility,  LLC et al., Apple Inc. and CDW LLC (collectively "Defendants"), and the Third-Party Defendant in the *Newegg* case, Acacia Research Corporation, file this joint report under Fed. R. Civ. P. 26(f), L. R. 26-1, and the Court's Scheduling Conference Order and state:

## I.    INTRODUCTION AND A SHORT SYNOPSIS OF THE PRINCIPAL ISSUES IN THE CASE.

In this case, Plaintiff contends that Defendants infringe United States Patent No. 6,128,415 ("the '415 patent"), entitled "Device Profiles for a Digital Image Processing System."  Plaintiff states that various claims of the '415 patent cover, *inter alia*, a device profile for describing properties of a device in a digital image reproduction system to capture, transform or render an image, said device profile comprising: first data for describing a device dependent transformation of color

1   information content of the image to a device independent color space; and second

2   data for describing a device dependent transformation of spatial information content

3   of the image in said device independent color space.  Plaintiff states that damages

4   from such infringement comprise a reasonable royalty.  Plaintiff's Complaints are

5   incorporated by reference herein.

6       Defendants contend that the '415 patent is invalid and not-infringed, and

7   have asserted various other defenses in their respective answers and/or

8   counterclaims, which are all incorporated by reference herein.

9       In addition, Newegg Inc. has filed two counterclaims against Digitech and

10  Acacia Research Corporation seeking declaratory judgments of non-infringement

11  and invalidity of the '415 patent.  As of the date of the meet-and-confer, Acacia

12  Research Corporation has filed a Motion to Dismiss which is scheduled to be heard

13  on April 1, 2013.

14

15      Both sides assert this is an exceptional case entitling each side to recover its

16  attorney's fees.

17

18  **II.   ITEMS REQUIRED BY FRCP 26(f):**

19      **FED. R. CIV. P. 26(f)(3)(A). What changes should be made in the timing,**

20      **form, or requirement for disclosures under Rule 26(a), including a**

21      **statement of when initial disclosures were made or will be made.**

22

23      The parties will make Rule 26(a) disclosures by April 8, 2013.

24      The Retailers maintain that no initial disclosures should be made as they have

25  moved for a stay of the case in its entirety.  Until that motion is resolved, the

26  Retailers do not believe that initial disclosures should be made.  However, if the

27  Court denies the motion to stay, the Retailers will agree to mutually exchange

28  disclosures with Plaintiff seven (7) business days after any order by the Court

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1   denying the Motion to Stay.  Plaintiff disagrees with the Retailers' position, and

2   contends that the Retailers should make initial disclosures along with the other

3   Defendants.

4          Additionally, Counter-Claimant Newegg Inc. and Third-Party Acacia

5   Research Corporation ("ARC") agree that initial disclosures do not need to be made

6   to each other in relation to the counter-claim asserted by Newegg against ARC until

7   seven (7) business days after any order by the Court denying ARC's Motion to

8   Dismiss.

9          **FED. R. CIV. P. 26(f)(3)(B). The subjects on which discovery may be**

10         **needed, when discovery should be completed, and whether discovery**

11         **should be conducted in phases or be limited to or focused on particular**

12         **issues.**

13

14   **Plaintiff's Position:**

15         Plaintiff expects that discovery may be needed regarding, *inter alia*, technical

16   matters relative to infringement, including the extent and duration of infringement,

17   the Defendants' knowledge of the patent-in-suit, the willfulness of infringement,

18   knowledge or intent relative to indirect infringement, matters relevant to the

19   reasonable royalty determination, including projections, unit sales, revenues and

20   profits for the accused products, and Defendants' defenses and counterclaims,

21   including issues related to validity and infringement.

22   **Non-Retailer Defendants' Position:**

23         Defendants expect that discovery may be needed, regarding, *inter alia*:

24   noninfringement of the '415 patent; invalidity of the '415 patent; lack of damages;

25   Plaintiff's licensing practices, including any licenses of the '415 patent; marking of

26   the '415 patent; prior assertions of the '415 patent, if any; and  enforceability of the

27   '415 patent.

28

3

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

**Retailer Defendants' Position:**

The Retailers are mere resellers of the cameras that Digitech accuses of infringement.  Digitech filed separate lawsuits against all of the camera manufacturers that supplied the Retailers the accused cameras.  The Retailers understand that no progress has been made in those cases.

The Retailers have no knowledge of the patent-in-suit, no information regarding the internal workings of the accused cameras and no technical expertise regarding the internal workings of digital cameras.  Discovery against the Retailers should be stayed until the resolution of the case against the camera manufacturers.

If the case against the Retailers is not stayed in its entirety, then the case against Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com (all of the retailers except B & H Foto and Newegg) should be stayed until just before the close of discovery.

If the case against Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com is not stayed in any respect, then the schedule for Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com should be set in coordination with the discovery and litigation schedule for the camera manufacturers except plaintiff should only be allowed to conduct limited damages discovery.

If the case against Newegg is not stayed in its entirety, the schedule for Newegg should be set in coordination with the discovery and litigation schedule for the camera manufacturers.

If the case against B & H Foto is not stayed in its entirety, the schedule for B & H Foto should be set in coordination with the discovery and litigation schedule for the camera manufacturers except plaintiff should only be allowed to conduct limited damages discovery of B & H Foto.

1    The Retailers cannot reasonably negotiate the boundaries of discovery or a

2  schedule for the camera manufacturers.   The Retailers' discovery and litigation

3  schedule should be set in coordination with the discovery and litigation schedule for

4  the camera manufacturers.

5    The Retailers expect that the camera manufacturers and other manufacturing

6  defendants will take discovery of Plaintiff regarding the invalidity of the patent-in-

7  suit, Plaintiff's knowledge of the invalidity of the patent-in-suit, Plaintiff's (or

8  Plaintiff's predecessor(s) in interest's) delay in asserting the patent-in-suit,

9  Plaintiff's damages theories, Plaintiff's licensing campaign and licenses granted to

10  the patent-in-suit, the meaning of certain terms in the patent-in-suit, the

11  inventorship of the patent-in-suit, Plaintiff's (or Plaintiff's predecessor(s) in

12  interest's) commercial embodiments of the patent-in-suit, and Plaintiff's allegations

13  and defenses to Defendants' counterclaims.  If the case against the Retailers is not

14  stayed then the Retailers expect to take discovery on the issues listed above.

15  **Acacia Research Corporation's Position:**

16    Third Party-Defendant Acacia Research Corporation ("ARC") is differently

17  situated than any other party to these cases.  ARC is an ultimate parent company of

18  Plaintiff.  It is not an owner, assignee, or exclusive licensee of the '415 patent and

19  is not asserting any claims in these cases, nor is it a Non-Retailer or Retailer.  The

20  majority of the discovery anticipated by the other parties is inapplicable to ARC.  It

21  is ARC's position that any discovery of ARC must be narrowly limited to ARC's

22  ownership interest (or, more correctly, lack of ownership interest) in the '415

23  Patent, and that any discovery of ARC should be stayed pending a ruling on its

24  Motion to Dismiss.

25    **FED. R. CIV. P. 26(f)(3)(C) Any issues about disclosure or discovery of**

26    **electronically stored information, including the form or forms in which**

27    **it should be produced.**

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

Subject to the Court's approval, Plaintiff proposes that the Court enter Federal Circuit's Model E-Discovery Order, which is on-line at h ttp://www.cafc.uscourts.gov/2011/model-e-discovery-order-adopted-by-the-federal-circuit-advisory-counsel.html, and which is set forth in the proposed order at Exhibit 1 hereto.  Plaintiff contends that defendants have articulated no basis to deviate from the Federal Circuit's Model E-Discovery Order, which Plaintiff contends strikes a reasonable balance between the competing needs/concerns of both sides.

Defendants object to Plaintiff's proposed Order and, subject to the Court's approval, propose that the Court enter a modified version of the Model E-Discovery Order at Exhibit 2 hereto. Defendants contend that plaintiff has not articulated any basis to oppose Defendants' form.  Defendants  contend that they have articulated important and specific reasons why their proposed Order should be adopted, including:  all of the Defendants consent to this form;  , entering this form would result in a single E-Discovery Order for all of these cases; and this form includes non-email ESI; and this form acknowledges that for the Retailers ESI discovery may not be feasible.  Alternatively, Defendants request that this issue be resolved by motion practice.  Consistent with Local Rule 7-3, Defendants will meet-and-confer with Plaintiff to attempt to resolve this matter, or at least narrow the issues for the Court, prior to filing the motion.

As to the form of discovery, each party will provide the other with productions delivered in a Concordance compatible database format, with a .DAT file to load the record information and an .OPT file to load the image information. The following fields will be provided in the DAT load file, specifically BEGDOC, ENDDOC, and PGCOUNT. As an alternative to this database format, documents may be produced as flat files in PDF format. Large spreadsheet files, such as Excel

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1   files shall be provided in native form upon request for good cause shown, or at the

2   election of the producing party.   A party may request production of other

3   documents in native form for good cause shown.

4      **FED. R. CIV. P. 26(f)(3)(D). Any issues about claims of privilege or of**

5      **protection as trial-preparation materials, including—if the parties agree**

6      **on a procedure to assert these claims after production—whether to ask**

7      **the court to include their agreement in an order.**

8

9      The parties agree that privileged documents, unless  related to an opinion of

10   counsel required to be disclosed under N.D. Cal. Pat. L.R. 3.8, that were generated

11   on or after July 16, 2012, the date of Digitech's first lawsuit, do not need to be

12   logged on privilege logs.

13      The parties disagree about whether post-suit legal hold letters (or legal hold

14   emails) should be logged on privilege logs. Plaintiff contends they should be.

15   Defendants contend they should not be.

16      The parties further agree that draft expert reports and declarations, including

17   notes, and communications between expert witnesses and counsel for the purpose

18   of preparing expert reports or declarations are not discoverable except to the extent

19   they are relied upon by the expert witness as a basis for  his or her opinion.

20      **FED. R. CIV. P. 26(f)(3)(E). What changes should be made in the**

21      **limitations on discovery imposed under these rules or by local**

22      **rule, and what other limitations should be imposed.**

23

24      Except as set forth below, the parties expect discovery to proceed in

25   accordance with the Federal Rules and the Court's Local Rules.

26      **Position of Plaintiff and Non-retailer Defendants Regarding Depositions:**

27

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1    The parties agree that the following limitations will govern depositions in the

2  above-identified cases:

3    1.  Plaintiff may depose the individual validity experts designated by

4        Defendants in accordance with Rule 30(b)(1) (i.e., for up to 7 hours)

5        per each expert report. In the event the Defendants designate one or

6        more common validity experts, Plaintiff may depose each such

7        common expert for up to 10 hours per expert report;

8    2.  Defendants may depose the individual validity experts designated by

9        Plaintiff in accordance with Rule 30(b)(1) (i.e., for up to 7 hours) per

10       each expert report. In the event the Plaintiff designates one or more

11       common validity experts, Defendants may depose each such common

12       expert for up to 7 hours per expert report, plus an additional 3 hours

13       for each Defendant[1] who is the subject of the report;

14   3.  Plaintiff may depose the individual non-infringement and damages

15       experts designated by Defendants in accordance with Rule 30(b)(1)

16       (i.e., for up to 7 hours) per each expert report. In the event the

17       Defendants designate one or more common non-infringement or

18       damages experts, Plaintiff may depose each such common expert for

19       up to 7 hours per expert report, plus an additional 3 hours per common

20       designating Defendant;

21   4.  Defendants may depose the individual infringement and damages

22       experts designated by Plaintiff in accordance with Rule 30(b)(1) (i.e.,

23       for up to 7 hours) per each expert report. In the event Plaintiff

24       designates one or more common infringement or damages experts,

25       Defendants may depose each such common expert for up to 7 hours

26

27  ─────────────────────
    [1] For purposes of depositions, "Defendant" is referring to a group of entities under
28  common ownership or control such as parent and subsidiaries.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

per expert report, plus an additional 3 hours per Defendant who is the subject of the report.

5. Defendants–may collectively depose Plaintiff in accordance with Rule 30(b)(6) for up to 7 hours per Rule 30(b)(6) designee on common topics plus an additional 3 hours per designee per Defendant;

As to the named inventors and prosecuting attorneys for the patent-in-suit:

    a.    Plaitniff proposes that Defendants may collectively depose each of the named inventors and prosecuting attorneys for the patent-in-suit in accordance with Rule 30(b)(1) for up to 14 hours;

    b.    Defendants propose that they may collectively depose each of the named inventors and prosecuting attorneys for the patent-in-suit in accordance with Rule 30(b)(1) for up to 7 hours plus an additional 3 hours per Defendant, up to a maximum of 21 hours;

6. Other depositions in the case shall be conducted in accordance with the normal rules applicable to Rule 30(b)(1) and Rule 30(b)(6) depositions; and

7. Plaintiff and each of the Defendants[2] may take up to 10 fact witness depositions in each of the above-identified cases. This limit does not apply to depositions of inventors, prosecuting attorneys or experts. However, the parties disagree about whether Rule 30(b)(6) designees should count against this 10 fact witness limit. Plaintiff contends that they should not, including because Defendants control how many persons they designate under Rule 30(b)(6). Defendants contend that Rule 30(b)(6) designees should count against the 10 deponent limit.

---

[2] For purposes of this paragraph, "Defendants" means collectively all defendants named in the above-captioned cases.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1       The Defendants contend that without counting the Rule 30(b)(6)
2       designees against the limit on fact witnesses the total number of
3       depositions in the matter could become excessive.  The Defendants
4       also note that its proposal applies equally to both sides as Plaintiff, as
5       well as Defendants, control how many persons it designates under
6       Rule 30(b)(6)  Finally, the Advisory Committee Note to the 1993
7       amendment to Rule 30 that created the presumptive limit of 10
8       depositions per side makes clear that '[a] deposition under Rule
9       30(b)(6) should, for purposes of [the 10 deposition] limit, be treated as
10      a single deposition even though more than one person may be
11      designated to testify.

12  **Retailers' Position Regarding Depositions:**

13  1.  The issues facing the Retailers are far different from the issues facing
14      most other defendants.  Many of those other defendants manufacture the
15      accused products.   The accused products include digital cameras,
16      multifunction printers and scanners, cell phones and tablets.  The Retailers
17      are merely accused of selling some of the accused digital cameras, a small
18      subset of the accused products.  And, even for the accused digital cameras
19      that the Retailers do sell, Digitech's depositions on technical topics
20      related to invalidity and infringement will involve witnesses from the
21      camera manufacturers, not witnesses from the Retailers.

22  2.  Each retailer is accused of selling a different set of digital cameras than
23      every other retailer.  For example, Overstock.com is not accused of selling
24      any Casio, Fujifilm, GE or Sony products.  CDW is not accused of selling
25      any Mamiya or Sakar products.  Best Buy is not accused of selling any
26      Sigma products.  And so on.  No retailer is interested in the exact same
27      issues as any other retailer and thus cannot agree to be bound by common

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

deposition limits with those other retailers.

3. Further, the Retailers are only accused of selling digital cameras. The Retailers are not accused of selling multifunction printers and scanners, cell phones or tablets. The infringement issues related to digital cameras are different than the infringement issues related to multifunction printers and scanners, cell phones and tablets. Thus, the Retailers cannot agree to be bound by common deposition limits with the defendants that manufacturer multifunction printers and scanners, cell phones or tablets.

4. Accordingly, the limitations imposed by the Federal Rules should apply to depositions except: 1) the Retailers may depose each of the named inventors and prosecuting attorneys for the patent-in-suit in accordance with Rule 30(b)(1) for up to 10 hours over two days with a maximum of 7 hours of testimony on either day; and 2) depositions of the Retailers shall be limited to topics related to sales, distribution and marketing of the accused products and prior knowledge, if any, of the asserted patent.

**Interrogatories and Requests for Admission:**

**Plaintiff's and Non-Retailers Position Regarding Interrogatories and Requests for Admission**

The plaintiff and non-retailer defendants do not request any modifications to the Federal Rules of Civil Procedure with respect to interrogatories and requests for admissions.

**Retailers' Position Regarding Interrogatories and Requests for Admissions**

Interrogatories propounded on the Retailers shall be limited to sales, distribution and marketing of the accused products and pre-filing knowledge of the asserted patent. Except for requests for admission directed to admissibility issues,

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

requests for admission propounded on the Retailers shall be limited to sales, distribution and marketing of the accused products and pre-filing knowledge of the asserted patent.  Plaintiff disagrees with the Retailers' position and contends that if they truly lack information, for example, technical information, responsive to a discovery request, then they should just respond that they lack the requested information.

**FED. R. CIV. P. 26(f)(3)(F). Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiff proposes the Protective Order at Exhibit 3 hereto.  This is the same Protective Order that the Court has aleady entered in the *Electronics for Imaging* case.  This Proposed Protective Order is almost identical to the Standard Stipulated Protective Order for Litigation Involving Patents in the Northern District of California.  The only changes to the Northern District's Standard Order are (1) to conform it to the Local Rules of the Central District with respect to filing documents under seal, and (2) there are relatively minor modifications to Sections 5.1 and 5.2, which relate to how protected information is designated.   Plaintiff contends that defendants have not articulated any basis to oppose this form, which represents the fair and reasonable balance struck by the Northern District's Standard Order.

Defendants object to Plaintiff's proposed Protective Order, and instead propose the Protective Order, which is attached hereto as Exhibit 4, and request that the Court enter this Order in all of the above-identified cases.  Defendants contend that plaintiff has not articulated any basis to oppose Defendants' form.  Defendants contend that they have articulated important and specific reasons why their

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

proposed Order should be adopted, including: all of the Defendants—including Electronics for Imaging—consent to this form;  entering this form would result in a single Protective Order for all of these cases; and this form contains critical safeguards for the manufacturers regarding the protection of source code, which safeguards are routinely requested by the manufacturers and adopted by courts. Without the necessary safeguards on critical source code, it is possible there could be inadvertent disclosure of source code, which could irreparably damage some of the manufacturers.  Accordingly, if Defendants' Protective Order is not adopted, Defendants should be afforded the opportunity to brief this issue before the Court by way of motion practice to establish their position on this very critical issue.

Consistent with Local Rule 7-3, the parties will meet-and-confer to attempt to resolve this matter, or at least narrow the issues for the Court, prior to filing the motion.

## III.    ITEMS REQUIRED BY L.R. 26-1:

**L. R. 26-1(a). The complexity of the case, and whether all or part of the procedures of the Manual for Complex Litigation (current edition) should be utilized. Counsel may propose to the Court modifications of the procedures in the Manual to facilitate the management of a particular action.**

The parties agree that the procedures in the Manual for Complex Litigation are not necessary for this matter.

**L. R. 26-1(b). The dispositive or partially dispositive motions which are likely to be made, and a cutoff date by which all such motions shall be made.**

1    Plaintiff and Defendants both anticipate filing at least summary judgment
2    motions in the case.  *See* proposed schedule at Appendix A, *infra*.

3    Additionally, Counter-Defendant Acacia Research Corporation intends to file
4    a motion for summary judgment if its pending Motion to Dismiss is not granted.

5    **L. R. 26-1(c). The likelihood of settlement, whether settlement**
6    **discussions have taken place or are scheduled, and which mandatory**
7    **settlement procedure should be utilized under L.R. 16-15.**

8

9    To date, few of the parties have  discussed settlement.  The parties expect to
10   discuss settlement in the near future.

11   The Retailers believe that settlement will only be possible through
12   settlements between Plaintiff and the camera manufacturers which supply the
13   accused cameras to the Retailers.  If the camera manufacturers which supply the
14   accused cameras to the Retailers settle with Plaintiff then those settlements will also
15   cover the Retailers.

16   At this time, the likelihood of settlement is speculative.  Pursuant to Local
17   Rule 16-15.4, the parties recommend the settlement procedure comprising
18   appearance before a retired judicial officer or other private or non-profit dispute
19   resolution body for non-judicial settlement or mediation proceedings. *See* Local
20   Rule 16-15.4(3).

21   **L. R. 26-1(d). A preliminary estimate of the time required for trial.**

22

23   The parties preliminary estimate that seven calendar days will be required for
24   each trial against each Defendant.

25   **L. R. 26-1(e). The likelihood of appearance of additional**
26   **parties.**

27

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1    Plaintiff states that it only anticipates adding additional parties if discovery
2    reveals that Defendants' affiliates are actually the ones performing the infringing
3    acts relative to one or more of the accused products.  Defendants state that certain
4    third parties from which accused technology is purchased or otherwise obtained
5    may elect to intervene in one or more cases, or Defendants in such cases may seek
6    to bring such third parties in as third-party defendants.  Otherwise, the parties' state
7    that additional parties are not likely to appear.

8    **L. R. 26-1(f). The proposed timing of disclosures under Fed. R. Civ. P.**
9    **26(a)(2).**

10

11   Per the proposed schedule at Appendix A, *infra*.

12   **IV.    ITEMS REQUIRED BY THE SCHEDULING CONFERENCE**
13   **ORDER:**

14   **(1) A listing and proposed schedule of written discovery, depositions, and**
15   **a proposed discovery cut-off date.**

16

17   Pending the outcome on the Retailers' Motion to Stay and Counter-
18   Defendant Acacia Research Corporation's Motion to Dismiss, and consistent with
19   the Court's orders consolidating cases for purposes of discovery and claim
20   construction, the parties have proposed that each of the above-identified cases
21   proceed on the same schedule through the close of fact and expert discovery
22   (including claim construction).  Per the Court's Standing Order Regarding Patent
23   Cases, the parties' proposed schedules are based upon the Patent Local Rules of the
24   United States District Court for the Northern District of California, and this is set
25   forth at Appendix A *infra*.

26   In light of the number of defendants, the Defendants propose that the Court
27   hold a scheduling conference at the close of discovery to address the remaining

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

deadlines to file motions (both motions in limine and motions other than those in limine), and to schedule the pre-trial conference and trial dates.   As a general proposition, the parties agree that the Court should enter staggered deadlines for these dates at the Court's convenience.

The Parties agree on separate trials for each Defendant pursuant to 35 U.S.C. section 299.

**(2) A listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut-off date.**

Per the proposed schedules at Appendix A *infra*.

**(3) a statement of what efforts have been made to settle or resolve the case to date and what settlement procedure is recommended pursuant to Local Rule 16-15.4 (specifically excluding any statement of the terms discussed).**

To date, few of the parties have  discussed settlement.  Pursuant to Local Rule 16-15.4, the parties recommend the settlement procedure comprising appearance before a retired judicial officer or other private or non-profit dispute resolution body for non-judicial settlement or mediation proceedings. *See* Local Rule 16-15.4(3).

The Retailers believe that settlement will only be possible through settlements between Plaintiff and the camera manufacturers which supply the accused cameras to the Retailers.  If the camera manufacturers which supply the accused cameras to the Retailers settle with Plaintiff then those settlements will also cover the Retailers.

**(4) An estimated length of trial and a proposed date for the Final Pretrial Conference and for Trial.**

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

The parties presently estimate that trial of this matter against each Defendant will take seven calendar days.  Their proposal for the Final Pretrial Conference and Trial are set forth in Appendix A, *supra*.

**(5) A discussion of other parties likely to be added.**

Plaintiff states that it only anticipates adding additional parties if discovery reveals that Defendants' affiliates are actually the ones performing the infringing acts relative to one or more of the accused products.  Defendants state that certain third parties from which accused technology is purchased or otherwise obtained may elect to intervene in one or more cases, or Defendants in such cases may seek to bring such third parties in as third-party defendants.  Otherwise, the parties' state that additional parties are not likely to appear.

**(6) Whether trial will be by jury or to the court.**

Both sides have filed jury demands and anticipate there will be a jury trial over all issues triable by jury.

**(7) Any other issues affecting the status or management of the case.**

As noted above, there are thirty-two patent infringement cases involving the patent-in-suit pending before this Court.  Due to the number of related cases before the Court, and as set forth above, the Parties identified above propose a single schedule for all cases through the close of fact and expert discovery (including through claim construction) as set forth in Appendix A, *infra*).

**(8) Proposals regarding severance, bifurcation or other ordering of proof.**

**Plaintiff:**

Plaintiff opposes a stay of the retailer cases.

**Non-Retailer Defendants:**

The Non-Retailer Defendants do not oppose a stay of the retailer cases.

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

**Retailer Defendants:**

The Retailers contend that the proceedings against them should be stayed pending the resolution of the litigation against the digital camera manufacturers.

If the case against The Retailers is not stayed in its entirety, then the case against Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com (all of the retailers except B & H Foto and Newegg) should be stayed until just before the close of discovery.

If the case against Buy.com, Best Buy, CDW, Target, Micro Electronics and Overstock.com is not stayed in every respect, then the schedule for Buy.com, Best Buy,  CDW, Target, Micro Electronics and Overstock.com should be set in coordination with the discovery and litigation schedule for the camera manufacturers except plaintiff should only be allowed to conduct limited damages discovery.

If the case against Newegg is not stayed in its entirety, the schedule for Newegg should be set in coordination with the discovery and litigation schedule for the camera manufacturers.

If the case against B & H Foto is not stayed in its entirety, the schedule for B & H Foto should be set in coordination with the discovery and litigation schedule for the camera manufacturers except plaintiff should only be allowed to conduct limited damages discovery of B & H Foto.

**Third-Party Defendant Acacia Research Corporation:**

ARC reserves the right to file a motion to stay the third-party claims against it pending resolution of the primary litigation between plaintiff Digitech and defendant/third-party plaintiff Newegg.

**(9) A short synopsis of the principal issues in the case.**

*See* Section I above.

**(10) A statement of whether pleadings are likely to be amended.**

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

As discovery progresses, each side may amend pleadings by the cut-off date for amendments.

**(11) A statement as to issues which any party believes may be determined by motion.**

Third-Party-Defendant Acacia Research Corporation intends to file a motion for summary judgment if its pending Motion to Dismiss is not granted.

SO STIPULATED.

Dated:          March 18, 2013          Collins Edmonds Pogorzelski Schlather & Tower PLLC


By: /s/ JOHN J. EDMONDS

JOHN J. EDMONDS

Attorneys for Plaintiff

Digitech Image Technologies, LLC

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:        March 18, 2013          Jones Day


By: /s/ FRANK P. COTE

FRANK P. COTE


Attorneys for Defendant

Electronics for Imaging, Inc.

Dated:        March 18, 2013          Orrick, Herrington & Sutcliffe LLP


By: /s/ CHRISTOPHER P. BRODERICK

CHRISTOPHER P. BRODERICK


Attorneys for Defendants

Panasonic Corporation And Panasonic

Corporation of North America

Dated:        March 18, 2013          Dorsey & Whitney LLP


By: /s/ CASE COLLARD

CASE COLLARD


Attorneys for Defendant Buy.com Inc.

20

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1

2
Dated:        March 18, 2013            Robins, Kaplan, Miller & Ciresi L.L.P.

3

4
                                        By: /s/ MICHAEL A. GEIBELSON

5
                                        MICHAEL A. GEIBELSON

6
                                        Attorneys for Defendants
7
                                        Best Buy Co., Inc., Best Buy Stores, LP, and
8
                                        Bestbuy.Com LLC
9

10
Dated:        March 18, 2013            Orrick, Herrington & Sutcliffe LLP
11

12

13
                                        By: /s/ CHRISTOPHER P. BRODERICK

14
                                        CHRISTOPHER P. BRODERICK

15

16
                                        Attorneys for Defendants

17
                                        Canon Inc. and Canon U.S.A., Inc.

18
Dated:        March 18, 2013            Kaye Scholer LLP
19

20

21
                                        By: /s/ OSCAR RAMALLO

22
                                        OSCAR RAMALLO

23
                                        Attorneys for Defendant
24
                                        B & H Foto & Electronics Corp.
25

26

27

28
                                                                  JOINT REPORT UNDER
                                                                  FED.R.CIV.P. 26(F)
                                     21                           AND L. R. 26-1

Dated:     March 18, 2013          Kohan Law Firm

                                   Ezra Sutton & Associates, P.A.


                                   By: /s/ K. TOM KOHAN

                                   K. TOM KOHAN

                                   Attorneys for Defendant and

                                   Counter-claimant Sakar International, Inc.

Dated:     March 18, 2013          Greenburg Traurig, LLP


                                   By: /s/ J. RICK TACHÉ

                                   J. RICK TACHÉ

                                   Attorneys for Defendant

                                   Mamiya America Corporation

Dated:     March 18, 2013          Greenburg Traurig, LLP


                                   By: /s/ J. RICK TACHÉ

                                   J. RICK TACHÉ

                                   Attorneys for Defendant

                                   Leaf Imaging Ltd.

1
2

Dated:        March 18, 2013                Orrick, Herrington & Sutcliffe LLP

3

4                                           By: /s/ CHRISTOPHER P. BRODERICK

5                                             CHRISTOPHER P. BRODERICK

6
7                                           Attorneys for Defendants
                                            Olympus Corporation and Olympus Imaging
8                                           America, Inc.

9

10
      Dated:        March 18, 2013                Crowell & Moring LLP
11

12

13                                          By: /s/ DANIEL A. SASSE

14                                            DANIEL A. SASSE

15
16                                          Attorneys for Defendants
                                            Leica Camera AG and Leica Camera Inc.
17

18
      Dated:        March 18, 2013                Finnegan, Henderson, Farabow, Garrett &
19                                          Dunner, LLP
20

21

22                                          By: /s/ LIONEL M. LAVENUE

23                                            LIONEL M. LAVENUE

24
25                                          Attorneys for Defendants
                                            Sony Corporation, Sony Corporation of
26                                          America, and Sony Electronics Inc.
27

28
                                                                     JOINT REPORT UNDER
                                              23                     FED.R.CIV.P. 26(F)
                                                                     AND L. R. 26-1

1

2

Dated:          March 18, 2013          Orrick, Herrington & Sutcliffe LLP

3

4

By: /s/ CHRISTOPHER P. BRODERICK

5

CHRISTOPHER P. BRODERICK

6

7

Attorneys for Defendant

FUJIFILM Corporation

8

9

10

Dated:          March 18, 2013          Knobbe, Martens, Olson & Bear, LLP

11

12

By: /s/ JON W. GURKA

13

JON W. GURKA

14

15

Attorneys for Defendant

General Imaging Company

16

17

Dated:          March 18, 2013          Orrick, Herrington & Sutcliffe LLP

18

19

By: /s/ CHRISTOPHER P. BRODERICK

20

CHRISTOPHER P. BRODERICK

21

22

Attorneys for Defendants

Sigma Corporation and Sigma Corporation of

23

America

24

25

26

27

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1

2

Dated:        March 18, 2013          Orrick, Herrington & Sutcliffe LLP

3

4                                                  By: /s/ CHRISTOPHER P. BRODERICK

5                                                  CHRISTOPHER P. BRODERICK

6

7                                                  Attorneys for Defendant

8                                                  Target Corporation

9

10

Dated:        March 18, 2013          Orrick, Herrington & Sutcliffe LLP

11

12                                                 By: /s/ CHRISTOPHER P. BRODERICK

13                                                 CHRISTOPHER P. BRODERICK

14

15                                                 Attorneys for Defendants

16                                                 Nikon Corporation and Nikon, Inc.

17

18

Dated:        March 18, 2013          Orrick, Herrington & Sutcliffe LLP

19

20                                                 By: /s/ CHRISTOPHER P. BRODERICK

21                                                 CHRISTOPHER P. BRODERICK

22

23                                                 Attorneys for Defendant

24                                                 Micro Electronics, Inc.

25

26

27

28

1

2    Dated:        March 18, 2013        Orrick, Herrington & Sutcliffe LLP

3

4                                        By: /s/ CHRISTOPHER P. BRODERICK

5                                        CHRISTOPHER P. BRODERICK

6
                                         Attorneys for Defendant
7
                                         Overstock.com, Inc.
8

9
     Dated:        March 18, 2013        The Webb Law Firm
10

11

12                                       By: /s/ CECILIA R. DICKSON

13                                       CECILIA R. DICKSON

14
                                         Attorneys for Defendants
15
                                         Newegg Inc. and Newegg.com Inc. and
16
                                         Counter-Plaintiff Newegg Inc.
17

18
     Dated:        March 18, 2013        DLA Piper LLP (US)
19

20

21                                       By: /s/ RICHARD DE BODO

22                                       RICHARD DE BODO

23
                                         Attorneys for Defendants
24
                                         Pentax Ricoh Imaging Co., Ltd.; Pentax Ricoh
25
                                         Imaging Americas Corporation; Ricoh
26
                                         Company, Ltd.; and Ricoh Americas Corp.
27

28
                                                        JOINT REPORT UNDER
                                         26             FED.R.CIV.P. 26(F)
                                                        AND L. R. 26-1

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:      March 18, 2013 | Ballard Spahr LLP |
| 3 | | |
| 4 | | By: /s/ ROSINA M. HERNANDEZ |
| 5 | | ROSINA M. HERNANDEZ |
| 6 | | |
| 7 | | Attorneys for Defendant |
| 8 | | Xerox Corporation |
| 9 | | |
| 10 | Dated:      March 18, 2013 | Orrick, Herrington & Sutcliffe LLP |
| 11 | | |
| 12 | | By: /s/ CHRISTOPHER P. BRODERICK |
| 13 | | CHRISTOPHER P. BRODERICK |
| 14 | | |
| 15 | | Attorneys for Defendant |
| 16 | | Konica Minolta Business Solutions, U.S.A., |
| 17 | | Inc. |
| 18 | | |
| 19 | Dated:      March 18, 2013 | Marshall, Gerstein & Borun LLP |
| 20 | | Gibson, Dunn & Crutcher LLP |
| 21 | | |
| 22 | | By: /s/ ANTHONY S. GABRIELSON |
| 23 | | |
| 24 | | ANTHONY S. GABRIELSONAttorneys for |
| 25 | | Defendant |
| 26 | | CDW LLC |
| 27 | | |
| 28 | | |

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1

2

Dated:      March 18, 2013          Renner, Otto, Boisselle & Sklar, LLP

3

4                                   By: /s/ MARK C. JOHNSON

5                                   MARK C. JOHNSON

6

7                                   Attorneys for Defendants

8                                   Victor Hasselblad AB and Hasselblad USA

9                                   Inc.

10

11          Dated:      March 18, 2013          Sills Cummis & Gross P.C.

12

13                                  By: /s/ SCOTT D. STIMPSON

14                                  SCOTT D. STIMPSON

15

16                                  Attorneys for Defendants

17                                  Casio America, Inc. and Casio Computer Co.,

18                                  Ltd.

19

20          Dated:      March 18, 2013          Turner Boyd LLP

21

22                                  By: /s/ JOSHUA M. MASUR

23                                  JOSHUA M. MASUR

24

25                                  Attorneys for Defendants

26                                  ASUS Computer International and ASUSTeK

27                                  Computer Inc.

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:        March 18, 2013            Bostwick & Jassy LLP

Kilpatrick Townsend & Stockton LLP


By: /s/ GARY L. BOSTWICK
_____

GARY L. BOSTWICK

Attorneys for Defendant
Motorola Mobility LLC

Dated:        March 18, 2013            Jones Day


By: /s/ FRANK P. COTE
_____

FRANK P. COTE

Attorneys for Defendant
Apple Inc.

Dated:        March 18, 2013            Hodel Briggs Winter LLP


By: /s/ KARLA J. KRAFT
_____

KARLA J. KRAFT

Attorneys for Defendant
Acacia Research Corporation

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

1    **SO ORDERED.**

2    DATED: _____        _____

3                                   Hon. Otis D. Wright, II

4                                   UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT REPORT UNDER
FED.R.CIV.P. 26(F)
AND L. R. 26-1

**CERTIFICATE OF SERVICE**

I, John J. Edmonds, declare as follows:

I am over the age of eighteen years and am not a party to this action. I am employed at the law firm of Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC and I am a member of the bar of this Court. I hereby certify that on March 18, 2013 the following document was transmitted via the Court's Electronic Case Filing (ECF) system:

**JOINT REPORT UNDERFED.R.CIV.P. 26(f)**
**AND L.R. 26-1**

I further certify that the attached document was sent on March 11, 2013 via the Court's Electronic Case Filing (ECF) system to all counsel of record in this action.

March 18, 2013                                    Respectfully Submitted,


                                                 /s/ John J. Edmonds
                                                 John J. Edmonds


                                                 ATTORNEY FOR PLAINTIFF
                                                 DIGITECH IMAGE
                                                 TECHNOLOGIES, LLC.