John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorney for Plaintiff,
DIGITECH IMAGE TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONICS FOR IMAGING, INC.,<br><br>Defendant. | CASE NO. SACV 12-01324-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PANASONIC CORPORATION and PANASONIC CORPORATION OF NORTH AMERICA,<br><br>Defendant. | CASE NO. SACV 12-01667-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |

| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01668-ODW (MRWx) |
|---|---|
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED ESI ORDER |
| BUY.COM, INC., | |
| Defendant. | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01669-ODW (MRWx) |
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED ESI ORDER |
| BEST BUY CO., INC.; BEST BUY STORES, LP; BESTBUY.COM LLC, | |
| Defendants. | Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, | CASE NO. SACV 12-01670-ODW (MRWx) |
| Plaintiff, | |
| v. | [PROPOSED] STIPULATED ESI ORDER |
| CANON INC. and CANON U.S.A., INC., | |
| Defendants. | Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>B&H FOTO & ELECTRONICS CORP.,<br><br>Defendant. | CASE NO. SACV 12-01671-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAKAR INTERNATIONAL, INC. d/b/a VIVITAR,<br><br>Defendant. | CASE NO. 8:12-CV-01673-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEAF IMAGING LTD (d/b/a Mamiyaleaf), and MAMIYA AMERICA CORPORATION,<br><br>Defendants. | CASE NO. 8:12-CV-01675-ODW (MRW)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OLYMPUS CORPORATION AND OLYMPUS IMAGING AMERICA, INC., <br><br> Defendant. | CASE NO. SACV 12-01676-ODW (MRWx) <br><br> [PROPOSED] STIPULATED ESI ORDER <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LEICA CAMERA AG and LEICA CAMERA INC., <br><br> Defendants. | CASE NO. SACV 12-01677-ODW (MRWx) <br><br> [PROPOSED] STIPULATED ESI ORDER <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SONY CORPORATION; SONY CORPORATION OF AMERICA; and SONY ELECTRONICS INC., <br><br> Defendants. | CASE NO. SACV 12-01678-ODW (MRWx) <br><br> [PROPOSED] STIPULATED ESI ORDER <br><br> Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FUJIFILM CORPORATION, <br><br> Defendant. | CASE NO. SACV 12-01679-ODW (MRWx) <br><br> [PROPOSED] STIPULATED ESI ORDER <br><br> Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL IMAGING CO.,<br><br>Defendants. | CASE NO. 8:12-cv-01680-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIGMA CORPORATION ET AL.,<br><br>Defendant(s). | CASE NO. SACV 12-01681-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | CASE NO. SACV 12-01683-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NIKON CORPORATION AND NIKON INC.,<br><br>Defendant. | CASE NO. SACV 12-01685-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICRO ELECTRONICS, INC.,<br><br>Defendant. | CASE NO. SACV 12-01686-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OVERSTOCK.COM, INC.,<br><br>Defendant. | CASE NO. SACV 12-01687-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NEWEGG INC. and NEWEGG.COM INC.,<br><br>Defendants. | CASE NO. SACV 12-01688-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| NEWEGG INC.<br><br>Counter-Plaintiff,<br><br>v.<br><br>DIGITECH IMAGE TECHNOLOGIES, LLC and ACACIA RESEARCH CORPORATION<br><br>Counter-Defendants. | |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PENTAX RICOH IMAGING COMPANY, LTD., PENTAX RICOH IMAGING AMERICAS CORP., RICOH COMPANY, LTD., AND RICOH AMERICAS CORP.,<br><br>Defendants. | CASE NO. SACV 12-01689-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>XEROX CORPORATION,<br><br>Defendant. | CASE NO. SACV 12-01693-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC.,<br><br>Defendants. | CASE NO. SACV 12-01694-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CDW LLC,<br><br>Defendant(s). | CASE NO. SACV 12-01695-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR HASSELBLAD AB and HASSELBLAD USA INC.,<br><br>Defendants. | CASE NO. 8:12-cv-01696-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CASIO COMPUTER CO LTD, CASIO AMERICA, INC.,<br><br>Defendants. | CASE NO. SACV 12-01697-ODW (MRW)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL and ASUSTEK COMPUTER INC.,<br><br>Defendants. | CASE NO. SACV 12-02122 ODW (SSx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC, et al.,<br><br>Defendants. | CASE NO. SACV 12-02123-ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br><br>Judge: Hon. Otis D. Wright, II |

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.<br><br>Defendants. | CASE NO. SACV 12-02125 ODW (MRWx)<br><br>[PROPOSED] STIPULATED ESI ORDER<br><br>Judge: Hon. Otis D. Wright, II |

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be

narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.