UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | SA CV 12-1688 - ODW (MRWx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | Digitech Image Technologies, LLC v. Newegg Inc et al | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Christine Chung | Katie Thibodeaux | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| John J. Edmonds | Annette Kazmerski | |
|  | Kent E. Baldauf, Jr. - telephonic | |

**Proceedings:** SCHEDULING CONFERENCE

Case called and appearances made. The Court rules as follows.

This Minute Order applies to, and shall be filed in, all of the cases listed below (the "*Digitech* Cases"), which were filed by Plaintiff Digitech Image Technologies, LLC and include claims for infringement of United States patent 6,128,415. This Order applies to any cases subsequently filed by the Digitech alleging infringement of the same patent.

### I.     Relation and Coordination of Cases

The *Digitech* Cases are deemed related within the meaning of General Order 08-05 section 5 and Local Rule 83-1.3 because they will call for determination of the same and substantially similar questions of law or fact, will entail substantial duplication of labor if heard by different judges, and involve the same patents. The *Digitech* Cases are, until further order, coordinated for case-management purposes under Federal Rule of Civil Procedure 42. The Court will issue

|  | : | 02 |
|---|---|---|
| Initials of Preparer | CCH | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | SA CV 12-1688 - ODW (MRWx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | Digitech Image Technologies, LLC v. Newegg Inc et al | | |

one protective order, one electronically stored information order, and one scheduling order to govern all of the cases. All post-litigation communications, including hold letters and memoranda, may be excluded from all privilege logs. The parties are hereby **ORDERED** to file a joint brief addressing their respective positions on the protective and electronically-stored-information orders to be issued in this case. The joint brief shall not exceed 20 pages in length (excluding exhibits) and shall be filed no later than **April 15, 2013**. In addition, the stipulated protective order filed in *Digitech Image Technologies LLC v. Electronics for Imaging, Inc.*, No. 8:12-cv-01324, ECF No. 35 (C.D. Cal. filed Jan. 1, 2013), is hereby **VACATED**. That order will be replaced with a forthcoming protective order applicable in all of these consolidated cases.

This Order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

The low-number case, *Digitech Image Technologies LLC v. Electronics for Imaging, Inc.*, No. 8:12-cv-01324-ODW-MRW (C.D. Cal. filed Aug. 16, 2012), will serve as the master case file. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual related case to the extent applicable. Parties shall enter their appearances in the individual cases, and the Clerk is directed to add all parties and attorneys from the individual cases to the master case file such that all counsel appearing in the individual cases will receive notifications for the master case file as well.

If orders, pleadings, motions, or other documents are generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file. Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and will only be filed in the individual cases.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | SA CV 12-1688 - ODW (MRWx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | Digitech Image Technologies, LLC v. Newegg Inc et al | | |

**II.     Discovery**

    **A.     Generally**

Pursuant to the Court's Patent Standing Order, the Court hereby **REFERS** all discovery matters to this Court for all purposes.  This Minute Order supersedes any representations made to the contrary in the Court's Scheduling and Case Management Order.  This Order likewise supersedes Central District of California Local Rule 37 in its entirety.

All discovery responses must be verified.

The Court will handle all discovery disputes in the form of letter briefs, which shall be electronically filed as a "Notice of Discovery Dispute."  For the purposes of discovery letter briefs governed by this Patent Discovery Order only, the parties may disregard any automatically generated Notice to Filer of Deficiencies invoking Local Rule 11's formatting rules or Local Rule 83-2.11's prohibition on communications with the judge via letter.  The moving party shall fully comply with both the letter and the spirit of Local Rule 7-3 and 37-1's meet-and-confer requirements prior to submitting its opening letter brief.  The parties are further encouraged to review Federal Rule of Civil Procedure 37(5)(A) carefully before submitting any discovery briefs.

Upon the filing of the opening letter brief, the opposing party shall have 7 days to file a responding letter brief.  The parties' opening and responding letter briefs shall not exceed 5 single-spaced pages, excluding declarations and exhibits.  Both briefs shall succinctly state each side's position on the dispute.  The Court will not accept any reply briefs.

In lieu of holding a hearing on discovery matters, the Court will schedule a teleconference for as soon as practicable following the Court's receipt of the opposing party's responding letter brief.

    **B.     Coordination and Limitation on Discovery**

The Court intends to actively manage this case in order to conserve the resources of all parties and to focus effort on key issues.  The Court notes that the attached case-management schedule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | SA CV 12-1688 - ODW (MRWx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | Digitech Image Technologies, LLC v. Newegg Inc et al | | |

assumes one trial. These actions are being coordinated, but the Court will only join Defendants for trial if such consolidation will facilitate the just, speedy, and inexpensive disposition of the actions and the criteria of 35 U.S.C. § 299 are met. A further case-management conference will be held after the Court issues its *Markman* order to re-evaluate these dates as necessary.

The Court will require efficient coordinated discovery practice. The parties shall confer and attempt to agree on limitations that reflect coordination. For example, on common issues, Plaintiff's witnesses should not, in most instances, be separately deposed in every case. Rather, a combined multi-day deposition would be appropriate, scheduled for enough time to cover all Defendants' individual issues, with common issues handled in a coordinated and nonduplicative manner. The Court anticipates that, subject to confidentiality restrictions, all depositions of Plaintiff's witnesses shall be cross-noticed for, and may be used in, every case. The parties are encouraged to cross-notice depositions of defense witnesses where appropriate. The parties should agree on a number of common discovery requests to be served on Plaintiff, with a small number of additional requests for each Defendant. Likewise, the parties should explore whether it would be feasible to reduce the default number of discovery requests to be served on each Defendant.

Defendants are encouraged to coordinate their positions to the maximum extent possible and not present Plaintiff or the Court with multiple proposals on scheduling and coordination of discovery unless there are truly insoluble conflicts among the defendants. Defendants are encouraged to form working groups, perhaps organized by issue, to assist in the coordination of these actions and the presentation of a cohesive Defense position to the extent possible.

### III.    The Cases Against the Retailer Defendants are Hereby Stayed

The Court hereby **GRANTS** the following retailer Defendants' motions to stay:

> *Digitech Image Tech. LLC v. Buy.com*, No. 8:12-cv-01668, ECF No. 13
> *Digitech Image Tech. LLC v. Best Buy Co.*, No. 8:12-cv-01669, ECF No. 19
> *Digitech Image Tech. LLC v. B&H Foto & Elec. Corp.*, No. 8:12-cv-01671, ECF No. 18
> *Digitech Image Tech. LLC v. Target Corp.*, No. 8:12-cv-01683, ECF No. 16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | SA CV 12-1688 - ODW (MRWx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | Digitech Image Technologies, LLC v. Newegg Inc et al | | |

*Digitech Image Tech. LLC v. Micro Elec. Inc.*, No. 8:12-cv-01686, ECF No. 16
*Digitech Image Tech. LLC v. Overstock.com*, No. 8:12-cv-01687, ECF No. 16
*Digitech Image Tech. LLC v. Newegg Inc.*, No. 8:12-cv-01688, ECF No. 23
*Digitech Image Tech. LLC v. CDW LLC*, No. 8:12-cv-01695, ECF No. 22

In addition, the retailer Defendants listed above are hereby **ORDERED** to communicate with Christopher Broderick as soon as practicable, but in no event later than April 5, 2013, to inform him whether each retailer will agree to be bound to this Court's *Markman* and invalidity rulings once the stay has been lifted in exchange for a stay of this entire litigation pending final resolution of every manufacturer action.  Mr. Broderick shall then email the Court's courtroom deputy clerk, Sheila English, at Sheila_English@cacd.uscourts.gov no later than April 8, 2013, to alert the Court of the retailers' decision.  A retailer's refusal to be bound by the Court's *Markman* and invalidity rulings will affect the length of the stay against that retailer Defendant and may result in the Court's immediately lifting the stay.

In addition, Plaintiff and the retailer Defendants shall coordinate one round of sales-figure discovery requests.  Plaintiff must then submit these discovery requests for Court approval prior to propounding those requests on the retailer Defendants.

## IV.   Sakar's Motion to Transfer Venue

Defendant Sakar's Motion to Transfer Venue in *Digitech Image Technologies LLC v. Sakar International Inc.*, No. 8:12-cv-01673, ECF No. 13 (C.D. Cal. filed December 3, 2012) is hereby **DENIED** without prejudice.  Defendants Sakar and Leica Camera Inc. may renew their motions to transfer after the Court issues a *Markman* order in this matter.

## V.   Acacia's and Mamiya's Motions to Dismiss

Counter-Defendant Acacia Research Corporation's Motion to Dismiss filed in *Digitech Image Tech. LLC v. Newegg Inc.*, No. 8:12-cv-01688, ECF No. 30, is hereby taken under submission. An order will issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | SA CV 12-1688 - ODW (MRWx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | Digitech Image Technologies, LLC v. Newegg Inc et al | | |

In addition, the April 8, 2013 hearing on Defendant Leaf Imaging Ltd.'s Motion to Dismiss filed in *Digitech Image Tech. LLC v. Mamiya Digital Imaging Co.*, No. 8:12-cv-01688, ECF No. 26, is hereby **VACATED** and no appearances are necessary. The Motion is taken under submission; an order will issue.

## VI.   Service of This Order

Plaintiff is **ORDERED** to immediately serve a copy of this order on all Defendants who have not yet filed appearances in the cases (and who therefore have not received a copy through the CM/ECF system).

**IT IS SO ORDERED.**

List of *Digitech* Cases

1.   8:12-cv-01324-ODW-MRW   *Digitech v. Electronics for Imaging Inc.*
2.   8:12-cv-01667-ODW-MRW   *Digitech v. Panasonic Corp. et al.*
3.   8:12-cv-01668-ODW-MRW   *Digitech v. Buy.com*
4.   8:12-cv-01667-ODW-MRW   *Digitech v. Best Buy Co.*
5.   8:12-cv-01670-ODW-MRW   *Digitech v. Canon Inc. et al.*
6.   8:12-cv-01671-ODW-MRW   *Digitech v. B&H Foto & Elec. Corp.*
7.   8:12-cv-01673-ODW-MRW   *Digitech v. Sakar Int'l Inc.*
8.   8:12-cv-01675-ODW-MRW   *Digitech v. Mamiya Digital Imaging Co. et al.*
9.   8:12-cv-01676-ODW-MRW   *Digitech v. Olympus Corp. et al.*
10.  8:12-cv-01677-ODW-MRW   *Digitech v. Leica Camera AG et al.*
11.  8:12-cv-01678-ODW-MRW   *Digitech v. Sony Corp. et al.*
12.  8:12-cv-06379-ODW-MRW   *Digitech v. Fujifilm Corp. et al.*
13.  8:12-cv-01680-ODW-MRW   *Digitech v. General Imaging Co.*
14.  8:12-cv-01681-ODW-MRW   *Digitech v. Sigma Corp. et al.*
15.  8:12-cv-01683-ODW-MRW   *Digitech v. Target Corp.*
16.  8:12-cv-01685-ODW-MRW   *Digitech v. Nikon Corp. et al.*
17.  8:12-cv-01686-ODW-MRW   *Digitech v. Micro Elec. Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | SA CV 12-1688 - ODW (MRWx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | Digitech Image Technologies, LLC v. Newegg Inc et al | | |

| | | |
|---|---|---|
| 18. | 8:12-cv-01687-ODW-MRW | *Digitech v. Overstock.com* |
| 19. | 8:12-cv-01688-ODW-MRW | *Digitech v. Newegg Inc.* |
| 20. | 8:12-cv-01689-ODW-MRW | *Digitech v. Pentax Ricoh Imaging et al.* |
| 21. | 8:12-cv-01693-ODW-MRW | *Digitech v. Xerox Co.* |
| 22. | 8:12-cv-01694-ODW-MRW | *Digitech v. Konica Minolta Holdings Inc. et al.* |
| 23. | 8:12-cv-01695-ODW-MRW | *Digitech v. CDW LLC* |
| 24. | 8:12-cv-01686-ODW-MRW | *Digitech v. Victor Hasselblad AB et al.* |
| 25. | 8:12-cv-01697-ODW-MRW | *Digitech v. Casio Computer Co. et al.* |
| 26. | 8:12-cv-02122-ODW-MRW | *Digitech v. Asus Computer Int'l et al.* |
| 27. | 8:12-cv-02123-ODW-MRW | *Digitech v. Motorola Mobility Inc. et al.* |
| 28. | 8:12-cv-02125-ODW-MRW | *Digitech v. Apple Inc.* |
| 29. | 8:12-cv-02126-ODW-MRW | *Digitech v. Acer America Corp. et al.* |
| 30. | 8:12-cv-02127-ODW-MRW | *Digitech v. Toshiba Corp. et al.* |
| 31. | 8:13-cv-00134-ODW-MRW | *Digitech v. LG Electronics USA et al.* |
| 32. | 8:13-cv-00135-ODW-MRW | *Digitech v. HTC America Inc. et al.* |