Annette Kazmerski
annette.a.kazmerski@newegg.com
SBN 211364
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone (626) 271-9700
Facsimile (626) 271-9480

Kent. E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Cecilia R. Dickson
cdickson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1200
Pittsburgh, PA 15222
Telephone (412) 471-8815
Facsimile (412) 471-4094

Attorneys for Defendants
Newegg Inc. and Newegg.com Inc. and
Counter-Plaintiff Newegg Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Digitech Image Technologies, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Newegg Inc. and Newegg.com Inc.,<br><br>Defendants,<br><br>*******************************<br><br>Newegg Inc.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>Digitech Image Technologies, LLC,<br><br>Counter-Defendant. | Case No.: SACV12-01688 ODW (MRWx)<br><br>**DEFENDANT AND COUNTER-PLAINTIFF NEWEGG INC. AND DEFENDANT NEWEGG.COM INC.'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FEES**<br><br>Honorable Otis D. Wright, II<br><br>Hearing Date: September 23, 2013<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 11<br>312 North Spring Street<br>Los Angeles, California 90012-4701 |

## <u>TABLE OF CONTENTS</u>

I.      BACKGROUND ................................................................5

II.     LEGAL STANDARDS ........................................................8

    A.      Recovery Of Attorneys' Fees ................................................8

    B.      Exceptional Case Determination And Fees Under 35 U.S.C. § 285.....9

    C.      Liability For Excessive Costs Under 28 U.S.C. § 1927....................11

    D.      Inherent Powers Of The Court ............................................11

III.    ARGUMENT....................................................................12

    A.      This Case Is Exceptional Because It
         Was Brought And Maintained In Bad Faith ........................12

    B.      Newegg Should Be Awarded Its Fees Even If
         The Case Is Not Deemed Exceptional Under The Patent Act ...........13

IV.     CONCLUSION ................................................................14

# TABLE OF AUTHORITIES

**CASES**

*Artese v. Academy Collection Service,* No. 3:96-cv-2546-GLG,

    2000 U.S. Dist. LEXIS 1186 (D. Conn. Jan. 18, 2000) .................... 8, 13, 14

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.,*

    393 F.3d 1378 (Fed. Cir. 2005) ..................................................10

*Cent. Soya Co. v. Geo. A. Hormel & Co.,*

    723 F.2d 1573 (Fed. Cir. 1983) ..................................................10

*Chambers v. MASCO, Inc.,*

    501 U.S. 32 (1991)..................................................................12

*Colombrito v. Kelly,*

    764 F.2d 122 (2d Cir. 1985) ......................................................13

*Edwards v. Gen. Motors Corp.,*

    153 F.3d 242 (5th Cir. 1998) .....................................................11

*Eon-Net LP v. Flagstar Bancorp,*

    653 F.3d 1314 (Fed. Cir. 2011) ........................................ 10, 11, 12

*Ingenuity 13, LLC v. Doe*, No. 2:12-cv-8333-ODW,

    2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013)................................8

*Ingram v. Glast, Phillips & Murray*,

    196 Fed. Appx. 232 (5th Cir. 2006) ............................................11

*L.E.A. Dynatech, Inc. v. Allina,*

    49 F.3d 1527 (Fed. Cir. 1995) ...................................................11

*MarcTec, LLC v. Johnson & Johnson*,

    664 F.3d 907 (Fed. Cir. 2012) ...................................................10

*Mathis v. Spears*,

    857 F.2d 749 (Fed. Cir. 1988) ...................................................10

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495,

    2012 U.S. Dist. LEXIS 112757 (E.D. Tex. Aug. 10, 2012)........................14

*Old Reliable Wholesale, Inc. v. Cornell Corp.,*
    635 F.3d 539 (Fed. Cir. 2011) ...................................................................10

*Taurus IP, LLC v. DaimlerChrysler Corp.,*
    559 F.Supp.2d 947 (W.D. Wis. 2008) ................................................. 11, 13

*Taurus IP, LLC v. DaimlerChrysler Corp.*, Civ. A. Nos. 2008-1462, et al.,
    2013 WL 4034384 (Fed. Cir. Aug. 9, 2013) ......................................... 10, 11

*Trulis v. Barton,*
    107 F.3d 685 (9th Cir. 1995) ......................................................................11

**STATUTES**

28 U.S.C. § 1927 ......................................................................................... 5, 11

35 U.S.C. § 285 ................................................................................. 5, 9, 10, 13

**RULES**

Federal Rule of Civil Procedure 54(d) ......................................................5, 8

### DEFENDANT AND COUNTER- PLAINTIFF NEWEGG INC. AND DEFENDANT NEWEGG.COM INC.'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

From the outset of this case, Newegg maintained that the claims asserted against it were baseless and made in bad faith for the sole purpose of obtaining nuisance-value settlements.  Indeed, review of Digitech's filings in the plethora of related cases in this District reveals a pattern of extortion-like tactics to obtain quick settlements in exchange for defendants avoiding the threat of expensive, protracted patent litigation.  This is exactly the type of "shake-down" litigation that warrants treatment as an exceptional case.  Thus, pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1927, 35 U.S.C. § 285, as well as this Court's inherent powers, Newegg hereby moves the Court to deem this case an exceptional case, treat Newegg as a prevailing party in light of the finding of invalidity of the Patent-In-Suit for lack of patentable subject matter and award Newegg its reasonable attorneys' fees along with pre-judgment and post-judgment interest, and any other relief against Plaintiff and/or Plaintiff's counsel that this Court deems appropriate.

## I.       BACKGROUND

Based on the evidence and posture of this case, Digitech never should have named Newegg as a defendant.  Digitech's true targets are the accused product manufacturers who supply the products to retailers, like Newegg.  Digitech named Newegg as a defendant to exert additional pressure on the accused product manufacturer defendants all with the design of extorting monetary settlements to resolve these cases (and additionally to directly extort money from Newegg in exchange for a dismissal).  All the while, the very patent being asserted was fundamentally flawed in that it did not, as this Court has ruled, identify any patentable subject matter.

Newegg will not settle non-meritorious claims to avoid litigation.  However, Digitech's business model is based on forcing settlements from defendants using the burden and expense of patent litigation as leverage.  Such an abuse of the legal system should not be rewarded, and indeed, Digitech should be held accountable for the costs it forced Newegg (as well as this Court) unreasonably to sustain.

According to PACER records, after Digitech's attempt to file an omnibus complaint was rejected due to improper joinder, Digitech filed 32[1] individual civil actions alleging infringement of the Patent-In-Suit, and named 70 defendants across those cases.

The Complaint in the Newegg case was filed on October 2, 2012.  Newegg prepared an answer and counterclaims, and filed the same on October 25, 2012 (Dkt. 16).    Thereafter, Digitech was unwilling to agree to stay the retailer defendants, and thus Newegg, along with other retailer defendants, were forced to file a motion to stay the case in its entirety as to Newegg.  That Motion was ultimately granted.  (Dkt. 37).

In the interim, however, Newegg prepared and participated in scheduling conferences and the submission of a proposed case management schedule.

---

[1] *See* Civ A. Nos. 8:2012-cv-01324 (naming 5 defendants), 8:2012-cv-01675 (naming 3 defendants), 8:2012-cv-01667 (naming 2 defendants), 8:2012-cv-01668 (naming 1 defendant), 8:2012-cv-01676 (naming 2 defendants), 8:2012-cv-01669 (naming 3 defendants), 8:2012-cv-01677 (naming 2 defendants), 8:2012-cv-01670 (naming 2 defendants), 8:2012-cv-01671 (naming 1 defendant), 8:2012-cv-01673 (naming 1 defendant), 8:2012-cv-01678 (naming 3 defendants), 8:2012-cv-01679 (naming 3 defendants), 8:2012-cv-01680 (naming 1 defendant), 8:2012-cv-01681 (naming 2 defendants), 8:2012-cv-01683 (naming 1 defendant), 8:2012-cv-01686 (naming 1 defendant), 8:2012-cv-01687 (naming 1 defendant), 8:2012-cv-01688 (naming 2 defendants), 8:2012-cv-01689 (naming 4 defendants), 8:2012-cv-01693 (naming 1 defendant), 8:2012-cv-01694 (naming 3 defendants), 8:2012-cv-01685 (naming 3 defendants), 8:2012-cv-01695 (naming 1 defendant), 8:2012-cv-01696 (naming 2 defendants), 8:2012-cv-01697 (naming 2 defendants), 8:2012-cv-02122 (naming 2 defendants), 8:2012-cv-02123 (naming 3 defendants), 8:2012-cv-02125 (naming 1 defendant), 8:2012-cv-02126 (naming 2 defendants), 8:2012-cv-02127 (naming 4 defendants), 8:2013-cv-00134 (naming 3 defendants) and 8:2013-cv-00135 (naming 3 defendants).

Since the stay imposed by the Court as to the retailer defendants, a motion for summary judgment asserting invalidity of the Patent-In-Suit was filed and granted by the Court.  As a result, the Court dismissed all claims brought by Digitech against all Defendants and ordered judgment in favor of all Defendants on August 6, 2013.  (Dkt. 39).  The Order was entered on August 7, 2013.

As a result of Digitech's manipulations, Newegg prepared an answer and counterclaims, engaged in multiple discovery plan preparation sessions both with Digitech's counsel and with other defendants across all of the cases, drafted a motion to stay the proceedings as to Newegg and participated in a Court-ordered conference.  As of August 1, 2013, Newegg has incurred $64,851.73 in legal fees thus far in defending this matter (excluding the full amount of the expenses being incurred in relation to this motion).  *See* Dickson Declaration attached hereto as Exhibit 1 and Fauth Declaration attached hereto as Exhibit 2.  These fees are significant, and certainly should not be borne by Newegg.[2]

Newegg is filing this motion because it must take a stand against litigation-extortion.  Newegg's unwillingness to settle cases and instead take them through trial (and on appeal) is well-documented and publicized, particularly in recent months.  *See* Exhibit 3 (article about Newegg refusing to settle with Soverain Software, LLC, taking the case through trial, and ultimately invalidating Soverain's patent on appeal); Exhibit 4 (Newegg's statement to FTC and DOJ in response to "patent assertion entity" investigation, expressing view that disfavors settling baseless patent infringement cases); and Exhibit 5 (article describing Newegg's complete defense verdict against patentee Alcatel-Lucent USA, including the invalidity of one of the three patents-in-suit).  Newegg also consistently seeks its costs and fees even when patentees lose interest and voluntarily dismiss their own cases against Newegg.  *See, e.g., Site Update*

---

[2] At the Court's request, Newegg is willing to submit bill sets to chambers for *in camera* inspection.

Newegg's Points and Authorities in Support of Motion for Attorneys' Fees - 7

SACV12-01688 ODW (MRWx)

*Solutions, LLC v. Accor North Am., Inc. et al.*, No 5:11-cv-03306-PSG, ECF No. 649 (N.D. Cal. Nov. 26, 2012); *Adjustacam, LLC v. Amazon.com, Inc. et al.*, No. 6:10-cv-00329-LED, ECF No. 699 (E.D. Tex. Sept. 14, 2012); *E.Digital Corporation v. Creative Labs, Inc.*, Civ. A. No. 12-cv-2879- DMS (WVG), ECF No. 46 (S.D. Cal. Jun. 11, 2013). Here, Newegg fights a different problem – the continued assertion of litigation where the claims against Newegg are baseless, and a thorough pre-filing investigation would have revealed that fact.

## II. LEGAL STANDARDS

### A. Recovery Of Attorneys' Fees

Under Federal Rule of Civil Procedure 54(d), attorneys' fees can be claimed and recovered by way of motion. Where the cost of defense greatly exceeds the cost of settlement, plaintiffs sometimes use the leverage of pending litigation to coerce defendants into settling non-meritorious claims. *See, e.g., Ingenuity 13, LLC v. Doe*, No. 2:12-cv-8333-ODW, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013). In *Ingenuity 13*, copyright plaintiffs were found to have acted in bad faith and sanctioned for fees. Just like the *Ingenuity* case, Digitech has engaged in a "nationwide strategy" to file lawsuits against many defendants, *id.* at *6-7, with the goal of forcing settlements from the named defendants. "For defendants that refused to settle, the Principals engaged in vexatious litigation designed to coerce settlement. These lawsuits were filed using boilerplate complaints based on a modicum of evidence, calculated to maximize settlement profits by minimizing costs and effort." Indeed, the pre-filing investigation should have revealed the fundamental flaws in the Patent-In-Suit that render it invalid.

Such disingenuous usage of the judicial system can and often should justify the imposition of attorneys' fees. This is because such conduct not only harms the parties to the litigation, but also the judicial system as a whole. For example, in *Artese v. Academy Collection Service*, the court noted that a collection action of questionable merit was "commenced for purposes of harassment because . . . the

defendant has little choice but to either settle this action by paying plaintiff's counsel's fees plus $1000, or to incur far greater attorney's fees itself in pursuing the action to judgment."  No. 3:96-cv-2546-GLG, 2000 U.S. Dist. LEXIS 1186, at *10 (D. Conn. Jan. 18, 2000).  In finding bad faith and deciding to award fees, the court in *Artese* emphasized the litigiousness of the plaintiff and her counsel who, like Digitech and its counsel, had filed many similar actions.  *Id.* at *8 ("[A]t the present time plaintiff's counsel has over fifty FDCPA actions pending in this District and in recent years has commenced hundreds of such actions.").  Under such circumstances, the court concluded:

> The fact that the plaintiff has been involved in so many collection procedures in which she claims the FDCPA has been violated and has had the same plaintiff's counsel, and the fact that plaintiff's counsel has commenced so many of these actions, give rise to a suspicion of *barratry and champerty*.  As the Second Circuit noted in *Colombrito*, [764 F.2d] at 134, it is not merely the prejudice and costs to the opposing party but also the effect upon the judicial system of such litigation.  When we consider the numerous other cases commenced by this plaintiff and the far greater number of cases commenced by the plaintiff's counsel, there has been indeed a substantial burden on the judicial system.

*Id.* at *10-11 (emphasis added).

B.   Exceptional Case Determination And Fees Under 35 U.S.C. § 285

District courts are authorized to award reasonable attorney fees to a prevailing party in a patent case if the court determines that the case is "exceptional."  35 U.S.C. § 285.  The Patent Act includes this provision "to compensate the prevailing party for its monetary outlays in the prosecution or

defense of the suit." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). Those monetary outlays include all "sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Id.* In light of the fact that "[t]he purpose of § 285 is, in a proper case and in the discretion of the trial judge, to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit," recoverable sums under § 285 include expenses incurred in the rendering of legal services beyond attorneys' fees, such as travel and lodging, as well as paralegal services. *Id.* at 1577-78; *see also Mathis v. Spears*, 857 F.2d 749, 757-58 (Fed. Cir. 1988).

Here, given the posture of this case, Newegg is a prevailing party in light of the Court's determination of invalidity of the asserted Patent-In-Suit on summary judgment.

Courts apply a two-step analysis to award attorney fees under § 285. First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional. Second, if the Court finds the case exceptional, it must determine whether an award of attorney fees is justified, and the amount of the award. *See Taurus IP, LLC v. DaimlerChrysler Corp.*, Civ. A. Nos. 2008-1462, et al., 2013 WL 4034384 at *13 (Fed. Cir. Aug. 9, 2013); *Eon-Net LP v. Flagstar Bancorp,* 653 F.3d 1314, 1323-1324 (Fed. Cir. 2011).

A case may be declared exceptional under § 285 where there has been "misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 916 (Fed. Cir. 2012) (citation omitted). Even without misconduct, district courts may award attorney fees under § 285 if the litigation is: (1) brought in subjective bad faith; and (2) objectively baseless. *Old Reliable Wholesale, Inc. v. Cornell Corp.,* 635 F.3d 539, 543-44 (Fed. Cir. 2011) *(quoting Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.,* 393 F.3d 1378, 1381

(Fed. Cir. 2005)); *see also Eon-Net LP,* 653 F.3d at 1324.  Infringement allegations are objectively baseless when no reasonable litigant could reasonably expect success on the merits.  *See Taurus IP,* 2013 WL 4034384 at *15 (detailing the obligation to ensure that infringement allegations are sound on a continuing basis); *Eon-Net LP,* 653 F.3d at 1326 (affirming that Eon-net pursued objectively baseless infringement claims because "the written description clearly refutes Eon-net's claim construction.").   Of import in determining "exceptional" case status is assessing the pre-filing investigation, as well as litigation behavior.  *Taurus IP, LLC v. DaimlerChrysler Corp.*, 559 F.Supp.2d 947, 967 (W.D. Wis. 2008) (affirmed in relevant part by Federal Circuit at 2013 WL 4034384).

### C.   Liability For Excessive Costs Under 28 U.S.C. § 1927

Section 1927 provides that any attorney who unreasonably and vexatiously multiplies the proceedings may be required to personally pay attorneys' fees and costs associated with that misconduct.  28 U.S.C. § 1927.  It requires bad faith, improper motive, or reckless disregard of the duty owed to the court.  *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998).  It can apply where the attorney knowingly or recklessly raises frivolous arguments.  *Trulis v. Barton,* 107 F.3d 685, 694 (9th Cir. 1995); *see Ingram v. Glast, Phillips & Murray*, 196 Fed. Appx. 232 (5th Cir. 2006).

### D.   Inherent Powers Of The Court

Courts also have "inherent power to assess attorney fees as a sanction when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *L.E.A. Dynatech, Inc. v. Allina,* 49 F.3d 1527, 1530 (Fed. Cir. 1995).  Under the court's inherent powers, fees may be awarded against either or both the attorney and the party where there is bad faith conduct.  *Chambers v. MASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

III.   **ARGUMENT**

    A.   <u>This Case Is Exceptional Because It Was Brought And Maintained In Bad Faith</u>

      Plaintiff's campaign to extract monies began when it sued 70 Defendants in 32 lawsuits and continued through settlements with various defendants to avoid exposing its baseless infringement claims and the invalidity of its patent.   The foregoing conduct makes this case exceptional.   *See Eon-Net LP,* 653 F.3d 1314 (Fed. Cir. 2011).   In *Eon-Net LP*, the Federal Circuit affirmed an exceptional case finding and award of attorneys' fees to the accused infringer (Flagstar) where Eon-net filed its infringement complaint against Flagstar "to extract a nuisance value settlement by exploiting the high cost imposed on Flagstar to defend against Eon-Net's baseless claims." *Id*. at 1328. The Federal Circuit was critical of this practice:

> Viewed against Eon-Net's $25,000 to $75,000 settlement offer range, it becomes apparent why the vast majority of those that Eon-Net accused of infringement chose to settle early in the litigation rather than expend the resources required to [prove non-infringement].   Thus, those low settlement offers—less than ten percent of the cost that Flagstar expended to defend the suit— effectively ensured that Eon-Net's baseless infringement allegations remained unexposed, allowing Eon-Net to continue to collect additional nuisance value settlements.

*Id*. at 1327.    Naming retailers only to pressure their suppliers into settling is another facet of this litigation that justifies the imposition of an attorneys' fees award.   Here, from the outset, it was clear who the target of the litigation was, and that retailers were only named for leverage.   Digitech should be held accountable for its improper actions in naming retailers for leverage purposes, as well as for

naming Newegg and keeping it in the litigation even though it knew that any claim against Newegg was not viable.

The pre-filing investigation should have revealed the weakness of the patent and its invalidity from the start. *Taurus IP*, 559 F. Supp.2d at 967 ("First, the pre-filing investigation of Taurus's suit was deficient.   A plaintiff asserting patent infringement while remaining 'manifestly unreasonable in assessing infringement' acts in bad faith that may be grounds for finding a case to be "exceptional.").  Here, the motion for summary judgment of invalidity was a straight-forward challenge as to whether the patent identified any patentable subject matter. Detailed claim construction, prior art review and the like were unnecessary to determine the patent's invalidity.   Digitech knew or should have known it was asserting an invalid patent, and should be held accountable for its actions and not be permitted to bully defendants, like Newegg, into settlements with an invalid patent.  *See id.* at 968 ("It was a gross injustice for defendants to have to expend resources on this suit at all.   Taurus's use of the court to bully settlement on baseless claims is an abuse of the judicial system.   Therefore, I conclude that this case is exceptional".).

B.   Newegg Should Be Awarded Its Fees Even If The Case Is Not Deemed Exceptional Under The Patent Act

Separate and apart from a finding under 35 U.S.C. § 285, the Court has the power to award Newegg its fees because Digitech's case against Newegg was baseless and brought in bad faith.   Digitech's practice of repeatedly suing defendants and settling for less than the potential damages recovery—and far less than even the cost to prosecute a case through judgment—should give rise to a presumption of bad faith.  *See Artese*, 2000 U.S. Dist. LEXIS 1186, at *10; *see also Colombrito v. Kelly*, 764 F.2d 122, 134-35 (2d Cir. 1985) ("[I]f a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on

the opposing party and the judicial system."). Moreover, asserting an invalid patent to extract settlements is improper, where adequate pre-filing investigation would have revealed the patent's invalidity.

It is not only the harm to Newegg that justifies the imposition of liability for Newegg's attorneys' fees on Digitech, but also the unreasonable burden imposed on the judicial system. *Artese*, 2000 U.S. Dist. LEXIS 1186, at *10-11 ("[I]t is not merely the prejudice and costs to the opposing party but also the effect upon the judicial system of such litigation. When we consider the numerous other cases commenced by this plaintiff and the far greater number of cases commenced by the plaintiff's counsel, there has been indeed a substantial burden on the judicial system."). The waste of judicial resources caused by Digitech in this case is significant. This Court already has a very heavy docket, and Digitech should not be permitted to make the court waste its limited time and resources on a case that Digitech knew was improper, and that the Court has determined was based on an invalid patent. *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495, 2012 U.S. Dist. LEXIS 112757, at *15-16 (E.D. Tex. Aug. 10, 2012) (noting that "[t]his Court has limited resources" and that parties must be mindful of the challenges facing the Court to avoid "wast[ing] judicial resources").

## IV.   CONCLUSION

For all of the aforementioned reasons, Newegg moves for an award of counsel fees in the total amount of $ 64,851.73.

Date:  August 20, 2013          By:   /s/ Cecilia R. Dickson
                                      Kent E. Baldauf, Jr.
                                      kbaldaufjr@webblaw.com
                                      Cecilia R. Dickson
                                      cdickson@webblaw.com
                                      The Webb Law Firm
                                      One Gateway Center

420 Ft. Duquesne Blvd., Ste. 1200
Pittsburgh, Pennsylvania 15222
Telephone:   (412) 471-8815
Facsimile:    (412) 471-4094

Annette Kazmerski
annette.a.kazmerski@newegg.com
SBN 211364
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone:   (626) 271-9700
Facsimile:    (626) 271-9480

Attorneys for Defendants
Newegg Inc. and Newegg.com Inc.
and Counter-Plaintiff Newegg Inc.

## **CERTIFICATE OF SERVICE**

On August 20, 2013, I hereby certify that a true and correct copy of **DEFENDANT AND COUNTER-PLAINTIFF NEWEGG INC. AND DEFENDANT NEWEGG.COM INC.'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FEES** has been served via the Court's ECF system upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Cecilia R. Dickson
Attorneys for Defendants
Newegg Inc. and Newegg.com Inc.
and Counter-Plaintiff Newegg Inc.