John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorney for Plaintiff,
**DIGITECH IMAGE TECHNOLOGIES, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br>    v.<br><br>NEWEGG, INC. and NEWEGG.COM, INC.<br>        Defendants. | CASE NO.: SACV12-01688 ODW (MRWx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Honorable Otis D. Wright, II<br><br>Hearing Date: September 23, 2013<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 11<br>312 North Spring Street<br>Los Angeles, California 90012-4701 |

- 1 -

Plaintiff, Digitech Image Technologies, LLC ("Digitech") hereby submits this Memorandum of Points and Authorities in Support of its Motion for Sanctions against Newegg Inc. and Newegg.com Inc. (collectively "Newegg") as follows:

## I. INTRODUCTION

Recently the Court ruled that the patent-in-suit is directed to non-statutory subject matter under Section 101 of the Patent Act. Based on this ruling the Court then entered judgments in this case and a number of related cases. Newegg was the only defendant across twenty related cases to file a motion seeking attorney's fees under 35 U.S. § 285. Newegg's Motion for Fees lacks any legal or factual merit, and Digitech will be timely responding to that motion on the merits. This Motion for Sanctions is not directed to the merits of Newegg's misguided motion; rather, it is directed to blatant and inexcusable misrepresentations to this Court made by Newegg in its Points and Authorities in Support of its Motion for Fees. (Dkt. No. 43). These material misrepresentations go beyond mere advocacy.

Specifically, Newegg has represented that it "incurred $64,851.73[1] in legal fees thus far in <u>defending</u> this matter." Newegg's Motion at Pg. 7 (emphasis added). Further, Newegg filed two declarations in support of its Motion stating that the fees

---

[1] The Court should look upon Newegg's calculation of its attorney's fees with skepticism. For example, it is very unlikely that an attorney's invoice would total an amount that would include $.73. Presumably, Newegg is seeking to improperly include its attorney's expenses, as it failed to make a timely application for costs under Rule 54 or the Court's Local rules, and without any detail as to whether such expenses are actually recoverable costs under the rules.

- 2 -

were incurred by Newegg "<u>defending</u> itself in the above-captioned patent infringement suit." Dkt. Nos. 43-1 at ¶3; 43-2 at ¶3 (emphasis added).

Newegg's representations are demonstrably and inexcusably false at least because a large portion of the fees being claimed by Newegg for "defending" this suit were unnecessarily incurred by Newegg in pursuit of a baseless "counterclaim"[2] against Digitech's ultimate parent entity. The Court summarily dismissed Newegg's purported "counterclaim" based on a lack of subject matter jurisdiction. *See* Dkt. Nos. 16 and 38.

Tellingly, Newegg has failed to provide Digitech or the Court with any of the invoices which purportedly form the basis for its claim for attorney's fees. In failing to provide this fundamental information, Newegg has denied both Digitech and the Court the opportunity to review these invoices to determine the full extent of Newegg's improprieties.

Despite the fact that Newegg's Motion and supporting declarations represent that its claimed fees are for "defending" this action, during the meet and confer prior to the filing of this Motion, and in letters between counsel, Newegg confirmed that in addition to fees allegedly incurred in defending against Digitech's claims, it also included attorney's fees incurred relative to its failed "counterclaim" against

---

[2] Despite characterizing its third-party claim against Digitech's ultimate parent as a "counterclaim," at most Newegg's claim is actually a third-party claim. However, to be consistent, Digitech will refer to Newegg's third-party claim as a "counterclaim" herein.

- 3 -

Digitech's ultimate parent. *See* Exhibits 1 and 2. On at least this basis, Newegg's motion affirmatively misrepresents that its claim is for fees incurred in "defending" this action.

While Newegg has the right to file a motion, even a meritless one, seeking recovery of fees under § 285, it has no good faith basis to represent that fees incurred pursuing a failed "counterclaim" against a third party were incurred "defending" itself against Digitech's claims. Essentially, Newegg is attempting to be compensated by Digitech for Newegg's failed and meritless third party claim which Newegg mislabeled as a "counterclaim." Newegg is using misrepresentations to the Court as a means to the end. Further, as noted herein, Newegg's Motion has other factual misrepresentations in furtherance of this scheme which are no less egregious. As such, Digitech respectfully requests that Newegg be sanctioned for its conduct.

## II.  STATEMENT OF FACTS

This case was brought against Newegg on October 2, 2012 for infringement of U.S. Patent No. 6,128,415. In addition, Digitech brought suit against other Defendants, including manufacturers of products sold by Newegg (and other re-sellers of such manufacturer's products) that were alleged to infringe. On October 25, 2012, in-house counsel for Newegg, Annette Kazmerski, filed Newegg's Answer to Digitech's Complaint. Dkt. No. 16. In addition to filing counterclaims against Digitech, Newegg also filed a "counterclaim" against Digitech's ultimate parent,

Acacia Research Corporation ("Acacia"). Tellingly, no other Defendant in any related case filed a "counterclaim" or any other claim against Digitech's ultimate parent, who (as this Court correctly determined) is a third party with no justiciable stake in this controversy. Newegg's present outside counsel, who have made the attorney's fees claim on Newegg's behalf, only appeared in the case *after* Newegg's "counterclaim" had been filed. *See* Dkt. No. 16 (Newegg's Answer and Counterclaim (October 25, 2013)); *See* also Dkt. No. 19, *Pro Hac Vice* Application for Cecilia R. Dickson (November 26, 2013).

On January 7, 2013, Acacia filed a Motion to Dismiss Newegg's counterclaims. Dkt. No. 30. Newegg filed a lengthy and detailed Response in Opposition to Acacia's Motion. Dkt. No. 33. On May 3, 2013, the Court dismissed Newegg's counterclaim against third-party Acacia for lack of subject matter jurisdiction. Dkt. No. 38. The Court, in its Order dismissing Acacia, stated that "Newegg offers no authority" for bringing a third party into the case. Dkt. No. 38 at Pg. 7.

Next, Newegg filed a Motion to Stay the case on the ground that it was merely a retailer of accused products. Dkt. No. 24. Newegg's Motion was nothing more than a copy and paste of other Defendant retailers' Motions. *Compare* Exhibit 3 (Micro Electronics Memorandum of Points and Authorities in Support of Motion to Stay) *with* Exhibit 4 (Newegg Memorandum of Points and Authorities in Support of Motion to Stay). On April 10, 2013, the Court stayed the case against Newegg and the other

retailer defendants. Dkt. No. 37. Newegg's cut and paste from the motion drafted by its co-defendant likely entailed less than an hour of work.

On July 31, 2013, in a related case, the Court found the '415 Patent invalid for failing to comply with 35 U.S.C. § 101. Subsequently, judgment was entered in the Newegg case. *See Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.*, Case No. 8:12-cv-1324-ODW(MRWx) (C.D. Cal July 31, 2013) (Dkt. No. 88). Newegg has now come before the Court seeking attorney's fees pursuant to 35 U.S.C. § 285. Despite being requested to do so, Newegg has not provided Digitech, nor the Court, with a copy of the invoices for the fees it is seeking. However, during the meet and confer process, Digitech confirmed that Newegg has included fees incurred in filing its failed third-party claim against Acacia. Exhibit 2.

### III.   ARGUMENT

The Federal Circuit has made clear that where a case is found to be exceptional pursuant to 35 U.S.C. § 285, "fees should only be granted to the extent a party has prevailed." *Precor Inc. v. Life Fitness, a div. of Brunswick Corp.*, 13 F. App'x 913, 922 (Fed. Cir. 2001) *citing Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553, 13 USPQ2d 1301, 1306-07 (Fed.Cir.1989); *Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1459-60, 18 USPQ2d 1842, 1848 (Fed.Cir.1991). Newegg's motion attempts to avoid this inconvenient fact by affirmatively misrepresenting – including in declarations signed by Newegg's outside counsel – that

its claim for fees includes fees incurred in "defending" this action. Specifically, Newegg stated in its Motion that "[a]s a result of Digitech's manipulations, Newegg prepared an answer and counterclaims[3], engaged in multiple discovery plan preparation sessions both with Digitech's counsel and with other defendants across all of the cases, drafted[4] a motion to stay the proceedings as to Newegg and participated in a Court-ordered conference." Newegg's Motion at Pg. 7. Further, Newegg stated that it has "incurred $64,851.73 in legal fees thus far in <u>defending</u> this matter." Newegg's Motion at Pg. 7 (emphasis added). Newegg also filed two declarations in support of its Motion stating that the fees were incurred by Newegg "<u>defending</u> itself in the above-captioned patent infringement suit." Dkt. Nos. 43-1 at ¶3; 43-2 at ¶3 (emphasis added). Nowhere in its motion or the declarations included therewith, did Newegg mention that it was seeking fees for its failed third-party claim against Acacia. As described above, recovery of fees for such a claim would run contrary of established Federal Circuit precedent. *Precor*, 13 F. App'x at 922; *Beckman Instruments,* 892 F.2d at 1553; *Slimfold,* 932 F.2d at 1459-60.

---

[3] As a further example of Newegg's misrepresentations to this Court, Newegg fails to mention that its own in-house counsel prepared the Answer and Counterclaims prior to the appearance of its outside counsel. However, the fee claim for outside counsel's alleged work, includes allegedly drafting the counterclaim. *See* Dkt. No. 16.

[4] This is another misrepresentation by Newegg. As shown in Exhibit 3, Newegg's Motion was merely a copy and paste of other Retailer Defendants' Motions. *See* Exhibit 3. It is frankly difficult to see how $64,000 in fees were incurred when Newegg's outside counsel has done nothing more than copy another Defendants' Motion to Stay in connection with their alleged "defending" work during Newegg's brief presence in the non-stayed case.

During the meet and confer process, Digitech voiced its concerns that Newegg's inclusion of fees related to a failed "counterclaim" against Digitech's ultimate parent would lack a good faith basis. *See* Exhibit 1. Counsel for Newegg confirmed that it had in fact included said fees in its Motion. *See* Exhibit 2. However, as shown above, Newegg not only failed to inform the Court that its claim included such improper fees; but it affirmatively misrepresented the facts in an effort to hide this inconvenient truth. Tellingly, Newegg's Motion provides a laundry list detailing what little work it did in the case prior to it being stayed <u>except</u> the work it created when it chose to file a failed third-party "counterclaim" against Digitech's ultimate parent. Even worse, Newegg has failed to provide Digitech, or the Court, the opportunity to review the invoices. This is because such invoices would highlight that Newegg has made unexplained and inexcusable misrepresentations to the Court – including in declarations signed by its outside counsel. This conduct is inexcusable.

The Court has a duty to supervise the conduct of attorneys appearing before it. *See, e.g., Ingenuity 13 LLC v. John Doe*, Case No. 2:12-cv-8333-ODW(JCx) at Dkt. No. 130 *citing Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996). Under the Court's inherent authority, parties and their lawyers may be sanctioned for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). This inherent power extends to a full range of litigation abuses. *Id.* at 992. Sanctions under the Court's inherent authority are particularly appropriate for fraud perpetrated on the

court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991). Such is the case here. Newegg has asked the Court to award it fees for which it is clearly not entitled and Newegg has done so by filing a motion that omits materials facts and further includes false or misleading statements. The Court cannot condone such behavior.

Due to the inexcusable misrepresentations by Newegg to this Court, Digitech seeks the imposition of sanctions against Newegg to the extent it deems appropriate, including outright denial of Newegg's Motion for Fees based upon misrepresentations to the Court and/or reimbursement for Digitech's fees incurred in connection with this Motion and with further responding to Newegg's misrepresentations when Digitech files its response to Newegg's Motion.

## IV. CONCLUSION

For the reasons stated above, Newegg has made inexcusable misrepresentations to this Court – including in declarations signed by its counsel – that go above and beyond mere advocacy. As such, Digitech's Motion for Sanctions should be granted.

August 26, 2013                                        Respectfully Submitted,

                                                       /s/ John J. Edmonds
                                                       John J. Edmonds

                                                       ATTORNEYS FOR DIGITECH
                                                       IMAGE TECHNOLOGIES, LLC

## **PROOF OF SERVICE**

I am over the age of eighteen years. I am employed at the law firm of Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC. I hereby certify that on August 26, 2013, I filed the following document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS**

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service via the Court's C/ECF system per the Local Rules.

Executed on August 26, 2013 in Houston, Texas.

/s/ *John J. Edmonds*
John J. Edmonds