

**COLLINS EDMONDS POGORZELSKI**
**SCHLATHER & TOWER, PLLC**

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

August 21, 2013                                                                  By email

Cecilia R. Dickson
The Webb Law Firm
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222

      Re:    *Digitech Image Technologies LLC v. Newegg Inc et al.*
             No. 8:12-cv-01688-ODW-MRW

Dear Ms. Dixon:

      This email memorializes the discussion during yesterday's meet and confer regarding NewEgg's Motion for attorney's fees. As part of those discussions, I asked you whether NewEgg's claim for attorney's fees included its fees expended on NewEgg's third-party claim against Acacia Research Corporation ("ARC") which the Court dismissed for failure to state a claim. You stated that NewEgg's fee claim did indeed include fees expended relative to this unsuccessful third party claim. I then told you that, although Digitech disagrees with NewEgg filing any motion for fees, it is baseless and sanctionable for NewEgg to seek to require Digitech to pay fees for NewEgg's failed claim against ARC. We reached an impasse on the motion for fees and whether NewEgg was acting frivolously.

      If you somehow contend that I have mis-stated that NewEgg's motion for fees includes fees for the ARC counterclaim, please let me know immediately.

      Digitech requests production of your firm's fee invoices – redacted to remove privileged information – so that we can determine how much of the fees claimed were expended on NewEgg's meritless third party claim. Please confirm that such invoices will promptly be produced, or if NewEgg refuses to provide them, please confirm that as well.

      In addition, I have now read NewEgg's motion for fees which contains multiple baseless and erroneous allegations. To make matters worse, NewEgg is also attempting to perpetrate a sanctionable fraud upon the Court by representing, in no less than a purported "declaration" signed by you, that NewEgg's fee claim is for fees incurred "in defending itself in the above captioned patent infringement suit," and that the fees claimed by NewEgg were "incurred in the defense of this action." No reasonable person would construe NewEgg's meritless claim against ARC, which the Court dismissed, as "defending" this action.



August 21, 2013
Page 2

Pursant to L.R. 11-9, "[t]he presentation to the Court of frivolous motions … subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7." NewEgg's Motion seeking fees is frivolous, at a minimum as to the ARC issue, and even worse, constitutes a fraud upon the Court. Accordingly, Digitech will be seeking sanctions from whomever the Court deems the "offender" relative to same.

Since I told you during our meet and confer that Digitech would be seeking sanctions, and we reached an impasse on the ARC issue, I don't see the need for another meet and confer for this sanctions issue to be ripe for the Court to resolve. If you deem it necessary or appropriate to have another meet and confer on this issue, please let me know immediately, because Digitech will be getting its request for sanctions on file.

Should you wish to discuss any of the foregoing further, I'm available to do so.

Sincerely,

COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC

John J. Edmonds

1616 S. Voss, Ste. 125　　　　　　　　　　　　　　　　　　　　　　　1851 E. First St., Ste. 900
Houston, TX 77057　　　　　　　　　　　　　　　　　　　　　　　　　Santa Ana, CA 92705