

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222

P 412.471.8815
F 412.471.4094
webblaw@webblaw.com

CECILIA R. DICKSON
Attorney at Law

August 22, 2013
VIA EMAIL: jedmonds@cepiplaw.com

John J. Edmonds, Esq.
Collins Edmonds Pogorzelski
 Schlather & Tower, PLLC
1851 E. First Street, Suite 900
Santa Ana, CA 92705

Re:   Digitech Image Technologies, LLC v. Newegg et al.
      8:12–cv – 01688-ODW(MRW)

Dear Mr. Edmonds:

We are in receipt of your August 21, 2013 letter. We understand your position regarding the fees expended in relation to what we believe was a compulsory claim against Acacia Research Corporation, as stated in paragraph 1 of your letter. We have shared that position with our client. As I told you during the meet and confer on the fee motion, we can confirm such fees are included within the total fee amount set forth in our motion. It is Newegg's position that the claim against Acacia was only necessitated by Digitech's decision to file a claim against Newegg in the first instance. The fees are reasonably related to the claim asserted by Digitech, and thus, we believe, appropriate to be included in our motion for fees. The claim against Acacia was only brought about as a result of Digitech suing Newegg, and thus, are part of the defense of the claim asserted by Digitech. We disagree that the meet and confer specifically addressed the issue of whether "Newegg was acting frivolously" as set forth in your letter, although you did make that statement during the meet and confer on the fee motion  If you have any case law to support your claim that recovery of fees from an unsuccessful plaintiff in relation to a compulsory claim against a third party is, as a matter of law, "baseless and sanctionable," please provide such information and we will consider whether we will continue to pursue such fees. We are not aware of any such case law at this time. If you do have such information, we think a further meet and confer would be appropriate. If you do not have such information, please let us know and we likely will not need a further meet and confer. We take the meet and confer process seriously, and want to give every effort to resolving this issue without involving the Court.

THE WEBB LAW FIRM

John J. Edmonds, Esq. - 2 - August 22, 2013

As we indicated in our motion, our client has authorized us at this stage to provide the bill sets to the Court *in camera* if the Court requests such information. We are in the process of determining whether our client is willing to produce redacted bill sets to you now and will advise you as soon as practicable as to whether we are authorized to provide them to you.

Very truly yours,

*Cecilia R. Dickson*

Cecilia R. Dickson

CRD:hlg