Annette Kazmerski
annette.a.kazmerski@newegg.com
SBN 211364
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone (626) 271-9700
Facsimile (626) 271-9480

Kent. E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Cecilia R. Dickson
cdickson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1200
Pittsburgh, PA 15222
Telephone (412) 471-8815
Facsimile (412) 471-4094

Attorneys for Defendants
Newegg Inc. and Newegg.com Inc. and
Counter-Plaintiff Newegg Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Digitech Image Technologies, LLC, | Case No.: SACV12-01688 ODW (MRWx) |
| Plaintiff, | |
| vs. | **DEFENDANT AND COUNTER-PLAINTIFF NEWEGG INC. AND DEFENDANT NEWEGG.COM INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** |
| Newegg Inc. and Newegg.com Inc., | |
| Defendants, | |
| ****************************** | Honorable Otis D. Wright, II |
| Newegg Inc., | |
| Counter-Plaintiff, | Hearing Date:  September 23, 2013 |
| vs. | Hearing Time:  1:30 p.m. |
| Digitech Image Technologies, LLC, | Location:  Courtroom 11 |
| Counter-Defendant. | 312 North Spring Street |
| | Los Angeles, California 90012-4701 |

**DEFENDANT AND COUNTER-PLAINTIFF**

**NEWEGG INC. AND DEFENDANT NEWEGG.COM INC.'S**

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Digitech's Motion for Sanctions and supporting Memorandum stitch together incorrect suppositions and meritless accusations that are belied by the facts. In its rush to point a finger at Newegg for purported improper conduct, Digitech has presented this Court with nothing other than wildly speculative theories, which are not only easily disproved, but also do not amount to sanctionable conduct, even if the Court elects to not award the total amount of fees sought in the separately pending fee motion.[1] Newegg is not surprised by this Digitech tactic, as it is further evidence of the harassment that Digitech continues to pile on Newegg because Newegg refuses to be a compliant defendant and go along with Digitech's litigation scheme.[2] It is precisely this type of conduct that warrants an award of attorneys' fees to Newegg as set forth in its pending fee motion.

## I. Newegg Did Not Make Any Misrepresentations To The Court

The crux of Digitech's retaliatory sanctions motion appears to be its belief that the fees relating to Newegg's counterclaim against Acacia are not part of the defense of the action and should not be included in Newegg's fee motion. Digitech goes on, without any factual support, to claim that "*a large portion* of the fees being claimed by Newegg for 'defending' this suit were unnecessarily incurred by

---

[1] The proper way to respond to Newegg's Motion for Fees would be through an opposition brief, not a trumped-up Motion for Sanctions that largely questions the amount of fees sought in the Motion for Fees, and not the propriety of the Motion for Fees. Newegg will address the amount of fees through the motion for fees briefing and, for this motion, will respond with sufficient detail to demonstrate the absurdity of Digitech's position.

[2] Digitech seems to be arguing that because no other defendant in the plethora of individual cases asserted a counterclaim against Acacia or sought recovery of attorneys' fees, Newegg should not have done so, either. Obviously, Newegg is not bound to follow the herd, and if, in its judgment, it elects to pursue what it believes are meritorious claims, it is permitted to do so, even if it inconveniences Digitech.

Newegg in pursuit of a baseless 'counterclaim' against Digitech's ultimate parent entity."   Mem. in Support of Motion for Sanctions at 3 (Dkt. 45-1) (emphasis added).   Digitech is comfortable making this leap in logic and presenting it to the Court ***without ever reviewing a bill set or waiting for receipt of a breakdown of fees as to how much was actually spent on preparing the Acacia counterclaim.***

Although Digitech wants to live in the land of fantasy, Newegg is going to bring Digitech back to reality by focusing on the facts.   On September 20, 2012, when Newegg answered the omnibus Complaint filed on July 16, 2012 that identified all defendants in the same case (8:12-cv-01153-ODW-MRW), no counterclaim against Acacia was asserted by Newegg.   (8:12-cv-01153-ODW-MRW, Dkt. 139).   On the same date that it answered the omnibus Complaint, Newegg filed *pro hac vice* admission motions for outside counsel Kent E. Baldauf, Jr. and Cecilia R. Dickson.   (8:12-cv-01153-ODW-MRW, Dkts. 136 and 137).   The Court eventually dismissed the omnibus Complaint due to improper joinder on October 1, 2012.   (8:12-cv-01153-ODW-MRW, Dkt. 190).

The very next day, on October 2, 2012, Digitech filed an individual suit against Newegg asserting the same patent it had tried to assert in the omnibus Complaint.   (8:12-cv-01688-ODW-MRW, Dkt. 1).   Deglitch filed a host of individual suits against other defendants who had been identified in the omnibus Complaint.   Newegg was then tasked with preparing a new answer to this individual Complaint.   Because Newegg had become aware of statements made on July 19, 2012 by Acacia Research's CEO that suggested Acacia had an equitable interest in the patent-in-suit, Newegg included Acacia in its declaratory judgment counterclaims as a party with an interest in the patent.   *See* 8:12-cv-01688-ODW-MRW, Dkt. 33 (providing detailed discussion of Acacia's apparent interest in the patent-in-suit).   Based on this newly discovered information, Newegg believed that it had ***an obligation*** to identify all parties with an interest in the patent-in-suit in its declaratory judgment counterclaim that sought, *inter alia*, to invalidate the patent-

in-suit.  Newegg did not have a choice as to whether to include Acacia in the counterclaim, and when it responded to the new individual Complaint, Newegg included what it believed to be a compulsory counterclaim against the parties who seemed to have an interest in the patent-in-suit.  Newegg did not want to be in the situation where it prevailed on its noninfringement and/or invalidity theories as to Digitech, and then found itself being sued again by Acacia.

This procedural history establishes that Newegg did not crusade for a fight with Acacia; rather, because Digitech re-filed suit against Newegg alleging patent infringement and Newegg believed those claims were spurious from the start, Newegg filed a counterclaim *against the parties whom it believed at that time had an interest in the patent.*  That is the definition of defense of a patent infringement claim, and any claim that such counterclaims are not defensive litigation is wrong.  *See, e.g.*, *Mayo Clinic Jacksonville v. Alzheimer's Institute of America, Inc.*, 683 F. Supp.2d 1292, 1298 (M.D. Fla. 2009) ("In amended count three of AIA's counterclaims, AIA asserts that Mayo breaches the no-challenge clause by counterclaiming – in Mayo's answer to AIA's counterclaim – for patent invalidity and thereby 'initiating' an 'action' in violation of the no-challenge clause.  AIA's claim fails for several reasons.  AIA – not Mayo – 'initiated' the claim of patent invalidity by suing Mayo for patent infringement.  Mayo has initiated nothing; Mayo merely defends itself.  Neither is Mayo 'voluntarily participating' in this action.").  But for Digitech's Complaint alleging patent infringement after Acacia had issued statements suggesting it had an equitable interest in the patent-in-suit, Newegg would not have had to file any declaratory judgment counterclaim against either Digitech or Acacia relating to the patent-in-suit.

Moreover, as evidenced by the select attachments Digitech supplied to the Court with its Motion, Newegg did not misrepresent or otherwise deny that its fee motion includes the amounts it spent on the counterclaim (and the motion practice relating to that counterclaim) in its motion for fees.  It readily admitted it, and

confirmed why it was including those fee amounts in its letter when Digitech requested such information.  *See* 8:12-cv-01688-ODW-MRW, Dkt. 45-4.  Newegg did not hide anything in its fee motion; rather, it identified, in general description so as to avoid disclosing any privileged information, the general categories of work performed and specifically included filing counterclaims in that description.  8:12-cv-01688-ODW-MRW, Dkt. 43 at 7 ("As a result of Digitech's manipulations, Newegg prepared an answer and counterclaims…").  The Court and Digitech are certainly aware of the proceedings in this matter, and Newegg's decision to not specifically enumerate every motion, appearance, brief, opposition, response and other filing in its motion is certainly not misrepresentation.  Nor is the use of the term "defense of the action" misrepresentative when discussing compulsory declaratory judgment counterclaims asserted against all parties who were believed to have an interest in the patent-in-suit.  Digitech is trying to play a semantic game in an effort to seek sanctions when in truth it should just challenge the *amount* of the fee award, if it wants to dispute the inclusion of a particular category of fees.

## II.   Newegg's Failure to Provide Digitech With A Bill Set Is Not Sanctionable Conduct

Newegg indicated in its Motion for Fees that it would provide its complete, unredacted bill set for this matter to the Court for *in camera* inspection.  *See* 8:12-cv-01688-ODW-MRW Dkt. 43 at 7, n. 1, as well as Dickson Declaration (Dkt. 43-1 at ¶ 8) and Fauth Declaration (Dkt. 43-2 at ¶ 7) attached thereto.  Providing the bill set is not necessary to determine whether Newegg is entitled to fees, rather, it will be potentially relevant as to the amount of any such fee award.  Often, a court does not require submission of a bill set until it determines that it will award fees and is then left with the task of assessing the amount of the fee award.  Thus, Digitech's statement in its Motion for Sanctions that the Court has been denied the opportunity to review the bill set is flatly false, and demonstrably so by reference to Newegg's Motion for Fees.  Newegg must protect privileges and that is why it

has not provided a bill set other than by offering them for *in camera* review, not because it is hiding anything.   Newegg reiterates that, at the Court's direction, it will provide a matter-specific bill set for *in camera* inspection.

More specifically, Digitech makes the baseless claim that the fees sought by Newegg in relation to the Acacia counterclaim and motion to dismiss briefing are a "large portion" of the fees being claimed by Newegg.   Not true.   Although Digitech originally asked Newegg to identify the amount of fees involved in relation to the claim against Acacia as part of the meet and confer process, it chose to not wait for Newegg to calculate that amount before filing its Motion for Sanctions.   Newegg has now reviewed the bill set and can attest the amount of fees fairly attributable to the Acacia counterclaim and motion to dismiss briefing is $13,816.24.   *See* Dickson Declaration at Exhibit 1.   That equates to roughly 20 percent of the overall fee amount sought by Newegg, and hardly is a "large portion" of the fee amount.

## III.   <u>Newegg Is Not Seeking Recovery Of Expenses</u>

Digitech's speculation becomes ridiculous in footnote one where Digitech appears to conclude on the basis that the fee motion seeks an amount that includes cents, as opposed to whole dollars, that the fee amount must be inaccurate.   Having to deal with such a *non sequitur* is a waste of this Court's (and Newegg's) time. As should come as no surprise to the Court, fee arrangements often include not only hourly rates for attorneys and staff, but also adjustments to an overall bill (including, for example, percentage discounts), as well as billings for increments of whole hours.   Anyone who has reviewed an attorney bill set is aware that such figures often can and do result in amounts of bills for less than a full dollar amount. In any event, Digitech has absolutely no basis to challenge the fees because the motion seeks recovery of cents, and Newegg will not further belabor this point other than to note that Newegg indicated in its original motion it would willingly

submit its bills to the Court for *in camera* inspection and the Court can confirm the bill amounts, cents and all, directly.

## IV.   Formal Entry of Appearance Is Not Required To Recoup Attorneys' Fees

Inexplicably, Digitech appears to believe that because *pro hac vice* motions had not yet been re-filed in the individual case at the time the answer and counterclaim were filed by Newegg's in-house counsel (who is licensed to practice in California) that somehow that means outside counsel had no role in preparing such documents.   Again, review of the record suggests otherwise, and also demonstrates that Digitech knew of outside counsel's involvement.   When the omnibus complaint was filed, outside counsel filed *pro hac vice* motions in that case on the same day that the answer and counterclaim were filed.   Both Mr. Baldauf and Ms. Dickson appeared in that case.   When Digitech decided to separately file suit against Newegg the day after the omnibus Complaint was dismissed, outside counsel inquired of the Clerk of Courts whether additional *pro hac vice* motions needed to be filed for the individual case or if the prior *pro hac vice* motions filed and granted in relation to the omnibus Complaint would cover participation in the individual case.

Newegg's in-house counsel may have ultimately reviewed and filed the answer and counterclaim in the individual case on October 25, 2012, but approximately a month later, once Newegg was able to confirm with the Clerk of Courts that it would need to file new *pro hac vice* motions in this new case, it did so.   And, to no one's great surprise, the same outside counsel of record for Newegg in relation to the omnibus Complaint moved for admission in the individual case. However, even before any *pro hac vice* motions were filed in relation to the new Complaint, outside counsel for Newegg contacted Plaintiff's counsel ***the very day after the answer and counterclaim were filed to inquire about service of process issues.***   *See* October 26, 2012 email to J. Edmonds from C. Dickson attached

hereto as Exhibit 2.  Plaintiff's counsel was well aware of outside counsel's participation in the newly filed individual case, and to somehow now suggest that participation did not begin until *pro hac vice* motion papers were re-filed in the individual case denies the reality of this situation which is well-known to Digitech's counsel.

Again, the Court can see the activities performed by outside counsel on the bill set and determine if they were in the defense of Newegg and appropriately attributed to this litigation.  Just because in-house counsel filed a document, does not mean that in-house counsel, alone, prepared a document.  Nor is there any requirement that a motion for attorneys' fees only include outside counsel who formally entered an appearance before the Court.

## V.   Work Product Assumptions Are Not A Basis For A Sanctions Motion

Digitech attaches to its Memorandum in Support of its Motion for Sanctions copies of two Motions in Support of a Stay, and claims from that that Newegg must have copied from another Defendant.  *See* Mem. In Support of Mot. For Sanctions at 5.  Again, such assumptions are not supported in fact.  Just because two defendants filed similar, but not identical,[3] motions, does not reveal who prepared what, how much time was invested, or how the end work product was achieved.  The bill set identifies the amount of time Newegg spent on preparing its motion to stay, and the work that went into the motion.  Certainly, Digitech's assumptions are not a basis for sanctions (and should be included, if at all, in an opposition to the Motion for Fees).

---

[3] Of note, although Digitech suggests that Newegg's motion is a "cut and paste", the motions do, in fact, seek different relief.  Defendants, such as Micro Electronics Inc. were willing to be stayed only for the discovery period, as an alternative basis for relief.  Newegg would not agree to that relief, and instead indicated it would participate in discovery if the matter was not stayed as to Newegg in its entirety.  *See also, e.g.*, 26(f) report, 8:12-cv-01688-ODW-MRW, Dkt. 35 at 15 (evidencing the differences between the position of other defendants and Newegg on this issue, and, reviewing the entirety of the report reveals several other instances where Newegg took a different position from the other defendants).

## VI.   Prevailing Party Status Exists Even Where A Party Has Not Won Every Motion

Even though Digitech claims it is not arguing the merits of Newegg's Motion for Fees, it includes case citations that suggest a party can only recover fees under 35 U.S.C. § 285 if that party is the prevailing party.  *See* Mem. in Support of Mot. For Sanctions at 6.  Digitech argues, without specific case support, that Newegg cannot recover its fees associated with the counterclaim against Acacia since that counterclaim was dismissed.  It seems like Digitech is challenging Newegg's prevailing party status.  None of the cases cited by Digitech speak to the recoverability on a motion for fees of fees relating to assertion of a compulsory counterclaim.  Newegg repeatedly requested case law support for Digitech's argument, and was denied any such information.  Apparently, Digitech does not have any, as it did not cite any to the Court, either.

What Digitech ignores is case law indicating that a party can be a prevailing party and recover fees, even if during the course of litigation the party did not prevail on every motion.  Indeed, Newegg has found one case that specifically applies this principle in the context of an unsuccessful assertion of a compulsory counterclaim.  *See, e.g.*, *Tax Track Sys. Corp. v. New Investor World, Inc.*, 478 F.3d 783, 789 (7th Cir. 2007) (in interpreting contractual fee award provision, holding that loss on counterclaim did not alter defendant status as prevailing party entitled to award of attorneys' fees, particularly where district court held that the compulsory, defensive counterclaims were not sufficiently weighty, time-consuming or complex to warrant denial of fees to defendant).

The Court is permitted in its discretion to assess whether the fees are appropriately awarded, but certainly can do so, even where a successful defendant who invalidated a patent may not have been successful on a compulsory counterclaim seeking a declaration of invalidity and non-infringement.  Moreover,

this matter is appropriately addressed in and will be addressed in the briefing on the Motion for Fees.  What is clear for purposes of Digitech's Motion for Sanctions is that the submission of such fees as part of a fee motion is certainly not sanctionable and Digitech has offered no support for its accusations.

## VII.   **Conclusion**

Wherefore Newegg seeks not only denial of this motion, but also an award of Newegg's attorneys' fees required to address this motion and any other relief to Newegg that the Court believes is appropriate.

Date:  August 30, 2013                    By:     /s/ Cecilia R. Dickson
                                                   Kent E. Baldauf, Jr.
                                                   kbaldaufjr@webblaw.com
                                                   Cecilia R. Dickson
                                                   cdickson@webblaw.com
                                                   The Webb Law Firm
                                                   One Gateway Center
                                                   420 Ft. Duquesne Blvd., Ste. 1200
                                                   Pittsburgh, Pennsylvania 15222
                                                   Telephone:   (412) 471-8815
                                                   Facsimile:   (412) 471-4094

                                                   Annette Kazmerski
                                                   annette.a.kazmerski@newegg.com
                                                   SBN 211364
                                                   Newegg Inc.
                                                   16839 East Gale Avenue
                                                   City of Industry, California 91745
                                                   Telephone:   (626) 271-9700
                                                   Facsimile:   (626) 271-9480

                                                   Attorneys for Defendants
                                                   Newegg Inc. and Newegg.com Inc.
                                                   and Counter-Plaintiff Newegg Inc.

## **CERTIFICATE OF SERVICE**

On August 30, 2013, I hereby certify that a true and correct copy of **DEFENDANT AND COUNTER-PLAINTIFF NEWEGG INC. AND DEFENDANT NEWEGG.COM INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** has been served via the Court's ECF system upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Cecilia R. Dickson
Attorneys for Defendants
Newegg Inc. and Newegg.com Inc.
and Counter-Plaintiff Newegg Inc.