John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorney for Plaintiff,
**DIGITECH IMAGE TECHNOLOGIES, LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br> v. <br><br> NEWEGG, INC. and NEWEGG.COM, INC. <br> Defendants. | CASE NO.: SACV12-01688 ODW (MRWx) <br><br> **DIGITECH'S RESPONSE IN OPPOSITION TO NEWEGG'S MOTION FOR FEES [REDACTED]** <br><br> Honorable Otis D. Wright, II <br><br> Hearing Date: September 23, 2013 <br> Hearing Time: 1:30 p.m. <br> Location: Courtroom 11 <br> 312 North Spring Street <br> Los Angeles, California 90012-4701 |

- i -

## TABLE OF CONTENTS

I.     **INTRODUCTION** ...................................................................................1

II.    **STATEMENT OF FACTS** .....................................................................5

III.   **LEGAL STANDARD** ............................................................................6

IV.    **ARGUMENT** ........................................................................................8

A.  This case is not "exceptional" under 35 U.S.C. § 285. .........................8

   a.    Newegg's allegation that Digitech filed this case "to extract a nuisance value settlement" is baseless, unsupported, and contrary to the facts. ..............................9

   b.    There was nothing improper about Digitech suing a retailer for making infringing sales of infringing products....................................................11

   c.    Newegg's contention that Digitech "should have known" that a presumptively valid patent was actually invalid is meritless and unsupported. .............................13

B.  For at least the same reasons, granting fees pursuant to Fed. R. Civ. P. 54(d) is inappropriate. ........................................................................16

C.  For at least the same reasons, granting fees pursuant to §1927 or the Court's Inherent Powers is inappropriate. ...........................................................17

D.  Even if Newegg was entitled to a fee recovery, which it is not, Newegg has failed to prove up its attorney's fees for defending this action.  Even worse, Newegg has inexcusably inflated its fee claim by misrepresenting that all fees sought are all for "defending" this action...........................................................19

   a.    Newegg's Motion contains inexcusable misrepresentations. ..........................19

   b.    Newegg has failed to prove up its attorneys' fees in this action.....................22

E.  In the alternative, the Court should postpone deciding Newegg's Motion until the conclusion of Digitech's appeal..........................................................*24*

V.     **CONCLUSION** ...................................................................................25

# **TABLE OF AUTHORITIES**

## Cases

*Adjustacam*, No. 6:10-cv-00329-LED ............................................................1

*Alvarado Orthopedic Research, L.P. v. Linvatec Corp.,*
    2013 WL 2351814 at *11 ...........................................................18

*Amdocs v. Openet Telecom,*
    2013 U.S. Dist. LEXIS 42300, at *6 (E.D. Va. Mar. 21, 2013)............................25

*ArrivalStar v. Meitek,* No. 2:12-cv-01225-JVS,
    Dkt No. 55, p. 8 (C.D. Cal. Nov. 20, 2012)......................................10, 17

*Arroyo v. Svela*, CV 10-7814 CAS-SSX,
    2012 WL 3308427 at *1 (C.D. Cal. Aug. 13, 2012) (citing *Hensley,* 461 U.S. at
    437) ...................................................................22

*Artese v. Academy Collection Serv.,*
    2000 U.S. Dist. LEXIS 1186, 2000 WL 133733 (D. Conn. Jan. 18, 2000)..9, 10, 16

*Barber v. Miller,*
    146 F.3d 707, 711 (9th Cir. 1998) ...........................................8, 18

*Beckman Instr.v. LKB Produkter AB,*
    892 F.2d 1547, 1553, 13 USPQ2d 1301, 1306-07 (Fed.Cir.1989) ...............19, 20

*Chambers v. NASCO,*
    501 U.S. 32, 45–46 (1991) ...............................................8

*Chevron v. Pennzoil,*
    974 F.2d 1156, 1162 (9th Cir.1992) ......................................24

*CLS Bank Int'l v. Alice Corp.*, No. 2011-1301,
    2013 U.S. App. LEXIS 9493, at *28, 30 (Fed. Cir. May 10, 2013) (en banc)
    (Lourie, J., concurring) .................................................4, 15

*Cybor Corp. v. FAS Technologies,*

138 F.3d 1448, 1460 (Fed. Cir. 1998), citing *Molins PLC v. Textron, Inc.,* 48 F.3d 1172, 1186, 33 USPQ2d 1823, 1833 (Fed.Cir.1995) ................................................21

*Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.*,
    Case No. 8:12-cv-1324-ODW(MRWx) (C.D. Cal July 31, 2013) (Dkt. No. 88) .....6

*E.Digital Corporation v. Creative Labs, Inc.*,
    Civ. A. No. 12-cv-2879-DMS (WVG), Dkt. No. 46 (S.D. Cal. June 11, 2013) ..1, 2, 9

*Eon-Net LP v. Flagstar Bancorp*,
    653 F.3d 1314 (Fed. Cir. 2011) ................................................................. 2, 9, 10, 11

*Hensley v. Eckerhart*,
    461 U.S. 424 (1982) ..............................................................................................22, 24

*Highmark, Inc. v. Allcare Health Management Systems, Inc.*,
    687 F.3d 1300, 1308 (Fed. Cir. 2012) ................................................ 2, 7, 8, 9, 13

*In re Keegan Mgmt.*,
    78 F.3d 431, 436 (9th Cir. 1996) ......................................................................8, 18

*Ingenuity 13 LLC v. Doe*,
    2013 U.S. Dist. LEXIS 64564 at *5, 2013 WL 1898633 (C.D. Cal. May 6, 2013)16

*IPXL Holdings v. Amazon.com*,
    430 F.3d 1377, 1386 (Fed.Cir.2005) ....................................................................16

*Lam v. Johns-Manville*,
    718 F.2d 1056, 1069 (Fed. Cir. 1983) ...................................................................22

*Loctite v. Fel-Pro*,
    667 F.2d 577, 585 (7th Cir. 1981) .........................................................................22

*MySpace, Inc. v. GraphOn Corp.*,
    72 F.3d 1250, 1260 (Fed. Cir. 2012) ................................................................3, 14

*Oakley, Inc. v. Sunglass Hut Int'l*,
    316 F.3d 1331, 1339 (Fed. Cir. 2003) (citing 35 U.S.C. § 282) ........................3, 13

*Precor v. Life Fitness*,
    13 F. App'x 913, 922 (Fed. Cir. 2001) *citing Beckman Instr.v. LKB Produkter AB*,
    892 F.2d 1547, 1553, 13 USPQ2d 1301, 1306-07 (Fed.Cir.1989) ............ 19, 20, 24

*Reed v. H.H.S.*,
    774 F.2d 1270, 1277 (4th Cir. 1985) ........................................................25

*Site Update Solutions, LLC v. Accor N. Am., Inc.*,
    11-3306 PSG, 2013 WL 2238626 (N.D. Cal. May 21, 2013)..................................1

*Slimfold Mfg. v. Kinkead Indus.*,
    932 F.2d 1453, 1459-60 (Fed.Cir.1991) .................................... 19, 20, 24

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
    635 F.3d 539 (Fed. Cir. 2011) ..........................................................15

*Wi-LAN v. Kilpatrick Townsend*,
    684 F.3d 1364, 1371 (Fed. Cir. 2012) ....................................................24

## Statutes

28 U.S.C. § 1927...........................................................................7, 8, 17

35 U.S.C. § 271 ...............................................................................12

35 U.S.C. § 285.............................................................................6, 7, 19

35 U.S.C. § 299 ...............................................................................10

Fed. R. Civ. P. 54, adv. Comm. Note to 1993 amendments.........................................24

## I.  __INTRODUCTION__

This Court has ruled that the asserted claims of the patent-in-suite are directed to non-patentable subject matter under Section 101 of the Patent Act.  Newegg, a retailer whose case has been stayed awaiting disposition of similar suits against camera manufacturers for most of the litigation, is the sole Defendant out of twenty cases to file a Motion for Fees under Section 285.  This is because, rather than being based upon law and fact, Newegg's filing is based upon a meritless strategy to file Section 285 motions in apparently every case in which it prevails, regardless of whether it is an "exceptional case" as the statute requires.  In its Motion, Newegg states that it "consistently" seeks its fees and refers the Court to the *Site Update* and *Adjustacam* cases.  However, Newegg fails to mention that the court __DENIED__ Newegg's Section 285 Motions for lack of merit in both cases.  *See Site Update Solutions, LLC v. Accor N. Am., Inc.*, 11-3306 PSG, 2013 WL 2238626 (N.D. Cal. May 21, 2013) (Exhibit 2); *Adjustacam*, No. 6:10-cv-00329-LED, Dkt. No. 761 (Exhibit 3).  Apparently Newegg failed to update its cookie-cutter[1] Motion for fees to include this very relevant information.

---

[1] Newegg's Motion is largely a cut-and-paste from a previous Motion that it filed in an unrelated *E.Digital* case in the Southern District.  *C.f.* Newegg's Motion *with* Exhibit 4 (Newegg Memorandum of Points and Authorities in Support of Motion to Stay filed by Newegg in *E.Digital Corporation v. Creative Labs, Inc.*, Civ. A. No. 12-cv-2879-DMS (WVG), Dkt. No. 46 (S.D. Cal. June 11, 2013)).

Newegg's argument that this case is "exceptional" rests upon three meritless grounds:  1) Digitech filed this case allegedly "to extract a nuisance value settlement"; 2) Digitech somehow acted improperly by suing retailers for products they sold that Digitech contends infringe its patent; and 3) Digitech's pre-filing investigation should have revealed that the presumptively valid claims of the patent-in-suit were not valid. Newegg's Motion at Pg. 13.  However, as Newegg admits, it must provide <u>clear and convincing evidence</u> that this case is "exceptional."  *Highmark, Inc. v. Allcare Health Management Systems, Inc.*, 687 F.3d 1300, 1308 (Fed. Cir. 2012).  However, Newegg does not have any evidence, much less clear and convincing evidence, of an "exceptional" case.  Instead, Newegg offers rhetorical and factually baseless attorney argument rehashed, in most instances nearly verbatim, from a Motion for Fees that it recently filed in the completely unrelated *E.Digital* case.  *See* Footnote 1 *supra.*

Digitech did not file this case "to extract a nuisance value settlement," nor has it conducted itself in that manner. ███████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████ These agreements are nothing like the "$25,000 to $75,000 settlement offer range" found in the *Eon-Net* case that Newegg so heavily relies upon.  *Newegg's Motion at* Pg. 12.

- 2 -

Next, Newegg takes issue with being named in the suit, because Newegg deems it wrongful that retailers get sued for patent infringement. However, Newegg points to no case law to support that naming a retailer justifies an exceptional case finding. As the second largest online-only retailer in the United States,[2] Newegg would no doubt prefer a rule that retailers can profit from patent infringement while being immune from liability from patent infringement, but that is clearly not the law.

Finally, Newegg contends that Digitech's pre-filing investigation should have revealed that the presumptively valid claims of the patent-in-suit were invalid under Section 101. Newegg's Motion at 13. Digitech does not dispute that this Honorable Court found the asserted claims covered unpatentable subject matter pursuant to 35 U.S.C. § 101.[3] However, "an issued patent is presumed to be valid." *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1339 (Fed. Cir. 2003) (citing 35 U.S.C. § 282). In addition, as even the Federal Circuit admits, Section 101 jurisprudence is a "murky morass." *MySpace, Inc. v. GraphOn Corp.*, 672 F.3d 1250, 1260 (Fed. Cir. 2012). At a minimum, Section 101 jurisprudence is rapidly evolving, including during the pendency of this suit. For example, in invalidating the claims, this Court at least primarily relied upon case law that had not been decided when this suit was filed. *See*

---

[2]*See*         http://www.forbes.com/lists/2011/21/private-companies11_Neweggcom_ GPM6.html.
[3] Digitech does, however, respectfully disagree with the Court's decision and is appealing to the Federal Circuit for guidance on this issue.

Dkt. No. 4 *citing CLS Bank Int'l v. Alice Corp.*, No. 2011-1301, 2013 U.S. App. LEXIS 9493, at *28, 30 (Fed. Cir. May 10, 2013) (en banc) (Lourie, J., concurring).  Digitech should not be faulted for asserting presumptively valid claims in good faith when this area of the law contains uncertainty and change.  As evidenced by the fact that none of the other defendants in the twenty pending related cases, except Newegg, filed a Section 285 motion, with all due respect to this Court's summary judgment ruling, it was a difficult issue which Digitech was reasonable in differing with.

Further, although Newegg was the beneficiary of a summary judgment motion filed by other defendants in different cases, Newegg never raised the 101 issue on its own outside of a boilerpate recitation in its answer.  Thus, apparently the invalidity of the patent-in-suit should have somehow been obvious to Digitech for reasons that Newegg fails to articulate, despite the fact that Newegg never raised the issue or filed any motions asserting such grounds.  Newegg's arguments that Digitech acted improperly by not realizing that presumptively valid claims were invalid, due to a complex and evolving area of the law, are meritless.

Finally, Newegg's attorney's fee claim is clearly inflated and based upon an inexcusable misrepresentation to the Court that the fees claimed are all for "defending" this suit -- *see* Newegg's Motion at Pg. 7 and supporting declarations at Dkt. Nos. 43-1 at ¶3; 43-2 at ¶3.  As Newegg has since admitted in correspondence, *see* Exhibit 5, preparatory to a Motion for Sanctions filed by Digitech as a result of this

- 4 -

misrepresentation in Newegg's Motion for Fees, and as Newegg admitted today in responding (*see* Dkt No. 47 at Pg. 6) to Digitech's pending Motion for Sanctions (*see* Dkt No. 45), despite representing in its Motion for Fees that all claimed fees were all incurred in "defending" this suit, Newegg's fee claim also includes substantial fees -- according to Newegg's response to the Motion for Sanctions, allegedly "roughly 20 percent", Dkt No. 47 at Pg. 6 -- incurred in pursuing its baseless third party claim against Digitech's ultimate parent. But this Court dismissed that third-party claim for lack of subject matter jurisdiction because Newegg had "no authority" for bringing such a third party into the case. Dkt. No. 38 at Pg. 7. The misrepresentations in Newegg's Motion for Fees alone justify denial of its motion. Further, Newegg's belated concession (in responding to a Motion for Sanctions), and without any documentary support, that "roughly 20 percent" of its claim is inflated, also illustrates how Newegg has failed to carry its burden for a fee award.

## II.   **STATEMENT OF FACTS**

This case was brought against Newegg on October 2, 2012 for infringement of U.S. Patent No. 6,128,415 (the "'415 patent" or "patent-in-suit"). In addition, Digitech brought suit against other Defendants, including manufacturers of products sold by Newegg (and other re-sellers of such manufacturer's products) that were alleged to infringe. Digitech's claims against Newegg were initially dismissed for misjoinder, but Digitech filed an individual suit against Newegg on the following day.

Next, Newegg filed a Motion to Stay the case based upon the "customer suit exception" because it is a retailer.  Dkt. No. 24.  On April 10, 2013, the Court stayed the case against Newegg and the other retailer defendants. Dkt. No. 37.

On June 17, 2013, nearly nine months after the filing of this case, in a related case, certain Defendants (not including Newegg) filed a request for leave to file a Motion for Summary Judgment based upon 35 U.S.C. § 101.  After granting these Defendants' request, and fully briefing the issue, the Court found the '415 Patent invalid for failing to comply with 35 U.S.C. § 101.  *See Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.*, Case No. 8:12-cv-1324-ODW(MRWx) (C.D. Cal July 31, 2013) (Dkt. No. 88).  Subsequently, judgment was entered in this case. Dkt. No. 39.  Newegg has now come before the Court seeking attorney's fees pursuant to 35 U.S.C. § 285. Despite being requested to do so, Newegg has not provided Digitech, nor the Court, with a copy of the invoices for the fees it alleges were incurred in "defending" this action.

### III.  <u>LEGAL STANDARD</u>

Under 35 U.S.C. § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party."[4]  Once it is determined that the party seeking fees is a prevailing party, determining whether to award attorneys' fees under 35 U.S.C. §

---

[4] Digitech does not dispute that Newegg is the prevailing party with respect to Digitech's infringement claim.  However, Newegg is not the prevailing party for its failed third-party claim against Digitech's ultimate parent company.

285 is a two-step process.  *Highmark, Inc. at* 1308.  First, a prevailing party must establish by clear and convincing evidence that the case is "exceptional."  *Id.*  "It is established law under section 285 that absent misconduct in the course of the litigation or in securing the patent, sanctions may be imposed against the patentee only if two separate criteria are satisfied:  (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless."  *Id.*  The requirement that the litigation be objectively baseless "does not depend on the state of mind of the [party] at the time the action was commenced, but rather requires an objective assessment of the merits."  *Id.* at 1308-09.  "To be objectively baseless, the infringement allegations must be such that no reasonable litigant could reasonably expect success on the merits."  *Id.* at 1309.  This is known as the subjective prong of the inquiry.  *Id.*  This same objective/subjective standard applies for both patentees asserting claims of infringement and alleged infringers defending against claims of infringement.  *Id.*  With respect to the subjective prong, "there is a presumption that an assertion of infringement of a duly granted patent is made in good faith."  *Id.*  Even if a case is deemed exceptional, a court must still determine whether an award of attorneys' fees is appropriate and, if so, the amount of the award.  *Id.*  "[T]he amount of the attorney fees [awarded] depends on the extent to which the case is exceptional."  *Id.*

Section 1927 provides that "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Similarly, courts have inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO*, 501 U.S. 32, 45–46 (1991). "An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith." *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998). Subjective bad faith is present "when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt.*, 78 F.3d 431, 436 (9th Cir. 1996).

## IV.   <u>ARGUMENT</u>

### A. <u>This case is not "exceptional" under 35 U.S.C. § 285.</u>

Newegg ignores the strict framework of a section 285 analysis provided by the Federal Circuit and instead uses unsupported attorney statements to fashion a half-baked argument that this case is "exceptional." For example, Newegg has not alleged that there was "misconduct in the course of litigation or in securing the patent." *Highmark, Inc.*, 687 F.3d at 1308. Nor does Newegg allege that "(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Id.* For this reason alone, Newegg's Motion fails.

Instead, Newegg's argument that this case is "exceptional" rests upon three baseless grounds: 1) Digitech filed this case allegedly "to extract a nuisance value

settlement"; 2) Digitech named retailers such as Newegg instead of just naming manufacturers; and 3) Digitech's pre-filing investigation should have revealed that the presumptively valid '415 patent was actually invalid.  Newegg's Motion at Pg. 13. Newegg admits it must provide <u>clear and convincing evidence</u> that this case is "exceptional."  *Highmark, Inc. at* 1308.  Yet Newegg offers nothing more than rhetorical attorney argument rehashed nearly verbatim from the completely unrelated *E.Digital* case.  *See E.Digital, supra* (Exhibit 4).

### a. Newegg's allegation that Digitech filed this case "to extract a nuisance value settlement" is baseless, unsupported, and contrary to the facts.

Had Newegg bothered to check the facts prior to cutting-and-pasting its *Eon-Net* arguments from its motion in the unrelated *E.Digital* case, Newegg would realize that its baseless "nuisance value" allegations have no pertinence to this case. ███████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████ These settlements are nothing like the "$25,000 to $75,000 settlement offer range" found in the *Eon-Net* case that Newegg so heavily relies upon.  Newegg's Motion at Pg. 12.  Defendants in this this case were never given the choice to "either settle this action by paying plaintiff's counsel's fees plus $1,000 or to incur far greater attorney's fees itself in pursuing the action to judgment."  *See*

Newegg's Motion at Pg. 9 citing *Artese v. Academy Collection Service*[5], No. 3:96-cv-2546-GLG, 2000 U.S. Dist. LEXIS 1186, at *10 (D. Conn. Jan. 18, 2000).  Further, at no point has Digitech <u>ever</u> offered to settle this case for nuisance value.  Digitech is, of course, amenable to reasonable settlements, but it had every intention of litigating this case to trial – until the patent was invalidated by the Court under 35 U.S.C. §101, a decision which Digitech, respectfully, is appealing.

Further, the fact that Digitech has filed multiple lawsuits against other infringers is evidence of nothing other than the fact that multiple other parties also manufacture or sell infringing products.  *See, e.g., ArrivalStar v. Meitek,* No. 2:12-cv-01225-JVS, Dkt No. 55, p. 8 (C.D. Cal. Nov. 20, 2012) ("evidence that ArrivalStar has filed suit against many other parties does not, by itself, prove that litigation is unjustified or baseless").  This is not a case in which a dubious infringement theory was asserted against numerous parties in the hope of nuisance value settlements.  Newegg's Motion does not even argue, or support any argument, that it doesn't infringe the '415 patent.  Further, the number of suits filed is also a function of the new AIA provisions prohibiting joinder of parties, *see* 35 U.S.C. § 299, something wholly unrelated to the merits of the case.

---

[5] *Artese* is a non-patent case.  Likewise, Newegg's reliance upon *Ingenuity 13, LLC v. Doe*, No. 2:12-cv-8333-ODW, 2013 U.S. Dist. LEXIS 64564 9C.D. Cal. May 6, 2013), another non-patent case, is misplaced.

Newegg's reliance upon the *Eon-Net* case is wholly misplaced.  *See Eon-Net LP at* 1314.  In *Eon-Net*, the Federal Circuit affirmed a District Court's exceptional case finding based upon the totality of (1) Eon-Net destroying relevant documents from a prior lawsuit prior to filing suit; (2) Eon–Net failing to engage in the claim construction process in good faith; (3) Eon-Net displaying a "lack of regard for the judicial system" and a "cavalier attitude" towards the "patent litigation process as a whole," as evidenced by an interrogatory response which "snidely stated" that "the skill in the art required is that sufficient to converse meaningfully with [Eon-Net's president] Mitchell Medina," and statements by Mr. Median at his deposition that it was "an inconvenience and a bother"; (4) because the written description of the patent-in-suit repeatedly defined the invention as a system for processing information that originates from hard copy documents, which the Defendant Fisher did not do; and (5) Eon-Net had had filed over 100 lawsuits, with each complaint being followed by a "demand for a quick settlement … using a license fee schedule based on the defendant's annual sales: $25,000 for sales less than $3,000,000; $50,000 for sales between $3,000,000 and $20,000,000; and $75,000 for sales between $20,000,000 and $100,000,000."  *Eon-Net* is an extreme case.  None of these facts, or anything close to them, are present in this case,nor has Newegg shown any facts similar to *Eon-Net* that are present in this case.

> **b.  *There was nothing improper about Digitech suing a retailer for making infringing sales of infringing products.***

- 11 -

Next, Newegg takes issue with being named in the suit because it is a retailer. However, Newegg points to no case law to support that naming a retailer merits an exceptional case finding.  As the second largest online-only retailer in the United States,[6] Newegg would no doubt prefer a rule that retailers are immune from liability from infringing sales, but that is clearly not the law, nor should it be.  In fact, 35 U.S.C. § 271 provides that "whoever without authority makes, uses, <u>offers to sell</u>, <u>or sells</u> any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." (emphasis added).  Because Newegg was selling infringing products – something its Motion does not contest – it was properly held accountable for its tortious behavior in a court of law.

Including Newegg as a defendant was prudent on Digitech's part.  Almost all of the camera manufacturer defendants in the originally filed case do their manufacturing overseas.  Although it was readily ascertainable that Newegg was selling infringing products in the United States in violation of the Patent Act, in the absence of discovery, Digitech lacks the ability to determine the extent of infringement by overseas manufactures, who may have been using third parties to re-sell many of their infringing products in the United States, or to import many of their infringing products into the

---

[6]  *See*  http://www.forbes.com/lists/2011/21/   private-companies-11_Neweggcom_ GPM6.html.

United States.  Further, as Newegg offers no non-infringement arguments, it's assertion that it should simply be immune from liability for selling infringing products is baseless and contrary to the law.  A patentee has the right to choose the appropriate infringers who should be accountable to pay just compensation for their infringement.

Put simply, there is nothing improper about bringing an infringement suit against a retailer who is selling an infringing product.  Newegg has the right to request a stay pending the conclusion of manufacturer litigation, which it successfully accomplished, but this does not detract from the merits of Digitech's suit.

### c. Newegg's contention that Digitech "should have known" that a presumptively valid patent was actually invalid is meritless and unsupported.

With no facts to back its claim, Newegg contends that "the pre-filing investigation[7] should have revealed the weakness of the patent and its invalidity from the start."  Newegg's Motion at 13.  Newegg does not allege, and cannot possibly prove with clear and convincing evidence, that "no reasonable litigant could reasonably expect success on the merits" on a presumptively valid patent.  *See Highmark, Inc.*, 687 F.3d at 1308.  This is the high standard set by the Federal Circuit.  *Id.*  On this ground alone, Newegg's Motion should be denied.

---

[7] Tellingly, Newegg does not allege that no pre-filling investigation was done, and to do so would be baseless.

Further, Newegg's argument ignores that "an issued patent is presumed to be valid." *Oakley, Inc. at* 1339 citing 35 U.S.C. § 282 (2000).  Because the '415 patent was issued by the United States Patent and Trademark Office, it was presumed to be valid and contain patentable subject matter pursuant to 35 U.S.C. § 101.  Further, it should be noted that the original assignee of the '415 patent was Polaroid and the invention was developed by Polaroid—who in its day was one of the most respected technology innovators in the country.

In addition, although Digitech respects (and, with all due respect, is appealing) this Court's summary judgment ruling, even the Federal Circuit has admitted that § 101 jurisprudence is a "murky morass." *MySpace, Inc. at* 1260.  Moreover, numerous commentators have aptly described current § 101 jurisprudence as a "mess." *See* Exhibit 8 ("KSR the 5th Anniversary: One Supremely Obvious Mess"); Exhibit 9 ("Michel: US 101 Law is a Mess"); Exhibit 10 (Federal Circuit Makes Mess of Software Patents); Exhibit 11 ("SCOTUS in Myriad: Federal Circuit doesn't know what's patent-eligible"); Exhibit 12 ("Myspace – Eschewing a 'Murky Mess'").  As Judge Plager states in *MySpace*, "[o]ur opinions spend page after page revisiting our cases and those of the Supreme Court, and still we continue to disagree vigorously over what is or is not patentable subject matter." *MySpace*, 672 F.3d at 1260.  In short, "a reasonable litigant could reasonably expect success on the merits" with respect to § 101

patentability when the Federal Circuit itself has had difficulty agreeing upon the proper scope of Section 101.

Further, Section 101 case law has been in flux, to say the least. For example, in ruling the asserted claims invalid, the Court relied heavily upon case law that came out after this case had been filed as grounds for invalidating the patent. *See* Dkt. No. 4 *citing CLS Bank Int'l.* It is unrealistic to expect that Digitech's *pre-filing* investigation should have predicted the course of this changing jurisprudence during the pendency of the suit.

Newegg cannot point to a single case where a Court has found a case exceptional on the sole ground of Section 101 unpatentability. For example, Newegg relies upon *Taurus IP, LLC v. DaimlerChrysler Corp.*, 635 F.3d 539 (Fed. Cir. 2011). However, the *Taurus* case is wholly inapplicable. In *Taurus*, the Court determined the case to be "exceptional" in part based on the plaintiff's *infringement theories* and its failure to "throw in the towel" after an unfavorable *Markman* opinion. *Id.* at 867-868. Further, the *Taurus* court made additional findings unique to that case that it deemed egregious. *Id.* None of the above is present, nor has Newegg alleged that such facts are present, in this case.

Finally, Newegg fails to bring to the Court's attention that it took nearly nine months for the moving defendants, other than Newegg, to bring a Request for Leave to file a Motion for Summary Judgment for the '415 patent failing to comply with 35

U.S.C. § 101.  Many of the defendants in these related cases are represented by some of the largest and most sophisticated patent counsel in the country.  If this were an open and shut case as Newegg so claims, it would not have taken nine months for this matter to be brought to the Court's attention.

Although Newegg was the beneficiary of a summary judgment motion filed by other defendants in other cases, Newegg never raised the 101 issue (outside of its boilerplate answer), nor did it seek to join in the motion.  Thus, apparently the invalidity of the patent-in-suit should have somehow been obvious to Digitech, despite the fact that Newegg did not realize the issue either.  Newegg's arguments that Digitech acted improperly by not realizing that presumptively valid claims were invalid, due to a complex and rapidly evolving area of the law, are meritless.

**B.** **For at least the same reasons, granting fees pursuant to Fed. R. Civ. P. 54(d) is inappropriate.**

Rule 54(d) is merely the means by which a request for fees under 35 U.S.C. § 285 is made, *see, IPXL Holdings v. Amazon.com,* 430 F.3d 1377, 1386 (Fed.Cir.2005), rather than an independent ground for granting a Motion for Fees as Newegg seems to suggest.  *See Newegg's Motion* at Pgs. 8-9.  Further, the cases relied upon by Newegg do not involve granting fees pursuant to Rule 54(d) separate and apart from Section 285.  *See Ingenuity 13 LL* at *5; *Artese* at 1186.  Nonetheless, to the extent Newegg is requesting fees under Rule 54(d) itself, the granting of fees would be inappropriate for at least the same reasons as under Section 285.

**C. <u>For at least the same reasons, granting fees pursuant to §1927 or the Court's Inherent Powers is inappropriate.</u>**

Newegg pays summary lip service to its request that, even though the standard under Section 285 has not been met, somehow "Digitech" should be sanctioned under 28 U.S.C. § 1927 or pursuant to the Court's "inherent powers" for bringing suit based upon a preemptively valid patent.

Section 1927 provides for a fee award against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." However, Newegg has shown nothing multiplicious or vexatious about any conduct in this suit. The history of the suit is that Digitech filed suit against Newegg and others; the case was dismissed for misjoinder; Digitech promptly re-filed individual suits, including this one; shortly thereafter, this suit was stayed pending resolution of suits against manufacturers of products sold by Newegg; and certain manufacturer defendants succeeded in obtaining a summary judgment under Section 101 while this suit was stayed. Newegg's active presence in this litigation was brief and very little occurred. No vexatious or multiplicious conduct has been shown. Although Newegg was entitled to a stay pending resolution of the manufacturer suits, as noted above, Newegg's position that retailers should be able to profit from infringement while being immune from infringement is simply not the law. The fact that Digitech has sued multiple infringers is merely indicative that there are multiple infringers, and it has no bearing on the merits of Digitech's claims. *See, e.g., ArrivalStar*, Dkt No. 55, p. 8 (C.D. Cal. Nov. 20, 2012)

("evidence that ArrivalStar has filed suit against many other parties does not, by itself, prove that litigation is unjustified or baseless").

Further, an award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority "requires a finding of recklessness or bad faith." *Barber*, 146 F.3d at 711. Subjective bad faith "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co.*, 78 F.3d at 436. In the present case, Newegg has not shown, and cannot show, that Digitech should have known its presumptively valid patent, that originated at Polaroid, was invalid under "murky" and evolving Section 101 jurisprudence, much less that asserting a presumptively valid patent is somehow "bad faith, "reckless," "frivolous," or done for "harassment."

Sanctions under the Court's inherent authority are available only if "the court specifically finds bad faith or conduct tantamount to bad faith." *Id.* at 1108. Here again, Newegg lacks any shred of evidence that would in any way show that Digitech (or its counsel) has acted in bad faith, or for mere harassment of Newegg, in asserting a presumptively valid patent and an infringement claim that Newegg has not, and cannot, challenge on the merits. Newegg has provided nothing to the Court other than unsupported attorney rhetoric. Sanctions are wholly unwarranted under either section 1927 or the Court's inherent authority. *Id.* at 1107–1108. *See also, Alvarado Orthopedic Research, L.P. v. Linvatec Corp.* 2013 WL 2351814 at *11 ("Defendant

makes no attempt to show any intent to harass, bad faith, or conduct tantamount to bad faith by Plaintiff.  Thus, sanctions are wholly unwarranted under either section 1927 or the Court's inherent authority.").  Further, as this is a patent case that falls under Section 285, the absence of an exceptional case under Section 285 should preclude any fee awards or other "sanctions" under Section 1927 or the Court's inherent authority.

**D.** **Even if Newegg was entitled to a fee recovery, which it is not, Newegg has failed to prove up its attorney's fees for defending this action.  Even worse, Newegg has inexcusably inflated its fee claim by misrepresenting that all fees sought are all for "defending" this action.**

*a.  Newegg's Motion contains inexcusable misrepresentations.*

The Federal Circuit has made clear that where a case is found to be exceptional pursuant to 35 U.S.C. § 285, "fees should only be granted to the extent a party has prevailed." *Precor v. Life Fitness*, 13 F. App'x 913, 922 (Fed. Cir. 2001) *citing Beckman Instr.v. LKB Produkter AB,* 892 F.2d 1547, 1553, 13 USPQ2d 1301, 1306-07 (Fed.Cir.1989); *Slimfold Mfg. v. Kinkead Indus.,* 932 F.2d 1453, 1459-60 (Fed.Cir.1991).  Digitech does not dispute that Newegg is the prevailing party as to Digitech's infringement claims.  However, Newegg is not the prevailing party on Newegg's failed third party claim against Digitech's parent which this Court dismissed for lack of subject matter jurisdiction because, as this Court held, Newegg had "no authority" for bringing such a third party into the case.  Dkt. No. 38 at Pg. 7.  Thus, any fees associated with this claim cannot be recovered.  Newegg's motion attempts to avoid this inconvenient fact by affirmatively misrepresenting – including in

declarations signed by Newegg's outside counsel – that its claim for fees includes fees incurred in "defending" this action.  Specifically, Newegg stated that it has "incurred $64,851.73 in legal fees thus far in <u>defending</u> this matter." Newegg's Motion at Pg. 7 (emphasis added).  Newegg also filed two declarations in support of its Motion stating that the fees were incurred by Newegg "<u>defending</u> itself in the above-captioned patent infringement suit." Dkt. Nos. 43-1 at ¶3; 43-2 at ¶3 (emphasis added).  Nowhere in its motion, or the declarations included therewith, does Newegg mention that it was seeking fees for its failed third-party claim against Acacia.  As described above, recovery of fees for such a claim would run contrary of established Federal Circuit precedent.  *Precor*, 13 F. App'x at 922; *Beckman Instruments,* 892 F.2d at 1553; *Slimfold,* 932 F.2d at 1459-60.

During the meet and confer process, Digitech voiced its concerns that Newegg's inclusion of  fees related to a failed "counterclaim" against Digitech's ultimate parent would lack a good faith basis. *See* Exhibit 13.  Only after being called out on this issue, counsel for Newegg admitted in writing that Newegg had in fact included said fees in its Motion.  *See* Exhibit 5.  However, Newegg not only failed to inform the Court that its claim included such improper fees, but it affirmatively misrepresented the facts in an effort to hide this inconvenient truth.  Tellingly, Newegg's Motion provides a

laundry list[8] detailing what little work it did in the case prior to it being stayed <u>except</u> the work it created when it chose to file a failed third-party "counterclaim" against Digitech's ultimate parent.

Now, in its Response to Digitech's Motion for Sanctions (Dkt. No. 47), Newegg has finally been forced to come clean with respect to its misleading statements. Newegg belatedly estimates that it spent "roughly" $13,816.24 of its fees in its pursuit of its failed third party counterclaim. Dkt. No. 47 at Pg. 6. By its own belated admission "[t]hat equates to roughly 20 percent of the overall fee amount sought by Newegg." *Id.* Even if Newegg's belated (yet undocumented) "rough" estimate is taken as true, this still confirms Newegg's inexcusable misrepresentation in its Motion for Fees, and its Motion should be denied at least on these grounds.[9]

Further, even if Newegg has shown this to be an exceptional case by clear and convincing evidence, which it has not, even in an exceptional case this Court has discretion concerning whether to award fees and the amount awarded. *Cybor Corp. v. FAS Technologies*, 138 F.3d 1448, 1460 (Fed. Cir. 1998), citing *Molins PLC v. Textron,*

---

[8] Newegg stated in its Motion that "[a]s a result of Digitech's manipulations, Newegg prepared an answer and counterclaims, engaged in multiple discovery plan preparation sessions both with Digitech's counsel and with other defendants across all of the cases, drafted a motion to stay the proceedings as to Newegg and participated in a Court-ordered conference." Newegg's Motion at Pg. 7.

[9] Separately, Digitech has filed a motion for sanctions to hold Newegg accountable for its inexcusable misrepresentations to the court, including in declarations signed by its counsel. *See* Dkt No. 45.

*Inc.,* 48 F.3d 1172, 1186, 33 USPQ2d 1823, 1833 (Fed.Cir.1995) ("After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate, a determination that we review for an abuse of discretion.").  Newegg's inexcusable misrepresentations that all claimed fees were incurred "defending"—when clearly not the case— alone justifies denial of Newegg's Motion for Fees.

### b. Newegg has failed to prove up its attorneys' fees in this action.

Newegg has not met its burden of showing fees reasonably incurred in defense of the action in which it actually prevailed.  The fee applicant bears the initial burden of substantiating the hours worked and the rate claimed.  *Hensley v. Eckerhart*, 461 U.S. 424 (1982) ("A request for attorney's fees should not result in a second major litigation ... the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended …").  In this case, Newegg has not provided *any* documentation to support its request for fees despite repeated requests by Digitech.  Newegg's fee claim is wholly conclusory and thus fatally deficient.  *See Loctite v. Fel-Pro*, 667 F.2d 577, 585 (7th Cir. 1981); *Lam v. Johns-Manville*, 718 F.2d 1056, 1069 (Fed. Cir. 1983); *Arroyo v. Svela*, CV 10-7814 CAS-SSX, 2012 WL 3308427 at *1 (C.D. Cal. Aug. 13, 2012) (citing *Hensley,* 461 U.S. at 437) ("Documentation submitted in support of a motion for attorneys' fees must apprise the Court of the nature of the activity and should be sufficient to satisfy the Court that the hours expended were actual, non-duplicative, and reasonable.").

Newegg's work during its brief presence in active litigation before being stayed appears to be the following:   On October 25, 2012, in-house counsel for Newegg, Annette Kazmerski, filed Newegg's Answer to Digitech's Complaint.  Dkt. No. 16.  In addition to filing counterclaims against Digitech, Newegg also filed a "counterclaim" against Digitech's ultimate parent, Acacia Research Corporation ("Acacia").  Tellingly, no other Defendant in any related case filed a "counterclaim" or any other claim against Digitech's ultimate parent, who (as this Court correctly determined) is a third party with no justiciable stake in this controversy.

On January 7, 2013, Acacia filed a Motion to Dismiss Newegg's counterclaims. Dkt. No. 30.  Newegg filed a lengthy and detailed Response in Opposition to Acacia's Motion.  Dkt. No. 33.  On May 3, 2013, the Court dismissed Newegg's counterclaim against third-party Acacia for lack of subject matter jurisdiction.  Dkt. No. 38.  The Court, in its Order dismissing Acacia, stated that "Newegg offers no authority" for bringing a third party into the case.  Dkt. No. 38 at Pg. 7.

Next, Newegg filed a Motion to Stay the case on the ground that it was merely a retailer of accused products.  Dkt. No. 24.  Newegg's Motion was, without a doubt, almost entirely a copy and paste from earlier filed Motions from retailers in other cases. *C.f.* Exhibit 6 (Micro Electronics Memorandum of Points and Authorities in Support of Motion to Stay) *with* Exhibit 7 (Newegg Memorandum of Points and Authorities in Support of Motion to Stay).  It could not have taken more than an hour to copy

Newegg's motion from its codefendants.  On April 10, 2013, the Court stayed the case against Newegg and the other retailer defendants.  Dkt. No. 37.

In addition, Newegg has declined to produce its fee invoices.  Instead, Newegg seeks to hide behind claims of privilege to prevent Digitech from scrutinizing its questionable bills.[10]  However, a party cannot use privilege "both as a sword and a shield."  *Wi-LAN v. Kilpatrick Townsend*, 684 F.3d 1364, 1371 (Fed. Cir. 2012); *Chevron v. Pennzoil*, 974 F.2d 1156, 1162 (9th Cir.1992).  Fees are routinely produced by parties in redacted form to exclude privileged information and Newegg has declined to take part in this routine exercise despite it having the burden of proof with respect to its fees.  *Hensley*, 461 U.S. at 424.  As such, at a minimum, Newegg has not met its burden of showing, much less documenting, fees "to the extent a party has prevailed."  *See, Precor, supra*; *Slimfold Mfg., supra*.  As such, Newegg has failed to meet its burden of proving up fees and its Motion should be denied.

**E.  In the alternative, the Court should postpone deciding Newegg's Motion until the conclusion of Digitech's appeal.**

Although the Court should rightly deny Newegg's motion based upon the matters set forth above, if the Court is inclined to grant any relief to Newegg, then it should defer such a ruling until the conclusion of Digitech's appeal of the Court's summary

---

[10] Although Newegg has offered to provide its invoices to the Court for in-camera inspection, Digitech's understanding is that, per this Court's Procedures and Schedules, "in camera documents are not part of the pilot program."

judgment of invalidity.  Under Rule 54, the Court may, in the exercise of its discretion, defer a ruling on a motion for attorney's fees pending appeal.  *See* Fed. R. Civ. P. 54, adv. Comm. Note to 1993 amendments ("If an appeal on the merits of the case is taken, the Court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice…").  *See also Reed v. H.H.S.*, 774 F.2d 1270, 1277 (4th Cir. 1985); *Amdocs v. Openet Telecom,* 2013 U.S. Dist. LEXIS 42300, at *6 (E.D. Va. Mar. 21, 2013).  Here, in an evolving area of the law, the Federal Circuit is likely to provide guidance as to validity the '415 patent during the appeal of the summary judgment in this case.  At a minimum, it would be unjust for this Court to award fees when, with all due respect, the Federal Circuit may have its own views on the Section 101 issues.

## V.    <u>CONCLUSION</u>

Newegg has failed to meet its burden of clear and convincing evidence.  For the reasons stated above, Newegg's Motion for Fees is meritless and should be denied.

August 31, 2013                                   Respectfully Submitted,


                                                  <u>/s/ John J. Edmonds</u>
                                                  John J. Edmonds


                                                  ATTORNEY FOR DIGITECH
                                                  IMAGE TECHNOLOGIES, LLC

## PROOF OF SERVICE

I am over the age of eighteen years.  I am employed at the law firm of Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC.  I hereby certify that on August 31, 2013, I filed the following document:

**DIGITECH'S RESPONSE IN OPPOSITION TO
NEWEGG'S MOTION FOR FEES [REDACTED]**

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service via the Court's C/ECF system per the Local Rules.  Further, I am serving this Response upon all known counsel of record via email.

Executed on August 31, 2013 in Houston, Texas.

/s/ *John J. Edmonds*
John J. Edmonds