# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM, LLC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:10-CV-329 |
| | § | PATENT CASE |
| | § | |
| AMAZON.COM, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants NewEgg Inc., NewEgg.Com Inc. and Rosewill Inc.'s Opposed Motion for Declaration of Exceptional Case (Docket No. 727) and Defendant Sakar International, Inc.'s Opposed Motion for Declaration of Exceptional Case (Docket No. 748). The Court heard arguments regarding the motions on June 28, 2013. Having considered the parties' written submissions and oral arguments, the Court **DENIES** Defendants' Motions.

## BACKGROUND

On July 2, 2010, AdjustaCam, LLC ("AdjustaCam") brought suit against 58 defendants including NewEgg, Inc., NewEgg.Com, Inc., Rosewill Inc. (collectively, "NewEgg"), and Sakar International, Inc. ("Sakar"), alleging the infringement of U.S. Patent No. 5,855,343 ("the '343 Patent"). The '343 Patent, entitled "Camera Clip," is directed to a clip for supporting a portable webcam. AdjustaCam eventually settled with all the defendants prior to trial; however, Sakar and NewEgg reserved the right to seek and obtain attorney fees after their dismissal. Docket No. 720; Docket No. 744. Both parties elected to exercise this right and filed motions to obtain attorney fees pursuant to 35 U.S.C. § 285.

## APPLICABLE LAW

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (2006). When determining whether to award attorney fees, a court engages in a two-step process. *Forest Labs, Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003). First, a court determines whether the prevailing party has proved by clear and convincing evidence that the case is exceptional; and second, if the case is exceptional, a court must then determine "whether an award of attorney fees is justified." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915–16 (Fed. Cir. 2012).

A case may be considered exceptional when there is "some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." *Brooks Furniture Mfg. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). Absent such conduct, an exceptional case may only be found if "both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Id*.

## ANALYSIS

As an initial matter, the Court notes that NewEgg and Sakar (collectively, "the Defendants") present nearly identical arguments as to why this case is exceptional. Therefore, the Court will address both parties' motions together.

### *Subjective Bad Faith & Objectively Baseless*

NewEgg and Sakar contend this case is exceptional because AdjustaCam brought this lawsuit in bad faith and the action was objectively baseless. Docket No. 727 at 3–8; Docket No. 748 at 4–7. Specifically, Defendants argue that AdjustaCam's infringement claims were

2

untenable in light of the Court's claim construction. The Court defined "rotatably attached" as "limited to a single axis of rotation." Docket No. 627 at 10. Defendants contend that because their products do not rotate about a single axis of rotation, they could never infringe the asserted claims of the '343 Patent under any reasonable interpretation.

Defendants argue their cameras do not rotate about a single axis of rotation because their products use a "ball-and-socket joint, which facilitates rotation about multiple axes." Docket No. 727 at 8; Docket No. 748 at 7–8. However, Plaintiff argues Defendants are misrepresenting the nature of the accused products, since the products do not have a pure ball-and-socket joint but rather a modified ball-and-socket joint with a channel that restricts movement. Docket No. 735 at 13; Docket No. 749 at 15. As one can see in the following picture, Defendants' products appear to contain a constrained ball and socket joint:



Docket No. 735 at 4; Docket No. 749 at 5. If the ball and socket joint truly restricts the range of movement such that it cannot rotate about multiple axes, the constrained ball and socket joint could meet the claim limitation which requires the hinge member being rotatably attached to the camera in a single axis of rotation. Since one could reasonably argue Defendants' products meet the "rotatably attached" limitation, AdjustaCam's infringement theories are not objectively baseless.

Furthermore, there is insufficient evidence that the action was brought in bad faith and for an improper purpose. Defendants argue AdjustaCam filed this action to obtain nuisance

value settlements, as evidenced by its settlements with other parties to this action for amounts far less than the cost of litigation to encourage quick settlements. For example, several of the defendants settled for $225,000 or less. Defendants argue these settlements do not comport with AdjustaCam's minimum target royalty of $1.25–$1.50 per unit, therefore AdjustaCam must have sued simply to obtain a settlement.

While the smaller settlements suggest this case was a settlement driven case, AdjustaCam noted that its damage model for many of the defendants was small. *See* Docket No. 735, Exhibit 11, Expert Report of Walt Bratic at 18–32. Therefore, other defendants in this action would have necessarily settled for small amounts. While practically speaking a plaintiff may not choose to file a patent infringement lawsuit when the damages are small, there is no minimum damages requirement to bring such a case. Here, there is no other evidence that AdjustaCam was merely exploiting the high cost of defending a patent case to obtain a nuisance value settlement, therefore AdjustaCam did not act in bad faith in bringing this action.[1]

*Litigation Misconduct*

NewEgg and Sakar also argue this case is exceptional because AdjustaCam engaged in litigation misconduct. Specifically, Defendants allege AdjustaCam acted inappropriately during this litigation because it continued to assert frivolous infringement claims after the Court's claim construction, it maintained baseless invalidity defenses during the litigation, served an untimely amended infringement report, and fabricated a per-unit royalty to justify its nuisance value settlements. Docket No. 72 at 8–14; Docket No. 748 at 9–14. AdjustaCam counters that there has been no litigation misconduct, since AdjustaCam's infringement and validity arguments were not baseless, it did not fabricate a per-unit royalty, and it did not serve an untimely expert report.

---

[1] The Court notes that it seriously considers when a Defendant alleges a case was merely brought as a nuisance lawsuit, and will not hesitate to award attorney fees if the facts support doing so. However, in this case, the facts did not support such an award.

4

Defendants have failed to prove AdjustaCam acted inappropriately in this case. The Court has already addressed the merits of AdjustaCam's infringement arguments, therefore AdjustaCam's continued assertion of its infringement claims post–*Markman* do not amount to litigation misconduct. Defendants also have failed to demonstrate that AdjustaCam's validity arguments were baseless. Defendants contend AdjustaCam committed litigation misconduct by dragging out the co-pending reexamination proceeding of the '343 Patent with meritless validity arguments until September 2012 in order to collect more nuisance value settlements. Docket No. 727 at 11-14. However, a review of the reexamination proceedings demonstrates there was no delay attributable to the patent owner.[2] While the initial request for reexamination was filed in December 2010, the USPTO did not issue an office action until August 12, 2011. *See* docket No. 727, Exhibit 16, USPTO Office Action dated August 12, 2011. Since the initial office action though, the reexamination has proceeded normally with another non-final office action issued by the USPTO prior to its final rejection on August 30, 2012. Additionally, Defendants contend it was inappropriate for AdjustaCam to raise the same validity arguments in this litigation that it raised in the reexamination proceedings; however, Defendants have failed to articulate why AdjustaCam cannot do this, let alone why this is litigation misconduct.

Defendants further allege AdjustaCam acted inappropriately because AdjustaCam served a substantively different "supplemental" infringement report the day of its' infringement expert's deposition, without an explanation for the delay. Defendants claim the supplemental report significantly changed AdjustaCam's infringement theories, and because Plaintiff failed to disclose the modified report sooner, AdjustaCam is guilty of misconduct. AdjustaCam contends that it inadvertently disclosed a draft infringement expert report to Defendants, and did not

---

[2] AdjustaCam was not a party to the reexamination proceedings because it is not the owner but rather the exclusive licensee of the '343 Patent. Global Media Group LLC is the patent owner. *See* Docket No. 727 at 11.

realize the mistake until the time of its expert's deposition. Docket No. 735 at 14; Docket No. 749 at 15. AdjustaCam argues it made every attempt to remedy the situation, before the case was dismissed. In the absence of any other dubious behavior, there is no reason to find AdjustaCam acted inappropriately here. *Cf. Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324–26 (Fed. Cir. 2011) (finding destruction of relevant documents, a failure to institute a document retention plan, a lack of regard for judicial system, and failure to engage in the claim construction process in good faith warranted an exceptional case finding).

Lastly, Defendants argue AdjustaCam fabricated a per-unit royalty of $1.25–$1.50 to justify their nuisance value settlements. Docket No. 727 at 14–15. Defendants cite to settlements wherein parties implicitly paid between $.10 per unit and $161.29 per unit as evidence AdjustaCam's royalty was simply "bogus." AdjustaCam counters that its target royalty was based on prior licenses to the '343 Patent, which is an acceptable method of calculating damages, and that Defendants misinterpret the settlement values since some of the settlements were not pure lump sum payments for units sold. Docket No. 735 at 18. While the Defendants may disagree with AdjustaCam's methodology of calculating damages, there is no evidence this theory was so outrageous and unreliable to support an award of attorney fees. *See MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012) (unreliable expert testimony will not support a finding of litigation misconduct unless the circumstances are sufficiently egregious).

Accordingly, Defendants have failed to demonstrated this case is exceptional because AdjustaCam engaged in litigation misconduct.

***Rule 11 Violations***

6

Additionally, Sakar argues Adjustcam's Rule 11 violations provide an additional basis for finding this case to be exceptional under 34 U.S.C. § 285.³ Sakar argues AdjustaCam violated Rule 11, because AdjustaCam failed to adequately prepare its 30(b)(6) to answer questions regarding AdjustaCam's pre-filing investigations, its pleadings, and its infringement contentions. Docket No. 748 at 14. Sakar also argues AdjustaCam admitted to violating Rule 11 when its corporate representative stated he has failed to review: (1) the '343 Patent before suing Sakar; (2) the complaint against Sakar before it was filed; and (3) its infringement contentions against Sakar. *Id.* at 15. Sakar further contends AdjustaCam violated Rule 11 because its corporate representative had no knowledge of: (1) a pre-suit investigation; (2) the Defendants in the case; and (3) evidence demonstrating the accused products infringed the '343 Patent. *Id.*

AdjustaCam counters that it never admitted to violating Rule 11. AdjustaCam argues Sakar misconstrues AdjustaCam's 30(b)(6) witness' inability to answer questions regarding any Rule 11 investigation as admitting wrongdoing. Docket No. 749 at 21. Additionally, AdjustaCam contends its outside counsel did comply with Rule 11, since it conducted pre-suit investigations, reviewed the '343 Patent and its prosecution history, discussed the claim scope of the asserted claims, and reconsidered its infringement positions post-*Markman*. *Id*. at 21–22.

While a Rule 11 violation may be a basis for finding a case exceptional under § 285, Sakar has failed to demonstrate AdjustaCam violated Rule 11 any time during this action. Sakar cites to deposition testimony wherein AdjustaCam's Chief Financial Officer (CFO), Mr. Haynes, stated outside counsel reviewed the '343 Patent, reviewed the complaint, gathered evidence regarding the accused products, and prepared infringement contentions, to support its contention that AdjustaCam failed to comply with Rule 11. Docket No. 748, Exhibit 9, Deposition Testimony at 35:12–21; 35:23–36:19; 31:6–24; 111:8–19; 112:24–113:8. However, Sakar fails

---

³ NewEgg did not raise this argument in its Motion for Declaration of Exceptional Case. *See* Docket No. 727.

7

to explain why it is a Rule 11 violation if only outside counsel performs these functions. In the context of patent infringement actions, Rule 11 requires an attorney to review the claims of the patent before filing a complaint, interpret the asserted patent claims, and compare the accused products to the asserted patent claims before filing a suit alleging patent infringement. *See Antonious v. Spalding & Evenflo Cos.*, 275 F. 3d 1066, 1072 (Fed. Cir. 2002); *Q-Pharma, Inc. v. The Andrew Jergens Co.*, 360 F.3d 1295, 1295 (Fed. Cir. 2004). Here, there is evidence that AdjustaCam's outside counsel did review the claims of the '343 Patent, interpreted the asserted patent claims and compared the accused products to those asserted claims prior to filing the action against Sakar. Accordingly, there was no Rule 11 violation which supports finding this case to be exceptional.

## CONCLUSION

Accordingly, the Court **DENIES** Defendants' NewEgg Inc., NewEgg.Com Inc. and Rosewill Inc.'s Opposed for Declaration of Exceptional Case and Defendant Sakar International, Inc.'s Opposed Motion for Declaration of Exceptional Case.

**So ORDERED and SIGNED this 19th day of August, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**