Annette Kazmerski (SBN 211364)
    annette.a.kazmerski@newegg.com
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone: (626) 271-9700
Facsimile: (626) 271-9480

Kent E. Baldauf, Jr. (PA I.D. No. 70793)
    kbaldaufjr@webblaw.com
Cecilia R. Dickson (PA I.D. No. 89348)
    cdickson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Ste. 1200
Pittsburgh, Pennsylvania 15222
Telephone: (412) 471-8815
Facsimile: (412) 471-4094

Attorneys for Defendant and Counter-Plaintiff Newegg Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| e.DIGITAL CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>CREATIVE LABS, INC.; CREATIVE TECHNOLOGY, LTD.; BUY.COM, INC.; J&R ELECTRONICS, INC.; NEWEGG INC.,<br><br>    Defendants.<br><br>NEWEGG INC.,<br><br>    Counter-Plaintiff,<br><br>vs.<br><br>E.DIGITAL CORPORATION,<br><br>    Counter-Defendant. | Case No.: 12-cv-2879-DMS (WVG)<br><br>**DEFENDANT NEWEGG INC.'S MOTION FOR ATTORNEYS' FEES** |

Newegg's Motion for Attorneys' Fees – 1

12cv2879

# TABLE OF CONTENTS

I. BACKGROUND ..................................................................................................6
II. LEGAL STANDARDS .....................................................................................11
    A. Recovery Of Attorneys' Fees..............................................................11
    B. Exceptional Case Determination And Fees Under 35 U.S.C. § 285...13
    C. Liability For Excessive Costs Under 28 U.S.C. § 1927......................15
    D. Inherent Powers Of The Court ...........................................................15
III. ARGUMENT.....................................................................................................15
    A. This Case Is Exceptional Because It Was Brought And Maintained in Bad Faith ............................................................................................15
    B. Newegg Should Be Awarded Its Fees Even If The Case Is Not Deemed Exceptional Under The Patent Act ......................................17
    C. Plaintiff's Counsel, At A Minimum, Is Liable For Newegg's Fees Since April 16, 2013............................................................................18
IV. CONCLUSION..................................................................................................18

# TABLE OF AUTHORITIES

**CASES**

*Artese v. Academy Collection Service*, No. 3:96-cv-2546-GLG,
    2000 U.S. Dist. LEXIS 1186 (D. Conn. Jan. 18, 2000) ....................12, 13, 17

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*,
    393 F.3d 1378 (Fed. Cir. 2005) ............................................................14, 15

*Cent. Soya Co. v. Geo. A. Hormel & Co.*,
    723 F.2d 1573 (Fed. Cir. 1983) ...................................................................13

*Chambers v. MASCO, Inc.*,
    501 U.S. 32 (1991).........................................................................................15

*Colombrito v. Kelly*,
    764 F.2d 122 (2d Cir. 1985) ................................................................11, 17

*Edwards v. Gen. Motors Corp.*,
    153 F.3d 242 (5th Cir. 1998) .......................................................................15

*Eon-Net LP v. Flagstar Bancorp.*,
    653 F.3d 1314 (Fed. Cir. 2011) ........................................................14, 15, 16

*Ingenuity 13, LLC v. Doe*, No. 2:12-cv-8333-ODW
    2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013)..............................12

*Ingram v. Glast, Phillips & Murray*,
    196 Fed. Appx. 232 (5th Cir. 2006) .............................................................15

*L.E.A. Dynatech, Inc. v. Allina*,
    49 F.3d 1527 (Fed. Cir. 1995) .....................................................................15

*LeCompte v. Mr. Chip, Inc.*,
    528 F.2d 601 (5th Cir. 1976) .......................................................................11

*MarcTec, LLC v. Johnson & Johnson*,
    664 F.3d 907 (Fed. Cir. 2012) .....................................................................14

*Mathis v. Spears*,
    857 F.2d 749 (Fed. Cir. 1988) .....................................................................13

Case 8:12-cv-01688-ODW-MRW Document 49-5 Filed 08/21/13 Page 4 of 20 Page ID #:688
Case 3:12-cv-02879-DMS-WVG Document 46 Filed 06/17/13 Page 4 of 20

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495,
    2012 U.S. Dist. LEXIS 112757 (E.D. Tex. August 10, 2012) ...................... 17
*Old Reliable Wholesale, Inc. v. Cornell Corp.*,
    635 F.3d 539 (Fed. Cir. 2011) ................................................................. 14
*Shifferaw v. Emson USA*, Civ. A. No. 2:09-cv-54-TJW-CE,
    2010 U.S. Dist. LEXIS 25612 (E.D. Tex. Mar. 18, 2010) ............................. 14
*Thibodeaux v. Fibreboard Corp.*,
    706 F.2d 728 (5th Cir. 1983) .................................................................. 14
*Trulis v. Barton*,
    107 F.3d 685 (9th Cir. 1995) .................................................................. 15
*Upthegrove v. Health Prof'ls, LTD.*, No. 07-cv-0596-BBC,
    2009 U.S. Dist. LEXIS 4546 (W.D. Wis. Jan. 21, 2009) ............................... 11

**RULES**

Federal Rule of Civil Procedure 54(d) ............................................................. 5, 10

**STATUTES**

28 U.S.C. § 1927 ....................................................................................... 5, 15
35 U.S.C. § 285 ................................................................................. 5, 13, 14, 17

Newegg's Motion for Attorneys' Fees – 4

12cv2879

## DEFENDANT NEWEGG INC.'S MOTION FOR ATTORNEYS' FEES

From the outset of this case, (which is one of two cases brought by e.Digital against Newegg asserting the Patents-In-Suit),[1] Newegg maintained that the claims asserted against it were baseless and made in bad faith for the sole purpose of obtaining nuisance-value settlements. Indeed, review of e.Digital's filings in the 21 related cases in this District reveals a pattern of extortion-like tactics to obtain quick settlements in exchange for defendants avoiding the threat of expensive, protracted patent litigation. This is exactly the type of "shake-down" litigation that warrants treatment as an exceptional case. Thus, pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1927, 35 U.S.C. § 285, as well as this Court's inherent powers, Newegg hereby moves the Court to deem this case an exceptional case, treat Newegg as a prevailing party and award Newegg its reasonable

---

[1] Newegg was also one of 12 named defendants in *e.Digital Corporation v. MiTAC Digital Corporation, et al.*, Civ. A. No. 12-cv-2997 (filed on December 17, 2012). In the *MiTAC* case, which was filed after this case, e.Digital elected, on April 26, 2013, to dismiss Newegg prior to Newegg filing any responsive pleading (Dkt. 30). Of note, this is the exact same date that Buy.com was dismissed from this case. e.Digital made this decision after Newegg indicated it would not accept a dismissal in this case without payment of its attorneys' fees. Fearing Newegg would take the same approach in the *MiTAC* case, e.Digital immediately filed dismissal paperwork in *MiTAC*. e.Digital, however, did not dismiss Newegg in this case at that time, even though e.Digital knew it would not pursue a claim against Newegg in light of settlement with the accused product manufacturer defendants. Instead, e.Digital forced Newegg to participate in discovery planning, prepare and exchange initial disclosures and otherwise continue to participate in this litigation for as long as possible to cause Newegg to expend as many fees as possible.

attorneys' fees along with pre-judgment and post-judgment interest, and any other sanctions against Plaintiff and/or Plaintiff's counsel that this Court deems appropriate.

## I. BACKGROUND

Based on the evidence and posture of this case, e.Digital never should have named Newegg as a defendant, as e.Digital's behavior proves that it did not actually intend to pursue a claim against Newegg. Moreover, e.Digital maintained its case against Newegg for longer than it should have, given its settlement with the accused product manufacturer defendants, all in an effort to force Newegg to expend more legal fees once Newegg indicated it would not agree to a dismissal without compensation for its out-of-pocket legal expenses. e.Digital's true targets are the accused product manufacturers who supply the products to retailers, like Newegg. e.Digital named Newegg as a defendant to exert additional pressure on the accused product manufacturer defendants all with the design of extorting monetary settlements to resolve these cases (and additionally to directly extort money from Newegg in exchange for a dismissal).

Newegg does not play such games, and once that was made abundantly clear to e.Digital, e.Digital decided not to pursue a case against Newegg. However, e.Digital made the tactical decision to keep Newegg in the case to force Newegg to continue to expend resources in defending the meritless claims. e.Digital's business model is based on forcing settlements from defendants using the burden and expense of patent litigation as leverage. Such an abuse of the legal system should not be rewarded, and indeed, e.Digital should be held accountable for the costs it forced Newegg (as well as this Court) unreasonably to sustain.

According to PACER records, in this District alone, since October 2012, e.Digital has filed 22[2] civil actions alleging infringement of the Patents-In-Suit, and has named 135 defendants across these cases.

---

[2] *e.Digital Corporation v. Diasonic Technology Co., LTD, et al.*, Civ. A. No. 12-cv-2543 (filed on October 19, 2012, and naming 23 defendants in First Amended Complaint); *e.Digital Corporation v. Yamaha Corporation of America, et al.*, Civ. A. No. 12-cv-2571 (filed on October 22, 2012, and naming 8 defendants); *e.Digital Corporation v. Korg, Inc., et al.*, Civ. A. No. 12-cv-2580 (filed on October 22, 2012, and naming 7 defendants); *e.Digital Corporation v. Grundig Intermedia GmbH, et al.*, Civ A. No. 12-cv-2696 (filed on November 5, 2012 and naming 3 defendants); *e.Digital Corporation v. SanDisk Corporation*, Civ. A. No. 12-cv-2698 (filed on November 5, 2012 and naming 1 defendant in First Amended Complaint); *e.Digital Corporation v. Philips Electronics North America Corporation*, Civ. A. No. 12-cv-02701 (filed on November 5, 2012 and naming 1 defendant); *e.Digital Corporation v. iriver, Ltd., et al.*, Civ. A. No. 12-cv-2800 (filed on November 20, 2012 naming 3 defendants); *e.Digital Corporation v. Shanghai, Ltd., et al.*, Civ. A. No. 12-cv-2801 (filed on November 20, 2012 naming 5 defendants); *e.Digital Corporation v. GPX, Inc., et al.*, Civ. A. No. 12-cv-2825 (filed November 26, 2012 and naming 2 defendants); *e.Digital Corporation v. Mach Speed Technologies, LLC, et al.*, Civ. A. No. 12-cv-2877 (filed on December 4, 2012 and naming 6 defendants); *e.Digital Corporation v. Creative Labs, et al.*, Civ. A. No. 12-cv-02879 (filed on December 4, 2012 and naming 5 defendants); *e.Digital Corporation v. Osram Sylvania, Inc.*, et al., Civ. A. No. 12-cv-02891 (filed on December 4, 2012 and naming 8 defendants in the First Amended Complaint); *e.Digital Corporation v. Woodman Labs., et al.*, Civ. A. No. 12-cv-2899 (filed on December 5, 2012 and naming 6 defendants); *e.Digital Corporation v. MiTAC Digital Corporation, et al.*, Civ. A. No. 12-cv-2997 (filed on December 17, 2012 and naming 12 defendants); *e.Digital*

The Complaint in this case was filed on December 4, 2012. Newegg prepared an answer and counterclaims, and filed the same on December 31, 2012 (Dkt. 13). Thereafter, e.Digital extended all of the deadlines to respond for other co-defendants in the case because they were pursuing settlement. *See* Dkt. 16 at 3-4 (extending responsive pleading deadline to February 19, 2013 and stating, "counsel for Creative Labs and Buy.com have indicated a willingness to discuss settlement of this matter. If a resolution can be reached in this matter, most likely such a resolution would be a global resolution that would resolve this case in its entirety as to all the parties"). Newegg, however, had already answered the Complaint, and incurred the fees necessary to do so. This statement also indicates that e.Digital was aware that a settlement with the product manufacturer defendants would likely resolve the entirety of the litigation.

    The Court timely issued an Order requiring the assembly of a discovery plan and the preparation of initial disclosures (Dkt. 26), which necessitated further expenditures by Newegg. As part of those conferences, Newegg indicated to

---

*Corporation v. Pantech Wireless, Inc., et al.*, Civ. A. No. 13-cv-0023 (filed on January 4, 2013 and naming 5 defendants); *e.Digital Corporation v. FUJIFILM Corporation, et al.*, Civ. A. No. 13-cv-0112 (filed on January 15, 2013 and naming 13 defendants); *e.Digital Corporation v. JVC Americas Corp.*, Civ. A. No. 13-cv-0356 (filed on February 13, 2013 and naming 2 defendants); *e.Digital Corporation v. Motorola Mobility*, LLC, Civ. A. No. 13-cv-0780 (filed on April 1, 2013 and naming 1 defendant); *e.Digital Corporation v. ZTE Corporation, et al.*, Civ. A. No. 13-cv-0782 (filed on April 1, 2013 and naming 6 defendants); *e.Digital Corporation v. Research in Motion Limited, et al.*, Civ. A. No. 13-cv-0781 (filed on April 1, 2013 and naming 6 defendants); *e.Digital Corporation v. Apple, Inc.*, Civ. A. No. 13-cv-0785 (filed on April 1, 2013 and naming 1 defendant); and *e.Digital Corporation v. Huawei Technologies, Co., Ltd., et al.*, Civ. A. No. 13-cv-0783 (filed on April 1, 2013 and naming 11 defendants).

e.Digital that it would be preparing a Motion to Stay the proceedings as to Newegg as a retailer defendant, and indeed, that motion was prepared by counsel because e.Digital would not agree to only pursue claims against the product manufacturer defendants.

When it became clear that e.Digital would be making some sort of settlement arrangement with the product manufacturer defendants named in this case, e.Digital told Newegg in late April 2013 that it would dismiss Newegg, without prejudice, pending the final settlement of the case. Newegg, having already invested significant money in its defense, indicated it would not agree to such a dismissal unless it was compensated for all of the expenses it had incurred as a result of e.Digital using Newegg as a pawn to shakedown settlements from other defendants.

e.Digital refused, and indeed, at that stage, e.Digital did not file a motion to dismiss Newegg, even though it had no intention to pursue a claim against Newegg. It did, however, dismiss Buy.com at that time. (Dkt. 32). Even more egregious, e.Digital knew that once it formally settled with the product manufacturer defendants it would not have any legal basis to sustain a second, duplicative claim of liability against Newegg for the same products, yet it continued to retain Newegg in the case.

e.Digital filed dismissal paperwork as to Buy.com on April 24, 2013 without prejudice (Dkt. 32), and as to all other defendants except Newegg on May 22, 2013 with prejudice (Dkt. 41). e.Digital prepared a joint motion to dismiss Newegg under Fed. R. Civ. P. 41(a) that was filed with the Court on May 24, 2013. (Dkt. 43). The dismissal paperwork explicitly reserves Newegg's right to seek payment of its attorneys' fees by e.Digital through motion practice.

Thus, in addition to all the fees incurred since the inception of the litigation, for approximately one month between when e.Digital had determined it would be settling the case with the accused product manufacturer defendants and when it actually filed the dismissal paperwork, Newegg was forced to incur further

Case 8:12-cv-01688-ODW-MRW Document 49-5 Filed 08/31/13 Page 10 of 20 Page ID
Case 3:12-cv-02879-DMS-WVG Document 46 Filed 06/11/13 Page 10 of 20
#:694

expenses to prepare case management documents with the defendants named in other cases to determine possible areas of consolidation for case management purposes, even though e.Digital knew it would be dismissing Newegg from the litigation. Moreover, Newegg is further incurring expenses in the preparation of this motion.

As a result of e.Digital's manipulations, Newegg prepared an answer and counterclaims, engaged in multiple discovery plan preparation sessions both with e.Digital's counsel and with other defendants across all of the cases, prepared initial disclosures, drafted a motion to stay the proceedings as to Newegg and participated in an Early Neutral Evaluation and subsequent conference calls. All of this was done all the while e.Digital had no intention to actually pursue a claim against Newegg. As of June 10, 2013 Newegg has incurred $30,210.96 in legal fees thus far in defending this matter (excluding the full amount of the expenses being incurred in relation to this motion). *See* Baldauf Declaration attached hereto as Exhibit 1 and Fauth Declaration attached hereto as Exhibit 2. These fees are significant, and certainly should not be borne by Newegg.

Newegg is filing this motion because it must take a stand against litigation-extortion. Newegg's unwillingness to settle cases and instead take them through trial (and on appeal) is well-documented and publicized, particularly in recent months. *See* Exhibit 3 (article about Newegg refusing to settle with Soverain Software, LLC, taking the case through trial, and ultimately invalidating Soverain's patent on appeal); Exhibit 4 (Newegg's statement to FTC and DOJ in response to "patent assertion entity" investigation, expressing view that disfavors settling baseless patent infringement cases); and Exhibit 5 (article describing Newegg's complete defense verdict against patentee Alcatel-Lucent USA, including the invalidity of one of the three patents-in-suit). Newegg also consistently seeks its costs and fees even when patentees lose interest and voluntarily dismiss their own cases against Newegg. *See, e.g., Site Update Solutions, LLC v. Accor North Am., Inc. et al.*, No 5:11-cv-03306-PSG, ECF No.

649 (N.D. Cal. Nov. 26, 2012); *Adjustacam, LLC v. Amazon.com, Inc. et al.*, No. 6:10-cv-00329-LED, ECF No. 699 (E.D. Tex. Sept. 14, 2012).

## II. LEGAL STANDARDS

### A. Recovery Of Attorneys' Fees

Under Federal Rule of Civil Procedure 54(d), attorneys' fees can be claimed and recovered by way of motion, and the parties explicitly reserved the right to seek fees in the dismissal paperwork presented to the Court. Moreover, in connection with Rule 41(a) dismissals without prejudice, fee awards are often made. *Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985). *See also LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604-05 (5th Cir. 1976) ("When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. … In ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant.").

It is improper and fundamentally unfair for a plaintiff to force a defendant to endure the substantial burden and expense of litigation and then lose interest and walk away from the case without any consequences. *See Colombrito*, 764 F.2d at 134-35 (noting that awarding fees would be appropriate "if a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system"); *Upthegrove v. Health Prof'ls, LTD.*, No. 07-cv-0596-BBC, 2009 U.S. Dist. LEXIS 4546, at *12 (W.D. Wis. Jan. 21, 2009) ("Plaintiff cannot expect to subject defendant Rose to a year of litigation and walk away with no consequences.").[3]

Where the cost of defense greatly exceeds the cost of settlement, as it does here (*see* Exs. 1 and 2), plaintiffs sometimes use the leverage of pending litigation

---

[3] A copy of all unpublished cases and/or cases available only through electronic resources are attached as Exhibit 6 to this Motion.

Newegg's Motion for Attorneys' Fees – 11

12cv2879

to coerce defendants into settling non-meritorious claims. *See, e.g., Ingenuity 13, LLC v. Doe*, No. 2:12-cv-8333-ODW, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013). In *Ingenuity 13*, copyright plaintiffs were found to have acted in bad faith and sanctioned for fees in circumstances largely identical to those in this case. First, the plaintiffs engaged in a "nationwide strategy" to file lawsuits against many defendants. *Id.* at * 6-7. Due to "the high cost of litigation," "[m]ost defendants settled . . . , resulting in proceeds of millions of dollars due to the numerosity of defendants." *Id.* "For defendants that refused to settle, the Principals engaged in vexatious litigation designed to coerce settlement. These lawsuits were filed using boilerplate complaints based on a modicum of evidence, calculated to maximize settlement profits by minimizing costs and effort." Finally, like e.Digital, in *Ingenuity 13* "[t]he Principals have shown little desire to proceed in these lawsuits when faced with a determined defendant. Instead of litigating, they dismiss the case." *Id.*

Such disingenuous usage of the judicial system can and often should rise to the level of barratry and justify the imposition of attorneys' fees. This is because such conduct not only harms the parties to the litigation, but also the judicial system as a whole. For example, in *Artese v. Academy Collection Service*, the court noted that a collection action of questionable merit was "commenced for purposes of harassment because . . . the defendant has little choice but to either settle this action by paying plaintiff's counsel's fees plus $1000, or to incur far greater attorney's fees itself in pursuing the action to judgment." No. 3:96-cv-2546-GLG, 2000 U.S. Dist. LEXIS 1186, at *10 (D. Conn. Jan. 18, 2000). In finding bad faith and deciding to award fees, the court in *Artese* emphasized the litigiousness of the plaintiff and her counsel who, like e.Digital and its counsel, had filed many similar actions. *Id.* at *8 ("[A]t the present time plaintiff's counsel has over fifty FDCPA actions pending in this District and in recent years has commenced hundreds of such actions."). Under such circumstances, the court concluded:

Newegg's Motion for Attorneys' Fees – 12

12cv2879

> The fact that the plaintiff has been involved in so many collection procedures in which she claims the FDCPA has been violated and has had the same plaintiff's counsel, and the fact that plaintiff's counsel has commenced so many of these actions, give rise to a suspicion of *barratry and champerty*. As the Second Circuit noted in *Colombrito*, [764 F.2d] at 134, it is not merely the prejudice and costs to the opposing party but also the effect upon the judicial system of such litigation. When we consider the numerous other cases commenced by this plaintiff and the far greater number of cases commenced by the plaintiff's counsel, there has been indeed a substantial burden on the judicial system.

*Id.* at *10-11 (emphasis added).

B. <u>Exceptional Case Determination And Fees Under 35 U.S.C. § 285</u>

District courts are authorized to award reasonable attorney fees to a prevailing party in a patent case if the court determines that the case is "exceptional." 35 U.S.C. § 285. The Patent Act includes this provision "to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). Those monetary outlays include all "sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Id.* In light of the fact that "[t]he purpose of § 285 is, in a proper case and in the discretion of the trial judge, to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit," recoverable sums under § 285 include expenses incurred in the rendering of legal services beyond attorneys' fees, such as travel and lodging, as well as paralegal services. *Id.* at 1577-78; *see also Mathis v. Spears*, 857 F.2d 749, 757-58 (Fed. Cir. 1988).

Here, given the posture of this case, Newegg asks this Court to deem it the prevailing party because, in light of a settlement between the product manufacturer defendants and e.Digital that resolves their dispute with prejudice, even though the dismissal paperwork for Newegg seeks to dismiss Newegg without prejudice, e.Digital has no ability to bring a claim for patent infringement against Newegg for the sale of products for which it has already received a compromised settlement from the manufacturer of the very products. *See Shifferaw v. Emson USA*, Civ. A. No. 2:09-cv-54-TJW-CE, 2010 U.S. Dist. LEXIS 25612 at *10 (E.D. Tex. Mar. 18, 2010) ("If [manufacturer] is found liable and [plaintiff] collects damages from [manufacturer], then the plaintiff cannot then in turn collect damages from the Reseller Defendants, because [plaintiff] cannot receive a double recovery for the same sales"); *see also Thibodeaux v. Fibreboard Corp.*, 706 F.2d 728, 729 (5th Cir. 1983) ("[A]n injured plaintiff is entitled to only one satisfaction for the full amount of his damages"). Thus, in this factual circumstance, a dismissal of Newegg without prejudice functions as a dismissal with prejudice, and prevailing party status can be accorded to Newegg.

Courts apply a two-step analysis to award attorney fees under § 285. First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional. Second, if the Court finds the case exceptional, it must determine whether an award of attorney fees is justified. *See Eon-Net LP v. Flagstar Bancorp,* 653 F.3d 1314, 1323-1324 (Fed. Cir. 2011).

A case may be declared exceptional under § 285 where there has been "misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 916 (Fed. Cir. 2012) (citation omitted). Even without misconduct, district courts may award attorney fees under § 285 if the litigation is: (1) brought in subjective bad faith; and (2) objectively baseless. *Old Reliable Wholesale, Inc. v. Cornell Corp.,* 635 F.3d 539, 543-44 (Fed. Cir. 2011) *(quoting Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.,* 393 F.3d 1378, 1381

(Fed. Cir. 2005)); *see also Eon-Net LP,* 653 F.3d at 1324. Infringement allegations are objectively baseless when "no reasonable litigant could reasonably expect success on the merits." *Brooks Furniture,* 393 F.3d at 1382. *See also Eon-Net LP,* 653 F.3d at 1325 (affirming that Eon-net pursued objectively baseless infringement claims because "the written description clearly refutes Eon-net's claim construction.").

    C.    <u>Liability For Excessive Costs Under 28 U.S.C. § 1927</u>

Section 1927 provides that any attorney who unreasonably and vexatiously multiplies the proceedings may be required to personally pay attorneys' fees and costs associated with that misconduct. 28 U.S.C. § 1927. It requires bad faith, improper motive, or reckless disregard of the duty owed to the court. *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998). It can apply where the attorney knowingly or recklessly raises frivolous arguments. *Trulis v. Barton,* 107 F.3d 685, 694 (9th Cir. 1995); *see Ingram v. Glast, Phillips & Murray*, 196 Fed. Appx. 232 (5th Cir. 2006).

    D.    <u>Inherent Powers Of The Court</u>

Courts also have "inherent power to assess attorneys' fees as a sanction when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *L.E.A. Dynatech, Inc. v. Allina,* 49 F.3d 1527, 1530 (Fed. Cir. 1995). Under the court's inherent powers, fees may be awarded against either or both the attorney and the party where there is bad faith conduct. *Chambers v. MASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

**III.    ARGUMENT**

    A.    <u>This Case Is Exceptional Because It Was Brought And Maintained In Bad Faith</u>

Plaintiff's campaign to extract monies began when it sued 135 Defendants in 22 lawsuits and continued through immediate settlements with various defendants to avoid exposing its baseless infringement claims and the invalidity of its patents. Moreover, as to Newegg, it continued when, for a month long period of time, even

Newegg's Motion for Attorneys' Fees – 15

12cv2879

though e.Digital knew it had no basis to maintain a claim against Newegg, it refused to dismiss Newegg and instead required Newegg to expend fees in preparing discovery plans, initial disclosures and coordinated discovery plans with other defendants. The foregoing conduct makes this case exceptional. *See Eon-Net LP,* 653 F.3d 1314 (Fed. Cir. 2011). In *Eon-Net LP*, the Federal Circuit affirmed an exceptional case finding and award of attorneys' fees to the accused infringer (Flagstar) where Eon-net filed its infringement complaint against Flagstar "to extract a nuisance value settlement by exploiting the high cost imposed on Flagstar to defend against Eon-Net's baseless claims." *Id*. at 1327. The Federal Circuit was critical of this practice:

> Viewed against Eon-Net's $25,000 to $75,000 settlement range, it becomes apparent why the vast majority of those that Eon-Net accused of infringement chose to settle early in the litigation rather than expend the resources required to [prove non-infringement]. Thus, those low settlement offers—less than ten percent of the cost that Flagstar expended to defend the suit—effectively ensured that Eon-Net's baseless infringement allegations remained unexposed, allowing Eon-Net to continue to collect additional nuisance value settlements.

*Id*. Naming retailers only to pressure their suppliers into settling is another facet of this litigation that justifies the imposition of an attorneys' fees award. Here, from the outset, it was clear who the target of the litigation was, and that retailers were only named for leverage. e.Digital should be held accountable for its improper actions in naming retailers for leverage purposes, as well as for keeping Newegg in the litigation after it knew that any claim against Newegg was not viable.

      B.    <u>Newegg Should Be Awarded Its Fees Even If The Case Is Not Deemed Exceptional Under The Patent Act</u>

Separate and apart from a finding under 35 U.S.C. § 285, the Court has the power to award Newegg its fees because e.Digital's case against Newegg was baseless and brought in bad faith. e.Digital's practice of repeatedly suing defendants and settling for less than the potential damages recovery—and far less than even the cost to prosecute a case through judgment—should give rise to a presumption of bad faith. *See Artese*, 2000 U.S. Dist. LEXIS 1186, at *10; *see also Colombrito*, 764 F.2d at 134-35 ("[I]f a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system.").

It is not only the harm to Newegg that justifies the imposition of liability for Newegg's attorneys' fees on e.Digital, but also the unreasonable burden imposed on the judicial system. *Artese*, 2000 U.S. Dist. LEXIS 1186, at *10-11 ("[I]t is not merely the prejudice and costs to the opposing party but also the effect upon the judicial system of such litigation. When we consider the numerous other cases commenced by this plaintiff and the far greater number of cases commenced by the plaintiff's counsel, there has been indeed a substantial burden on the judicial system."). The waste of judicial resources caused by e.Digital in this case is significant. This Court already has a very heavy docket, and e.Digital should not be permitted to make the court waste its limited time and resources on a case that e.Digital never seriously intended to pursue. Indeed, this Court has already had to conduct at least one additional conference after the Early Neutral Evaluation conference when this case should have already been dismissed because there was no basis to continue to assert any claim against Newegg. *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495, 2012 U.S. Dist. LEXIS 112757, at *15-16 (E.D. Tex. Aug. 10, 2012) (noting that "[t]his Court has limited resources"

Newegg's Motion for Attorneys' Fees – 17

12cv2879

and that parties must be mindful of the challenges facing the Court to avoid "wast[ing] judicial resources").

### C. Plaintiff's Counsel, At A Minimum, Is Liable For Newegg's Fees Since April 26, 2013

At the time that e.Digital dismissed Buy.com from this litigation (and dismissed Newegg from the *MiTAC* case), e.Digital knew that it did not have a basis to pursue claims against Newegg, in light of its settlement with the accused product manufacturer defendants. Nonetheless, e.Digital did not dismiss Newegg, and instead, Newegg engaged in preparing multiple discovery plans (including in coordination with the other remaining defendants across the other cases filed by e.Digital), preparation of initial disclosures and preparation of a Motion to Stay. e.Digital's conduct vexatiously multiplied the work that Newegg's counsel had to invest in this case, and thus, at a minimum, e.Digital's counsel should be responsible, to the extent not otherwise awarded under a different provision, to reimburse Newegg's legal expenses since April 26, 2013 to the present. That amount is $18,122.69 through June 10, 2013.

## IV. CONCLUSION

For all of the aforementioned reasons, Newegg moves for an award of counsel fees in the total amount of $30,210.96. Newegg further states it does not object to Magistrate Judge Gallo deciding this Motion.

Date: June 11, 2013   By:  /s/ Cecilia R. Dickson

Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Cecilia R. Dickson
cdickson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Ste. 1200
Pittsburgh, Pennsylvania 15222
Telephone: (412) 471-8815
Facsimile: (412) 471-4094

Newegg's Motion for Attorneys' Fees – 18

12cv2879

Annette Kazmerski
annette.a.kazmerski@newegg.com
SBN 211364
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone: (626) 271-9700
Facsimile: (626) 271-9480

*Attorneys for Defendant and
Counterclaim Plaintiff Newegg Inc.*

## CERTIFICATE OF SERVICE

On June 11, 2013, I hereby certify that a true and correct copy of **DEFENDANT NEWEGG INC.'S MOTION FOR ATTORNEYS' FEES** has been served via the Court's ECF system upon the following:

Pamela Chalk, Esquire
Anton N. Handal, Esquire
Gabriel G. Hedrick, Esquire
pchalk@handal-law.com
anh@handal-law.com
ghedrick@handal-law.com
(*Attorneys for Plaintiff*)

/s/ Cecilia R. Dickson

Attorney for Defendant and
Counterclaim Plaintiff Newegg Inc.