Today's Date: August 27, 2013

Search | Home | Contact | Services | Patent Attorney | Patent Search | Provisional Patent Application | Patent Application | Software Patent | Confidentiality Agreements



About   Authors   Business
Business Directory   Copyright
Interviews   Inventing   Jobs
Patent   Patent Bar
Patent Trolls   Software Patents
Trade Secret   Trademark



# KSR the 5th Anniversary: One Supremely Obvious Mess



Written by **Gene Quinn**
President & Founder of **IPWatchdog, Inc.**
**Patent Attorney**, Reg. No. 44,294
**Zies, Widerman & Malek**
**Blog** | **Twitter** | **Facebook** | **LinkedIn**
Posted: April 29, 2012 @ 12:36 pm





On Monday, April 30, 2007, the United States Supreme Court issued its final decision in the matter of *KSR v. Teleflex*, which overruled the Federal Circuit's application of the so-called "teaching, suggestion, motivation" rule (or simply TSM) as it applies to determining whether an invention is obvious. This 5th Anniversary of the ruling provides an opportunity to revisit the decision and where we have come since. This will be a recurring theme this week on IPWatchdog.com as we look at the law of obviousness in the wake of this infamous decision.

At least for the last generation (and likely longer) no other Supreme Court case in the patent arena has been nearly as influential as the Court's decision in *KSR v. Teleflex*. This is

because obviousness is where the rubber meets the road for the patentability of inventions. It is not enough that the invention is different; it also must also be non-obvious. TSM sought to inject objectivity into the obviousness analysis, and did so rather successfully. There were from time to time patents granted on inventions that would make you scratch your head and wonder, but was that any reason to remove objectivity from the obviousness analysis? No, but that is what the Supreme Court did when they issued the KSR decision, taking many by surprise.

There is absolutely no doubt that the Supreme Court's decision in *KSR* largely took away objectivity, instead supplanting it with a subjective test. Ever since the Federal Circuit and the Patent Office have struggled to get objectivity back into the test. The Federal Circuit has largely been successful, with at least several notable exceptions. With nearly 7,000 patent examiners, most of whom are not lawyers, the Patent Office has not been quite so successful despite their best efforts. Many patent examiners continue to provide conclusory obviousness rejections seemingly unaware of the fallacy of their logical constructs.

Saying "the prior art shows A to accomplish Y, therefore B to accomplish Z would have been obvious" is a conclusion, and not the type of rigorous explanation that the **KSR Guidelines** mandate. This type of conclusory rejection is, however, all too common. The real trouble with "if A / Y then B / Z" is when it comes without a "because" and a "why." Examiners should be able to articulate the rational using "because" and then when pushed explain "why." Without a because and/or why attached to the "if A / Y then B / Z" the obviousness rejection simply cannot be challenged in a way that is calculated to persuade the examiner because there is nothing there to objectively challenge or disprove.

**From the Beginning**

Already I am starting to get into the weeds. Let's take a step back and tell the tale of *KSR* starting at the end of June 2006. On June 26, 2006, the United States Supreme Court granted certiorari in a case that was thought so unimportant that the decision of the United States Court of Appeals for the Federal Circuit was not even published. The case was *KSR International Co. v. Teleflex Inc.* From the outset it was widely believed to either become a Supreme Court decision that was eminently forgettable, or one of earth shaking significance. Oh how I wish it were the former instead of the latter, which it turned out to be.

It is hard to over hype the Supreme Court's handling of *KSR International v. Teleflex*, simply because the question presented called into question one of the most well-established aspects of United States patent law. The question the Supreme Court invited briefing and argument on was this: "Whether the Federal Circuit has erred in holding that a claimed invention cannot be held obvious, and thus unpatentable under 35 U.S.C. §103(a), in the absence of some proven 'teaching, suggestion, or motivation' that would have led a person of ordinary skill in the art to combine the relevant prior art teachings in the manner claimed."

It was already certainly and clearly established that a patent may not be obtained if it contains only obvious differences from prior art. An invention is, of course, considered obvious if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. The question the

Supreme Court would ultimately decide was what evidence is required in order to establish that a person of ordinary skill in the art would have combined the prior art pieces so as to render the invention unpatentable as being obvious.

Prior to the morning of April 30, 2007, in order to establish a prima facie case of obviousness based on a combination of the content of various references, there needed to be some teaching, suggestion or motivation in the prior art to make the specific combination that was made by the applicant. In other words, it is not enough for the examiner during prosecution, or the defendant during litigation, to demonstrate that each and every element of the invention is somewhere in the prior art.

Those familiar with the differences between the concept of novelty and obviousness understand that with respect to novelty the question is whether each and every element is present in a single prior art reference. With respect to obviousness references may be combined, but there still needs to be some anticipation of success with respect to the combination, hence the familiar "teaching, suggestion or motivation" test.

One of the primary objectives of the now defunct TSM approach was to prevent the application of hindsight, which was and still is impermissible, at least in spirit. Preventing hindsight, which *KSR* does not do nearly as effectively as TSM, makes all the sense in the world. Once the cloak of mystery has been unveiled everything is obvious. The question is not whether it is obvious after the fact, but rather whether it was obvious at the time of invention. Without a teaching, suggestion or motivation test there is a tendency that is nearly impossible to control; namely the application of after-the-fact reasoning that imbues one of ordinary skill in the art with knowledge of the invention when no prior art reference or references convey or suggest that knowledge. This has opened the door to hindsight, particularly in light of the often conclusory obviousness rejections issued by some patent examiners, as already discussed.

Frankly, in *KSR* the Supreme Court really quite directly ignored Congress, the 1952 Patent Act and the legislative history accompanying the 1952 Patent Act. The fact that this Supreme Court ignored the legislative history is hardy shocking, although troubling because the legislative history made clear that Congress was not pleased with the Supreme Court and the intention was to overrule Supreme Court decisions. How convenient they ignored this when deciding *KSR*? I understand ignoring the grandstanding that Senators and Members of Congress engage in during legislative debates, but when it is clear that the intent of Congress is to overrule a Supreme Court decision or line of decisions ignoring legislative history seems practically contemptuous.

In 1952 the United States Congress set out to recodify the patent laws, and did so by setting out to codify into law the cases they thought made sense and specifically adding language into the statute that excised the rulings of the courts that didn't make sense. No place was the excising of ridiculous rulings more pronounced than with respect to obviousness. Indeed, obviousness was the only place that the law was really substantively changed. Everything else in the 1952 Patent Act merely codified existing case law.

Prior to 1952, the law of the land relative to obviousness had morphed into one where an invention had to exhibit some "flash of creative genius" in order to be entitled to a patent. What

that essentially meant was that advances were not patentable, only paradigm shifts were patentable. Such a rule made little or nothing patentable, and actually thwarted the entire Constitutional foundation of the patent system.

Applied literally the Supreme Court decision in *KSR* takes us backwards to a test even more restrictive than "flash of creative genius." The Supreme Court's *KSR* decision says that an invention is obvious if it would have been "obvious to try." Up until KSR "obvious to try" rejections were categorically prohibited precisely because it is asinine to say that if an inventor were motivated to try the resulting discovery or innovation would be unpatentable. Logically this means that only accidental inventions are patentable because if an inventor set out to accomplish a task that they thought might prove fruitful the resulting innovation would be obvious to try. How absurd! Thankfully, no one has yet taken the Supreme Court's obvious to try rationale to its logical extreme and the Federal Circuit has fought hard to provide sensible limitations on what could otherwise be the death knell of all patents in a way even more restrictive than the "flash of creative genius" test.

To drive all of this home take a look at 35 U.S.C. 103(a), which reads:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

The last sentence is rather peculiar I know, but had the Supreme Court given appropriate deference to the legislative history of the 1952 Patent Act it would have known that this sentence was put there for the specific purpose of overruling the "flash of creative genius" test and to make the manner of invention immaterial. Congress specifically and expressly intended to make obtaining patents easier. With one decision the Supreme Court undid this policy decision, which is not something that is supposed to happen.

Unfortunately, we are left to deal with *KSR* and the episodic nonsense that it produces. The "common sense" test for obviousness announced by the Supreme Court in *KSR v. Teleflex* has lead at least some patent examiners and some district courts to be more willing to reach an obviousness conclusion, which makes obtaining a patent more challenging than it once was. The unfortunate and careless statement that if an invention is "common sense" then it is obvious has lead to real mischief in certain scenarios. Some incorrectly interpret this statement to mean that if they think it is common sense then they can reject an application or find a claim invalid even if each and every aspect of the invention is not in the prior art. The law still requires each and every element to be present in the prior art in order for an appropriate obviousness rejection.

Specifically, if something is missing in the prior art then the invention should not be obvious even

under *KSR* because it would not merely be a reorganization of known components and would as a matter of fact have to interject at least something non-obvious. Unfortunately, at least several Federal Circuit Judges have missed this nuance and in one case have allowed for the combination of elements not in the prior art to support an obviousness rejection. So far this case seems to be an outlier, but it is the perfect example of the mischief created by the Supreme Court's decision and careless wording. See **KSR Fears Realized: CAFC Off the Obviousness Deep End**.

What needs to happen is an amendment to 103(a). Rather than putting anything into the legislative history, which this Supreme Court will simply not consider, the text of the statute needs to be clear. I have at times suggested merely underlining the last sentence followed by an exclamation point and perhaps a parenthetical expression saying: "We mean it!"

All joking aside, the following modification to 103(a) would suffice:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. ***In determining whether the invention would be obvious to one having ordinary skill in the art, prior art references can only be combined if somewhere within the prior art there is a teaching, suggestion or motivation to combine.*** Patentability shall not be negatived by the manner in which the invention was made***, and nothing shall be considered to be within the common sense of the inventor or one having ordinary skill in the art absent a teaching, suggestion or motivation found to be within the prior art***.

This would clearly and unambiguously overrule *KSR* and return to the decades of well established precedent embodying in the teaching, suggestion or motivation rulings of the United States Court of Appeals for the Federal Circuit. I suspect that this will eventually happen, at least if history is any guide. Currently there is a full scale assault on patents and patent rights. This Supreme Court is openly hostile to patents at every opportunity. Over time that will erode the value of patents and once again require the Congress to step in and fix the supreme mess caused by the Supreme Court, just as they had to do in 1952.



### NYC Patent Bar Review

*New York City ~ September 18 - 22, 2013*
*Call 888.296.5973. Mention IPWatchdog & Save 10%*

## About the Author



**Gene Quinn** is a US Patent Attorney, law professor and the founder of **IPWatchdog.com**. He is also a principal lecturer in the **top patent bar review course in the nation**, which helps aspiring patent attorneys and patent agents prepare themselves to pass the patent bar exam. Gene started the widely popular intellectual property website IPWatchdog.com in 1999, and since that time the site has had many millions of unique visitors. Gene has been quoted in the Wall Street Journal, the New York Times, the LA Times, USA Today, CNN Money, NPR and various other newspapers and magazines worldwide. He represents individuals, small businesses and start-up corporations. As an electrical engineer with a computer engineering focus his specialty is electronic and computer devices, Internet applications, software and business methods.