# Federal Circuit Makes Mess of Software Patents

In



email

what can only fairly be characterized as a patent tragedy, the United States Court of Appeals for the Federal Circuit now has no official position on the patentability of system claims that objectively recite volumes of tangible structures that clearly satisfy the machine-or-transformation test. Less than 5 years after giving the industry the rigid machine-or-transformation test, which was ultimately struck down by the Supreme Court, five of the ten judges that heard ***CLS Bank v. Alice Corporation*** *en banc* would find that claims that seem to clearly satisfy the machine-or-transformation test are **not** patent eligible.

The per curiam decision of the Federal Circuit was *very* brief. It simply stated:

> Upon consideration en banc, a majority of the court affirms the district court's holding that the asserted method and computer-readable media claims are not directed to eligible subject matter under 35 U.S.C. § 101. An equally divided court affirms the district court's holding that the asserted system claims are not directed to eligible subject matter under that statute.

The only thing that gained a majority was this 58-word *per curiam* decision. Seven of the judges agreed that the method claims and computer-readable medium claims were not patentable, but for different reasons. The systems claims were split 5 to 5 and so remain unpatentable because that is what the district court ruled. If you want to keep score, here is the rundown from a very high level:

Judges Lourie, Dyk, Prost, Reyna and Wallach joined together as the 5 judges who would find none of Alice Corporation's patent claims patent eligible.
Chief Judge Rader and Judge Moore would have found the method claims and computer-readable medium claims patent ineligible, but would have found the systems claims patent eligible.
Judges Newman, Linn and O'Malley would have found all the patent claims patent eligible.
Judges Lourie, Dyk, Prost, Reyna, Wallach, Newman, Linn and O'Malley all believed that all of the claims should rise or fall together in the §101 analysis.

There are seven opinions if you count the "reflections" of Chief Judge Rader, which are appended to the decision. There is a total of 135 pages. Since the decision was issued on Friday, May 10, 2013, it is doubtful that anyone has had an opportunity to engage in the necessary nuanced consideration. Sure, plenty have likely already read the opinion, but are you ready to offer any kind of guidance based on this mess? It is easy enough to see that claims that do not recite structure within the claim itself are going to be patent ineligible (i.e., method claims and computer readable medium claims), but what about systems claims? It all depends on the panel you draw. But what do you tell clients?

For now, the best you can tell clients who think that cheap software patents could be obtained, that that is clearly no longer true. Realistically, that notion should have been banished years ago, but clients never want to hear that. The level of detail necessary to demonstrate that there is a core innovation that doesn't preempt, or risk preemption, needs to be extraordinary.

For now, if you are just looking for the big picture, here are some of the more crucial passages from the various decisions.

Judges Judges Lourie, Dyk, Prost, Reyna and Wallach defined the question relative to the systems claims:

> The question we must consider is whether a patent claim that ostensibly describes such a system on its face represents something more than an abstract idea in legal substance. Claims to computers were, and still are, eligible for patent…. And the Supreme Court has told us that, while avoiding confusion between §101 and §§102 and 103, merely adding existing computer technology to abstract ideas — mental steps — does not as a matter of substance convert an abstract idea into a machine.

Judges Judges Lourie, Dyk, Prost, Reyna and Wallach also explained:

> [A]pplying a presumptively different approach to system claims generally would reward precisely the type of clever claim drafting that the Supreme Court has repeatedly instructed us to ignore. As illustrated by the obvious parallels between the method and system claims now before us, it is often a straightforward exercise to translate a method claim into system form, and vice versa.

Judges Judges Lourie, Dyk, Prost, Reyna and Wallach also stated that the question is not about whether a claim would preempt an idea, but rather whether there is a "risk of preemption." They explained:

> Does the claim, in practical effect, place an abstract idea at risk of preemption? And, if so, do the limitations of the claim, including any computer-based limitations, add "enough" beyond the abstract idea itself to limit the claim to a narrower, patent-eligible application of that idea? Or, is it merely a Trojan horse designed to enable abstract claims to slide through the screen of patent eligibility?

Chief Judge Rader explained that if these systems claims are not patentable, then software is not patentable and hundreds of thousands of patents will be lost. He explained:

> [I]f all of these claims, including the system claims, are not patent-eligible, this case is the death of hundreds of thousands of patents, including all business method, financial system, and software patents as well as many computer implemented and telecommunications patents.

Judge Newman was concerned about certainty, or the lack thereof. She wrote:

> Reliable application of legal principles underlies the economic incentive purpose of patent law, in turn implementing the benefits to the public of technology-based advances, and the benefits to the nation of industrial activity, employment, and economic growth. Today's irresolution concerning section 101 affects not only this court and the trial courts, but also the PTO examiners and agency tribunals, and all who invent and invest in new technology. The uncertainty of administrative and judicial outcome and the high cost of resolution are a disincentive to both innovators and competitors.

There will be much more to write in the coming weeks and months. It seems virtually certain that the Supreme Court will take this case if asked to do so. Not having a uniform legal position on the patentability of software is simply not acceptable and cannot be tolerated.

Tags: CAFC, computer software patents, Federal Circuit, Software, software patent, software patentability,software patents

This entry was posted on Monday, May 13th, 2013 at 16:38 and is filed under CAFC, Federal Circuit Cases, patent eligibility, posts,software patents. You can follow any responses to this entry through the RSS 2.0 feed. You can skip to the end and leave a response. Pinging is currently not allowed.