REUTERS  EDITION: U.S.  Register | Sign In  Search News & Quotes

Home | Business | Markets | World | Politics | Tech | Opinion | Breakingviews | Money | Life | Pictures | Video

Opinion

» Analysis & Opinion Home

# Alison Frankel

Follow Alison Frankel

RSS

Email

## SCOTUS in Myriad: Federal Circuit doesn't know what's patent-eligible

By Alison Frankel
JUNE 13, 2013

Justice **Clarence Thomas** of the U.S. Supreme Court doesn't come out and say so in his straightforward, rhetoric-free, 19-page opinion for a unanimous court in Association for Molecular Pathology v. Myriad Genetics, but the takeaway from the ruling is not only that human genes are not patentable in and of themselves but that the Federal Circuit Court of Appeals isn't very good at interpreting patent-eligibility under Section 101 of the Patent Act. As the Supreme Court decision notes, the Federal Circuit panel that ruled Myriad has the right to composition patents on genes associated with breast cancer disagreed on the rationale. One judge said that isolated genes are chemically distinct from the molecules found in nature. Another cited longstanding Patent and Trademark Office policy on gene patentability. The third disagreed with both explanations. So too did the entire Supreme Court, which said the dispositive question is whether the purported invention is created or found in nature. Genes are found in nature, the court said, and thus not patent-eligible.

Myriad's share price actually bumped up after the court's ruling because the justices also held that synthetic composite DNA is eligible for patenting, and that biotech companies may still seek patents on applications for human genes. In that regard, the Supreme Court decision is good news for both researchers, who argued that patents should not be used to restrict their use of identified genes, and the biotech industry, which quite understandably wants to profit from its investment in gene isolation.

But if you're an IP lawyer trying to advise clients on the patent-eligibility of their research and development projects, the Myriad ruling is yet another exasperating sign that you can't rely on the Federal Circuit to decide issues that are supposed to be at the heart of its mission. The United States has a centralized court for patent appeals because Congress wanted a single set of experienced judges to offer definitive interpretations of IP law, which often involves highly technical but economically critical decisions. As former Federal Circuit Judge **Arthur Gajarsa**, now senior counsel at **Wilmer Cutler Pickering Hale and Dorr**, said in a speech in March, the court's statutory mandate is "to normalize patent law … by establishing rules which district courts can follow."

That structure presumes, of course, that the Federal Circuit's rules pass Supreme Court muster. Alas, that hasn't been true in recent years. Instead, what we've seen repeatedly is that on threshold questions of patent-eligibility, Federal Circuit rulings don't hold up. The Supreme Court struck down the Federal Circuit's test for business method patents in Bilski v. Kappos in 2009. It raised the bar for method patents based on naturally occurring phenomena in Mayo v. Prometheus Laboratories in 2011, and then remanded cases involving software patents to the Federal Circuit in light of Mayo. You know the mess that ensued: last month's tortured and tormented en banc decision in CLS Bank International v. Alice Corporation, in which the appeals court spun out 135 pages of concurrences, partial concurrences and dissents by various groups of judges yet offered essentially no clarity on the standard of patent eligibility for software that permits the implementation of otherwise unpatentable abstract ideas. Undoubtedly, that question too will be resolved only when the Supreme Court gets involved.

I understand the tension Gajarsa outlined in his speech in March. The Federal Circuit wants to be an effective rulemaker for the USPTO and for patent developers, establishing standards that are "clear, concise and in some cases rigid," the former judge said. The Supreme Court isn't as interested in rigid rules as in interpreting the law. Gajarsa said that as a result, the high court has "muddled" straightforward patent-eligibility tests.

But that worldview, in which Gajarsa is not alone, seems to me to misunderstand the Federal Circuit's place in the judicial hierarchy. Yes, the appeals court must set the law that guides the operation of the patent system. But it also has to assimilate the Supreme Court's directives in executing that mission. The Federal Circuit has to look up as well as down.

And most importantly, the appeals court has to do a better job of reaching internal consensus, starting with a unified recognition that unless it pays more than mere lip service to the Supreme Court, it is not serving the patent system. Too often Federal Circuit judges have resisted the justices. Both the Mayo and Myriad cases, for instance, were remanded by the Supreme Court for reconsideration by the Federal Circuit. In both, the appeals court stuck to its guns, and in both the Federal Circuit was overruled by the Supreme Court.

That's not an efficient process, especially considering that the Federal Circuit was supposed to streamline patent litigation. The patent system deserves – and demands – better.

AUTHOR PROFILE

Alison Frankel updates On the Case multiple times throughout the day on WestlawNext Practitioner Insights. A founding editor of the Litigation Daily, she has covered big-ticket litigation for more than 20 years. Frankel's work has appeared in The New York Times, Newsday, The American Lawyer and several other national publications. She is also the author of Double Eagle: The Epic Story of the World's Most Valuable Coin.

ALISON FRANKEL IS A COLUMNIST FOR THOMSON REUTERS. THE VIEWS EXPRESSED ARE HER OWN.

TO READ THE COMPLETE ON THE CASE BLOG, HEAD TO THOMSON REUTERS NEWS & INSIGHT.

RECENT POSTS

Did banks jump too soon in opposing eminent domain mortgage seizures?
How SCOTUS's Amex ruling may help businesses evade class actions
Diamond, shareholders reach unusual deal: class to receive stock
How Harbinger admissions to SEC will impact investors' class action
How long did JPMorgan (allegedly) deceive investors?

MORE REUTERS NEWS

U.N. inspectors reach Syria gas victims despite coming under fire
Iran adds to atom capacity, holds down stockpile growth: diplomats
Merkel allies stage 11th-hour revival behind young leader
Russia warns against military intervention in Syria
Italy PM meets with centre right to defuse

(Reporting by Alison Frankel)

For more of my posts, please go to Thomson Reuters News & Insight

Follow me on Twitter

« Previous Post
Next Post »

## More From Reuters

Reading, writing and ROI

The other big question at Jackson Hole

Our imperial disdain for the emerging world

UPDATE 1-Pennsylvania girl who sued for lung transplants to leave…

Syria's Assad says U.S. military will fail if it intervenes

## From Around the Web

12 Weapons That Changed Everything *(The Fiscal Times)*

9 Worst Recession Ghost Towns in America *(The Fiscal Times)*

How to Get Tax Credit for Your Retirement Savings (Yes, You Can!) *(etrade.com)*

The Daring New Compact That Looks More Like a German Performance Car *(AutoTrader)*

4 Investment "Truths" that Turned Out to Be False *(etrade.com)*

[?]

## POST YOUR COMMENT

Submit Comment

We welcome comments that advance the story through relevant opinion, anecdotes, links and data. If you see a comment that you believe is irrelevant or inappropriate, you can flag it to our editors by using the report abuse links. Views expressed in the comments do not represent those of Reuters. For more information on our comment policy, see

http://blogs.reuters.com/fulldisclosure/2010/09/27/toward-a-more-thoughtful-conversation-on-stories/

growing row

### TAG CLOUD

AIG Antitrust Apple bank of america bank of new york mellon barbara kapnick Bernie Madoff bofa Chevron citigroup class action Countrywide Department of Justice ecuador eric schneiderman facebook Fannie Mae FHFA Freddie Mac Gibbs & Bruns Goldman Sachs Google Grais & Ellsworth Irving Picard jed rakoff jpmorgan Judge Jed Rakoff Judge William Pauley mayer brown MBIA mbs merrill lynch Microsoft Morrison v. National Australia Bank mortgage-backed securities Motorola patents Quinn Emanuel Urquhart & Sullivan Rajat Gupta SCOTUS SEC securities supreme court U.S. Supreme Court UBS

### ARCHIVES

August 2013
July 2013
June 2013
May 2013
April 2013
March 2013
February 2013
January 2013
December 2012
November 2012
October 2012
September 2012
August 2012
July 2012
June 2012
May 2012
April 2012
March 2012
February 2012
January 2012
December 2011
November 2011
October 2011
September 2011
August 2011
July 2011



REUTERS EDITION: U.S. ▲ Back to top

Reuters.com | Business | Markets | World | Politics | Technology | Opinion | Money | Pictures | Videos | Site Index

Legal | Bankruptcy Law | California Legal | New York Legal | Securities Law

Support & Contact | Support | Corrections

Account Information | Register | Sign In

Connect with Reuters | Twitter | Facebook | LinkedIn | RSS | Podcast | Newsletters | Mobile

Case 8:12-cv-01688-ODW-MRW   Document 49-12   Filed 08/31/13   Page 3 of 3   Page ID #:752

