John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorney for Plaintiff,
**DIGITECH IMAGE TECHNOLOGIES, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>             Plaintiff,<br>     v.<br>NEWEGG, INC. and NEWEGG.COM, INC.<br>             Defendants. | CASE NO.: SACV12-01688 ODW (MRWx)<br><br>**DIGITECH IMAGE TECHNOLOGIES, LLC'S APPLICATION PURSUANT TO LOCAL RULE 79-5.1 TO FILE UNDER SEAL: DIGITECH'S RESPONSE IN OPPOSITION TO NEWEGG'S MOTION FOR FEES AND EXHIBIT 1 -DECLARATION OF JOHN J. EDMONDS**<br><br>Honorable Otis D. Wright, II<br><br>Hearing Date: September 23, 2013<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 11<br>312 North Spring Street<br>Los Angeles, California 90012-4701 |

TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 79-5.1, Plaintiff Digitech Image Technologies, LLC ("Digitech") will and does apply to this Court for an Order permitting EFI to file the following document under seal.

- **DIGITECH'S RESPONSE IN OPPOSITION TO NEWEGG'S MOTION FOR FEES**
- **Exhibit 1 – Declaration of John J. Edmonds**

The document listed above contains proprietary or sensitive information that Digitech has designated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY and not suitable for the public record pursuant to the Court's Protective Order. (Docket No. 48.) Public disclosure of such information would cause Digitech harm.

I. **Legal Authority**

The Court possesses the inherent power to seal part or all of its records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, (1978) ("Every court has supervisory power over its own records and files."). The decision to seal the record is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. In exercising this discretion, the court "must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Council of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

While the Ninth Circuit starts with a presumption in favor of access to court records, "the common law right of access ... is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Court should seal a document when the document may "become a vehicle for improper purposes." *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) (quoting *Nixon*, 435 U.S. at 598).

For example, preventing a document from being a "source[] of business information that might harm a litigant's competitive standing" justifies sealing the document. *Nixon*, 435 U.S. at 598. Similarly, preventing the use of the document to work a "release [of] trade secrets" justifies sealing the document. *Kamakana*, 447 F.3d at 1179.

**II. The Court Should Seal Digitech's Response In Opposition To Newegg's Motion For Fees And Exhibit 1-Declaration Of John J. Edmonds.**

Digitech's Response in Opposition to Newegg's Motion for Fees contains information that is deemed HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY and not suitable for the public record pursuant to the Court's Protective Order. (Docket No. 48.). Specifically, Digitech's Response contains financial information regarding settlements between certain Defendants and Digitech. The disclosure of such financial information will cause harm to Digitech and said Defendants and said settlement agreements contain strict confidentiality provisions. Further, Exhibit 1 to Digitech's

Opposition contains the same financial information regarding settlements between Digitech and certain Defendants. Likewise, the disclosure of such financial information will cause harm to Digitech and said Defendants and said settlement agreements contain strict confidentiality provisions.

August 31, 2013                              Respectfully Submitted,


                                             /s/ John J. Edmonds
                                             John J. Edmonds


                                             ATTORNEYS FOR DIGITECH
                                             IMAGE TECHNOLOGIES, LLC

- 4 -

Case No.: 3:12-cv-02930-BEN-RBB

## **PROOF OF SERVICE**

I am over the age of eighteen years. I am employed at the law firm of Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC. I hereby certify that on August 31, 2013, I filed the following document:

**DIGITECH IMAGE TECHNOLOGIES, LLC'S APPLICATION PURSUANT TO LOCAL RULE 79-5.1 TO FILE UNDER SEAL: DIGITECH'S RESPONSE IN OPPOSITION TO NEWEGG'S MOTION FOR FEES AND EXHIBIT 1 - DECLARATION OF JOHN J. EDMONDS**

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service via the Court's C/ECF system per the Local Rules.

Executed on August 31, 2013 in Houston, Texas.

/s/ *John J. Edmonds*
John J. Edmonds