John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
Stephen F. Schlather (admitted *pro hac vice*)
sschlater@cepiplaw.com
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorney for Plaintiff,
**DIGITECH IMAGE TECHNOLOGIES, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>  Plaintiff,<br>  v.<br><br>NEWEGG, INC. and NEWEGG.COM, INC.<br>  Defendants. | CASE NO.: SACV12-01688 ODW (MRWx)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS**<br><br>Honorable Otis D. Wright, II<br><br>Hearing Date: September 23, 2013<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 11<br>312 North Spring Street<br>Los Angeles, California 90012-4701 |

Plaintiff, Digitech Image Technologies, LLC ("Digitech") hereby submits this Reply in Support of its Motion for Sanctions against Newegg Inc. and Newegg.com Inc. (collectively "Newegg") as follows:

## I. **INTRODUCTION**

In its Motion for Fees under Section 285, Newegg represented to the Court that it "incurred $64,851.73 in legal fees thus far in <u>defending</u> this matter." Dkt. No. 43 at Pg. 7 (emphasis added). Further, Newegg filed two declarations in support of its Motion for Fees stating that the fees were incurred by Newegg "<u>defending</u> itself in the above-captioned patent infringement suit." Dkt. Nos. 43-1 at ¶3; 43-2 at ¶3 (emphasis added). Newegg did not submit any actual fee invoices with its Motion for Fees; rather, it relied solely upon the conclusory (and demonstrably false) declarations of its counsel. Setting aside the utter lack of merit in Newegg's Motion for Fees, in Plaintiff's Motion for Sanctions, Digitech pointed out that Newegg's representations (including in its counsel's declarations) were inexcusably false because they included at least a substantial (albeit unknown since Newegg failed to proffer fee invoices) amount of fees expended litigating Newegg's unsuccessful claim against Plaintiff's ultimate parent entity, which this Court dismissed based on a lack of subject matter jurisdiction. *See* Dkt. Nos. 16 and 38.

Newegg's Opposition (Dkt No. 47) relies upon the Declaration of Ms. Cecilia Dickson, one of the attorneys who submitted misleading declarations in support of Newegg's Motion for Fees. Ms. Dickson's new declaration claims that an unspecified person at her "Law Firm" has determined that the amount of fees is "fairly attributable" to Newegg's unsuccessful third-party claim is $13,816.24 of the $64,851.73 total. Dkt No. 47-2, ¶ 5.

Since Newegg has provided no fee invoices or meaningful breakdown of its alleged fees, for purposes of this Reply only, Plaintiff will assume for argument, that Ms. Dickson's estimate of $13,816.24 is at least roughly correct.  <u>Nonetheless, the second Dickson declaration makes crystal clear that Newegg, and its counsel's original declarations, inexcusably misrepresented in Newegg's Motion for Fees that Newegg had "incurred $64,851.73 in legal fees thus far in defending this matter," when at most (by Newegg's belated admission in response to the Motion to Sanctions) Newegg had actually incurred only $51,035.49 in fees defending this action</u>.

Further, Newegg's Oppositions lacks any contrition and instead, amazingly, requests that Newegg be awarded fees for having to respond to a Motion for Sanctions that was occasioned by Newegg's admitted misrepresentations to the Court. Dkt. No. 47, p. 10.  Newegg's continued lack of candor, insincerity, lack of contrition, and lack of appreciation of the wrongness of its misrepresentations to the Court demonstrates why Newegg should be sanctioned for its misbehavior.

## II. ARGUMENT

As has been irrefutably established above, the second Dickson declaration makes crystal clear that Newegg, and its counsel's original declarations, inexcusably misrepresented in Newegg's Motion for Fees that it had "incurred $64,851.73 in legal fees thus far in defending this matter," when at most (by Newegg's belated admission in response to the Motion to Sanctions) Newegg had actually incurred only $51,035.49 in fees *defending* this action.

Newegg's Opposition frivolously maintains that its third-party claim against Acacia Research Corporation ("Acacia"), was somehow a "compulsory counterclaim." Dkt No. 47, p. 4. However, it is axiomatic that counterclaims are asserted by Defendants against Plaintiffs, and third-party claims are against third parties. Acacia Research Corporation was a third-party to this case. As this Court ruled when it dismissed Newegg's third party claim, "Newegg offers no authority" for bringing a third party into the case. Dkt. No. 38 at Pg. 7.

The reason that Newegg makes the frivolous assertion that its third-party claim against third-party Acacia was a "compulsory counterclaim" is that it seeks to somehow justify misrepresenting that it had incurred $64,851.73 in "defending" this action. As Newegg incredulously states in its Opposition, its use of "defending" was not, allegedly in Newegg's mind, "misrepresentative" [sic] because Newegg was "discussing compulsory declaratory judgment counterclaims." Dkt No. 47, p. 5. Aside from being

frivolous, Newegg's maintaining that its failed third-party claim against Acacia was a "compulsory counterclaim" and thus "defending" this lawsuit constitutes an improper collateral attack on this Court's Order dismissing Newegg's third-party claims when there was a lack of case or controversy against third-party Acacia, *see* Dkt. No. 38, something which Newegg did not appeal and which would have been frivolous to appeal.

Newegg's Opposition states that it "readily admitted" that it had included fees for its third-party claim in its fee claim for "defending" this action. Dkt No. 47, pp. 4-5. However, that admission <u>to the Court</u> comes only after Digitech was forced to file a Motion for Sanctions to bring this gross misrepresentation to light. Otherwise, had Digitech not demanded the truth, Newegg would have continued to mislead the Court without remorse. Newegg's belated admission that it misrepresented the facts to the Court does not excuse Newegg's misbehavior, nor does it detract from the gravity of its making misrepresentations in a signed pleading supported by declarations, including declarations from counsel, containing the same misrepresentations.

Plaintiff's Motion for Sanctions pointed out that Newegg's Motion for Fees provided a laundry list detailing what little work it did in the case prior to it being stayed <u>except</u> the work in connection with litigating its unsuccessful third-party claim against Acacia. Specifically, Newegg stated in its Motion for Fees that "[a]s a result of Digitech's manipulations, Newegg prepared an answer and counterclaims, engaged in

multiple discovery plan preparation sessions both with Digitech's counsel and with other defendants across all of the cases, drafted a motion to stay the proceedings as to Newegg and participated in a Court-ordered conference." Newegg's Motion at Pg. 7. In its Reply, Newegg incredulously states that it omitted the inconvenient detail of its fee claim including briefing on its failed third-party claims "so as to avoid disclosing any privileged information." Dkt. No. 47, p. 5. This "explanation" defies credulity.

Newegg's Opposition criticizes Plaintiff for seeking sanctions "when in truth it should just challenge the amount of the fee award, if it wants to dispute the inclusion of a particular category of fees." Dkt No. 47, p. 5. However, Newegg purposely attempts to dodge the point. Newegg's statements, including in signed declarations by counsel, that all fees claimed were for "defending" this action, especially when it failed to provide any detail for challenging its calculations, was a blatant misrepresentation to the Court. Plaintiff respectfully submits that inexcusable factual misrepresentations made in signed pleadings supported by misleading declarations are properly the subject of sanctions, and that to hold otherwise would encourage Newegg and others to continue to make inexcusable misrepresentations in support of fee awards with impunity

Newegg's Opposition devotes a section to the argument that "Newegg's Failure to Provide Digitech With a Bill Set Is Not Sanctionable Conduct." However, Plaintiff's Motion did not assert that the failure to provide fee invoices is sanctionable conduct.

What is sanctionable conduct is making blatant and inexcusable misrepresentations to a Court. Although Newegg now attempts to explain its improper conduct (that the second Dickson Declaration admits) it only does so after being caught red handed.

Attempting to distract from the now admitted misrepresentations to the Court made in its Motion for Fees, Newegg's Opposition complains that, "[a]lthough Digitech originally asked Newegg to identify the amount of fees involved in relation to the claim against Acacia as part of the meet and confer process, it chose to not wait for Newegg to calculate that amount before filing its Motion for Sanctions." Dkt No. 47, p. 6. However, since Plaintiff was aware that Newegg had inexcusably misrepresented its fee claim to the Court, there was no reason for Plaintiff to defer bringing Newegg's serious misconduct to the Court's attention immediately. Nor would Plaintiff have any reason to accept at face value such "calculations" from a party who had already admitted misrepresenting its fee claim.

Newegg's Opposition unapologetically states that its false claim for an estimated $13,816.24 incurred in "defending" this lawsuit is only "roughly 20 percent of the overall fee amount sought by Newegg, and hardly is a 'large portion' of the fee amount." Dkt No. 47, p. 6. Again, Newegg's lack of contrition and lack of appreciation of the wrongness of its misrepresentations to the Court demonstrate why Newegg should be sanctioned for its misbehavior.

Again, attempting to distract from the now admitted misrepresentations to the Court made in its Motion for Fees, Newegg's Opposition devotes an entire section to arguing that, "Formal Entry of Appearance Is Not Required To Recoup Attorneys' Fees," and another section entitled, "Work Product Assumptions Are Not A Basis For A Sanctions Motion." However, Plaintiff's Motion for Sanctions did not assert that formal entry of an appearance was necessary for a fee award.[1] Further, the purpose in pointing out that Newegg's outside counsel mere performed a "cut and paste" from a prior defendants' motion to prepare its Motion to Stay was merely to illustrate, in view of Newegg's failure to provide fee invoices, that Newegg's outside counsel had apparently done little work in the case except with respect to Newegg's significant briefing in connection with its failed third-party claim against Acacia. Nonetheless, the issue at hand is not whether Newegg could recover fees for work by counsel who had not entered appearances when they did the work, or whether Newegg had "cut and paste" filings from other defendants. <u>The issue, which Newegg's Opposition continually avoids is that Newegg and its counsel's original declarations inexcusably misrepresented that Newegg had "incurred $64,851.73 in legal fees thus far in defending this matter," when at most (by Newegg's belated admission in response to the Motion to Sanctions) Newegg had actually incurred only $51,035.49 in fees</u>

---

[1] But even here, Newegg demonstrates its lack of candor with the Court, when it writes that, "Newegg's in-house counsel *may* have ultimately reviewed and filed the answer and counterclaim in the individual case on October 25, 2012." Dkt. No. 47. Why Newegg feels the need to be coy about its in-house counsel's involvement with its failed third-party claim is inexplicable.

<u>defending this action</u>. To the extent that Newegg's inexcusable misrepresentations were not already clear from Plaintiff's Motion for Sanctions, the second Dickson declaration submitted in connection with Newegg's Opposition makes crystal clear that Newegg inexcusably misrepresented material facts in its Motion for Fees.

Newegg's Opposition complains that "[n]one of the cases cited by Digitech speak to the recoverability on a motion for fees of fees relating to assertion of a compulsory counterclaim." Dkt No. 47, p. 9. However, there is no reason to cite any such cases, because it is simply frivolous for Newegg to maintain that its failed *third-party claim* against third-party Acacia was a compulsory counterclaim. Moreover, as noted above, Newegg's maintaining that its failed third-party claim against Acacia was a "compulsory counterclaim" constitutes an improper collateral attack on this Court's order dismissing Newegg's third-party claims when there was a lack of case or controversy against third-party Acacia, *see* Dkt. No. 38, something which Newegg did not appeal and which would have been frivolous to appeal.

To illustrate why Newegg misrepresented in its Motion for Fees that all fees claimed were for "defending" is action, when clearly that was not true, Plaintiff's Motion for Sanctions pointed out that Newegg could have only claimed fees to the extent it was a "prevailing party." This was something of which Newegg was no doubt aware, and which no doubt motivated Newegg to misrepresent that all fees were incurred in "defending." Tellingly, Newegg did not address a <u>single</u> case cited in

Plaintiff's Motion for Sanctions.  Newegg continues to be willfully blind to established Federal Circuit precedent holding that where a case is found to be exceptional pursuant to 35 U.S.C. § 285, "fees should only be granted to the extent a party has prevailed." *Precor Inc. v. Life Fitness, a div. of Brunswick Corp.*, 13 F. App'x 913, 922 (Fed. Cir. 2001) *citing Beckman Instruments, Inc. v. LKB Produkter AB,* 892 F.2d 1547, 1553, 13 USPQ2d 1301, 1306-07 (Fed.Cir.1989); *Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1459-60, 18 USPQ2d 1842, 1848 (Fed.Cir.1991).

The only case cited by Newegg is *Tax Track Sys. Corp. v. New Investor World, Inc.,* 478 F.3d 783, 789 (7th Cir. 2007), which has to do with loss on a counterclaim. However, as noted above, Newegg's unsuccessful third-party claim against Acacia was not a "counterclaim," and Newegg's continuing maintenance of that position is frivolous and in contravention of this Court's clear ruling to the contrary.  As for its third party claim against third-party Acacia, Newegg is not the prevailing party, nor could any reasonable person maintain as such.   In addition, for the sake of argument, even if Newegg's counterclaim was compulsory, Newegg fails to explain, in light of Federal Circuit authority, how it is entitled to fees when it did not prevail on that counterclaim.

Nonetheless, the issue is not whether Newegg could have made a novel claim to be the prevailing party relative to its failed third-party claim against Acacia.  <u>Again, the issue, which Newegg's Opposition continually avoids, is that Newegg and its counsel's</u>

original declarations, inexcusably misrepresented in Newegg's Motion for Fees that Newegg had "incurred $64,851.73 in legal fees thus far in defending this matter," when at most (by Newegg's belated admission in response to the Motion to Sanctions) Newegg had actually incurred only $51,035.49 in fees defending this action. To the extent that Newegg's inexcusable misrepresentations were not already clear from Plaintiff's Motion for Sanctions, the second Dickson declaration submitted in connection with Newegg's Opposition makes crystal clear that Newegg had inexcusably misrepresented the facts in its Motion for Fees.

### III.   CONCLUSION

For the reasons stated above, Newegg has made inexcusable misrepresentations to this Court – including in declarations signed by its counsel – that go above and beyond mere advocacy. As such, Plaintiff's Motion for Sanctions should be granted and Newegg should be sanctioned for its now admitted misrepresentations and lack of contrition, Newegg's Motion for Fees should be denied (which, aside from its lack of merit, was based in significant part upon misrepresentations to the Court), and Plaintiff should be given such other relief to which it is justly entitled, including an award of fees incurred in litigating these issues and bringing Newegg's misrepresentations to light.

September 9, 2013                                          Respectfully Submitted,


                                                      /s/ *John J. Edmonds*
                                                     John J. Edmonds


                                                     ATTORNEYS FOR DIGITECH
                                                     IMAGE TECHNOLOGIES, LLC


## **PROOF OF SERVICE**

      I am over the age of eighteen years. I am employed at the law firm of Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC. I hereby certify that on September 9, 2013, I filed the following document:

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service via the Court's C/ECF system per the Local Rules.

      Executed on September 9, 2013 in Houston, Texas.


                                                      /s/ *John J. Edmonds*
                                                     John J. Edmonds