O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES., LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEWEGG, INC. and NEWEGG.COM, INC.,<br><br>　　　　　　Defendants. | Case No. 8:12-cv-01688-ODW(MRWx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [41]** |

## I.  INTRODUCTION

Newegg moves for an award of attorneys' fees and costs incurred defending against Digitech's patent-infringement suit.  (ECF No. 41.)  Newegg argues that Digitech's infringement allegations were objectively baseless and brought in bad faith to obtain nuisance-value settlements.  (Mot. 5.)  Newegg styles itself a champion of the bullied who "must take a stand against litigation-extortion [*sic*]."  (Mot. 7.)  But despite Newegg's gallant intentions, the Court **DENIES** Newegg's Motion for Attorneys' Fees for the reasons discussed below.[1]

/ / /

/ / /

---

[1] After carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

On October 2, 2012, Digitech filed a patent-infringement suit against Newegg and Newegg.com accusing them of infringing U.S. Patent No 6,128,415. (Opp'n 5.) The '415 Patent concerns a device profile and method of generating a device profile. ('415 Patent 1:1–6; 1:10–15, 1:26–31.)

Newegg was one of numerous defendants in Digitech's crosshairs. Digitech originally sued 45 defendants, which included both retailers and manufacturers of various digital cameras that allegedly infringed the '415 Patent. *Digitech Image Techs., LLC v. Agfaphoto Holding, GMBH*, Case No. 8:12-cv-01153-ODW (MRWx) (C.D. Cal. closed October 1, 2012). The Court dismissed that action for misjoinder under 35 U.S.C. § 299. *Id.* at ECF No. 190. Digitech then refiled individual infringement suits the next day. In total, Digitech brought 32 lawsuits against 70 defendants—20 of which were ultimately litigated.

During the litigation, the Court stayed the actions against Newegg and the other retailers under the "customer-suit exception." *Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.*, Case No. 8:12-cv-01324-ODW (MRWx), ECF No. 39 (C.D. Cal. closed August 6, 2013). Thus, the action against Newegg was stayed for most of the litigation while the Court resolved the manufacturer suits.

On July 31, 2013, some of the manufacturer-suit defendants—which did not include Newegg—brought a Motion for Summary Judgment. The Court granted the Motion, invalidating the '415 Patent under 35 U.S.C. § 101. *Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.*, Case No. 8:12-cv-01324-ODW (MRWx), ECF No. 89 (C.D. Cal. closed August 6, 2013). The Court entered judgment in this action for Newegg on August 6, 2013, as a result of the invalidation of the '415 Patent. (ECF No. 39.)

Newegg now seeks to recover $64,851.73 in attorneys' fees under 35 U.S.C. § 285 incurred defending Digitech's suit. (Opp'n. 6.) Newegg is the sole defendant out of the 20 litigated cases to file a motion for attorneys' fees.

## III.   LEGAL STANDARD

Meritless patent litigation places a particular strain on judicial and party resources. In recognition of this strain, section 285 of the Patent Act gives district courts discretion to award fees to prevailing parties in qualifying cases. 35 U.S.C. § 285. Attorneys'-fees awards are appropriate in "exceptional cases" in which sanctions are necessary to deter parties from bringing clearly unwarranted suits. *Id.*; *Automated Bus. Cos. v. NEC Am., Inc.*, 202 F.3d 1353, 1354 (Fed. Cir. 2000); *Eon–Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011).

When deciding whether to award attorneys' fees, courts engage in a two-step inquiry. First, the Court must determine whether the prevailing party has proved by clear and convincing evidence that the case is "exceptional." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). If the Court finds that the case is exceptional, it must then determine whether an award of attorneys' fees is justified. *Id*. at 916.

Absent misconduct in the litigation or in securing the patent, a case is exceptional under § 285 if (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). Litigation is objectively baseless if the allegations are "such that no reasonable litigant could reasonably expect success on the merits." *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008).

Once the Court determines that the challenged litigation is objectively baseless, it may examine the litigant's subjective motivation. *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61(1993). The Court presumes that a patent-infringement assertion is made in good faith. *Brooks Furniture*, 393 F.3d at 1382. But if the record indicates by clear and convincing evidence that a patentee was manifestly unreasonable in assessing and pressing its infringement allegations, then a court may infer that the claims were brought in bad faith. *Eltech Sys. Corp. v.*

*PPG Indus., Inc.*, 903 F.2d 805, 810–11 (Fed. Cir. 1990). A patent holder's continued pursuit of an infringement claim is manifestly unreasonable if based on "wrongful intent, recklessness, or gross negligence." *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003) (quoting *Eltech Sys.*, 903 F.2d at 811).

Even in exceptional cases the decision to award fees and the amount of the award are within the Court's discretion. *Brooks Furniture*, 393 F. 3d at 1382. The decision is based on a retrospective look at the entire case and does not turn on whether the patentee's position would have been reasonable at the time of filing the complaint or pleading. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc*., 701 F.3d 1351, 1355 (Fed. Cir. 2012), *cert. granted*, No. 12-1163, 2013 WL 1217353 (Oct. 1, 2013).

## IV. DISCUSSION

Newegg asserts that Digitech's numerous infringement suits are "exactly the type of 'shake-down' litigation that warrants treatment as an exceptional case." (Mot. 5.) Newegg argues that Digitech's suits reveal a pattern of "extortion-like tactics," which demonstrate that Digitech's suit against Newegg was objectively baseless and brought in bad faith. (*Id.*) Digitech counters that Newegg does not offer any evidence—much less clear and convincing evidence—that this action is exceptional. Digitech maintains that invalidation of the patent-in-suit and multiple infringement suits, without other evidence of wrongdoing, are insufficient to support a finding of baselessness or bad faith. Because the Court finds that Digitech's infringement suit against Newegg was neither objectively baseless nor brought in bad faith—and therefore not exceptional—the Court **DENIES** Newegg's Motion for fees.

**A. Digitech's infringement suit was not objectively baseless**

Newegg contends that Digitech's infringement claims were objectively baseless because a prefiling investigation would have revealed that that the '415 Patent was invalid under § 101. (Mot. 12.) Newegg argues that the motion for summary judgment of invalidity was a straightforward challenge, in which "detailed claim

construction, prior art review and the like were unnecessary to determine the patent's invalidity." (*Id.*) Thus, Newegg asserts, Digitech knew or should have known it was asserting an invalid patent. The Court does not agree.

Because of the high cost of a patent-infringement suit, "[p]erforming a pre-filing assessment of the basis of each claim is . . . extremely important." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). At a bare minimum, the accused device must be compared to each and every claim at issue in the suit, and "a reasonable basis for a finding of infringement of at least one claim" must be found prior to the filing of an infringement suit. *Id.* But Newegg ignores the patent-validity presumption under 35 U.S.C. § 282. *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S.Ct. 2238, 2242 (2011). The '415 Patent was issued by the United States Patent and Trademark Office and therefore presumed to be valid and contain patentable subject matter under 35 U.S.C. § 101. Digitech had no reason to suspect that the '415 Patent was invalid.

Moreover, this Court invalidated the '415 Patent because it related to nonpatentable subject matter—something which would not have been revealed during a prefiling investigation. And the Federal Circuit itself has had difficulty agreeing upon the proper scope of § 101. *See MySpace, Inc. v. GraphOn Corp.*, 672 F.3d 1250, 1260 (Fed. Cir. 2012) (describing § 101 jurisprudence as a "murky morass"). Digitech asserted presumptively valid claims that were ultimately invalidated under a complex and evolving area of patent law. Without some additional evidence as to why Digitech should have known the '415 Patent would be invalidated, Newegg's naked baselessness accusations necessarily fail.

**B. Digitech's infringement claim was not brought in bad faith**

Newegg also contends that Digitech brought and maintained this suit in bad faith. (Mot. 12.) To support its bad-faith accusation, Newegg alleges that (1) the suit was designed to extract nuisance-value settlements; (2) the retailer suits were brought merely as leverage against the manufacturers; and (3) Digitech maintained the suit

knowing that the patent was invalid. (*Id.* 1213.) For the reasons discussed below, these arguments all fail.

Newegg's primary argument is that Digitech's multi-suit litigation alone makes this case exceptional. (Mot. 12.) Newegg claims that "Digitech has engaged in a nationwide strategy to file lawsuits against many defendants with the goal of forcing settlements from the named defendants." (*Id.* at 8.) But Newegg offers nothing to support its accusation of extortion-like litigation tactics other than the numerous suits brought by Digitech. Mere evidence that Digitech has filed suit against many other parties does not, by itself, prove that the suit is unjustified or brought in bad faith. *See, e.g.*, *ArrivalStar v. Meitek*, No. 2:12-cv-01225-JVS, ECF No. 55 (C.D. Cal. Nov. 20, 2012).

Additionally, the multiplicity of suits in this action is a function of the stringent joinder requirements of § 299 of the America Invents Act—something wholly unrelated to the merits of the case. 35 U.S.C. § 299. Newegg improperly equates Digitech's maintenance of multiple severed infringement suits with the systematic filing of bad-faith actions designed to collect small nuisance-value settlements. Newegg provides no admissible evidence that any "shake-down" settlement negotiations took place, or that other parties to this action were coerced into nuisance-value settlements. *See* Fed. R. Evid. 408.

Certainly, the practice of bringing unmeritorious claims only to dismiss them after inflicting substantial litigation costs is a blight on the patent system. But it has not been shown that is the situation in this action. Digitech has not displayed a "lack of regard for the judicial system" or a "cavalier attitude" to the patent-litigation process as a whole. *Eon–Net LP*, 653 F.3d at 1314. While Newegg makes much of the burden placed on the judicial system from baseless infringement claims, the Court notes that motions lacking factual and legal support also unduly burden the judicial system. All parties should be mindful of the limited resources of the Court and the challenges it faces in preserving judicial resources.

Newegg next argues that Digitech's real target was the manufacturers and that the "retailers were only named for leverage." (Mot. 12.) Newegg asserts that "[n]aming retailers only to pressure their suppliers into settling is another facet of this litigation that justifies the imposition of an attorneys' fees award." (*Id.*) But Newegg points to no authority to support its theory that jointly suing retailers and manufacturers of allegedly infringing products merits an exceptional-case finding.

Retailers are not immune from liability for sales of infringing products. Indeed, "an accused infringer infringes an apparatus claim if it makes, uses, *offers to sell, or sells* the claimed apparatus within the United States." *Vizio, Inc. v. Int'l Trade Comm'n*, 605 F.3d 1330, 1346 (Fed. Cir. 2010) (emphasis added); 35 U.S.C. § 271. As a retailer, Newegg was offering to sell—and selling—devices that allegedly infringed the '415 Patent. If the accused devices were found to infringe the '415 Patent, Newegg would be liable as an infringer. Suing retailers along with the manufacturers is a normal, prudent part of patent litigation—not an improper leveraging tactic as Newegg asserts.

Finally, Newegg alleges that Digitech brought and maintained the infringement action knowing that the claims of the '415 Patent were not viable. (Mot. 12–13.) This argument simply recycles Newegg's assertion that Digitech should have known that the '415 Patent was invalid when Digitech brought the action. Newegg offers no evidence or even theories to support its conclusory allegation that Digitech should have known that the '415 Patent related to nonpatentable subject matter.

In sum, Newegg fails to provide more than conclusory allegations that Digitech brought an objectively baseless, bad-faith infringement action. The Court is not persuaded by Newegg's rote attempt to shift the burden of paying legal fees by hurling Digitech into the crusade against "Patent Trolls." A party seeking protection of constitutionally granted patent rights is not automatically the villain simply because it brings infringement allegations against multiple defendants. Of course, parties that abuse the patent system exist—that is what § 285 is for. But without any evidence of

malfeasance, the Court cannot fault a patent holder for exercising its constitutional rights.

## V.  CONCLUSION

For the reasons discussed above, Defendants' Motion for Attorneys' Fees is **DENIED**.

**IT IS SO ORDERED.**

October 11, 2013

_____ _____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**