O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITECH IMAGE TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br>    v.<br><br>NEWEGG, INC. and NEWEGG.COM, INC.,<br><br>        Defendants. | Case No. 8:12-cv-01688-ODW (MRWx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS [45]** |

## I. INTRODUCTION

Continuing the bellicose battle between these parties, Digitech moved for sanctions against Newegg, on August 26, 2013—less than a week after Newegg filed its Motion for Attorneys' Fees. Digitech asserts that Newegg's motion for fees lacks any legal or factual merit and that Newegg made such "blatant and inexcusable misrepresentations to this Court" that sanctions are warranted. (Mot. 2.) For the reasons discussed below, the Court **DENIES** Digitech's Motion for Sanctions.[1]

///

///

---

[1] After carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L. R. 7-15.

## II. FACTUAL BACKGROUND

The thrust and parry between the parties began July 16, 2012, when Digitech filed a patent-infringement suit against Newegg. Newegg was a part of a contingent of retailers and manufacturers accused of infringing Digitech's U.S. Patent No 6,128,415. *Digitech Image Techs., LLC v. Agfaphoto Holding, GMBH*, No. 8:12-cv-01153-ODW (MRWx) (C.D. Cal. closed October 1, 2012). The original action was dismissed by the Court for misjoinder under 35 U.S.C. § 299 on October 1, 2012. *Id.* at ECF No. 190. The next day, Digitech refiled individual infringement suits, including this action against Newegg. (ECF No. 1.) In total, Digitech brought 32 lawsuits against 70 defendants—20 of which were ultimately litigated.

Newegg filed a legion of affirmative defenses and counterclaimed for a declaratory judgment of non-infringement and invalidity of the '415 Patent. (ECF No. 16.) In the counterclaims, Newegg joined third-party Acacia Research Corporation—the ultimate parent corporation of Digitech—as a counterdefendant. *Id.* On January 7, 2013, Acacia filed a Motion to Dismiss Newegg's counterclaim against itself. (ECF No. 30.) The Court granted Acacia's Motion on May 3, 2013, holding that Acacia had no legal or equitable interest in the '415 Patent. (ECF No. 38.) Meanwhile, the Court stayed the actions against Newegg and the other retailers under the "customer-suit exception" on April 10, 2013, pending the resolution of the manufacturer suits. (ECF No. 37.)

On July 31, 2013, the Court granted the Motion for Summary Judgment brought by some of the manufacturer-suit defendants—which did not include Newegg—and invalidated the '415 Patent under 35 U.S.C. § 101. *Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.*, No. 8:12-cv-01324-ODW(MRWx), ECF No. 89 (C.D. Cal. closed August 6, 2013,). As a result of the invalidation of '415 Patent, the Court entered judgment for Newegg on August 6, 2013. (ECF No. 39.)

After judgment was entered, Newegg filed a motion under 35 U.S.C. § 285 to recover $64,851.73 in attorneys' fees, which Newegg claimed was incurred defending

Digitech's infringement action. (ECF No. 41.) Digitech asserts that Newegg's representations regarding the fees are false because a large portion of the fees were incurred by Newegg in pursuit of its failed counterclaim against Acacia. (Mot. 2–3.)

## III. LEGAL STANDARD

The Court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996). The power to punish contempt and to coerce compliance with issued orders is based on statutes and the Court's inherent authority. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). Though this power must be exercised with restraint, the Court has wide latitude in fashioning appropriate sanctions to fit the conduct. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

There are three primary sources of authority the Court has to sanction the improper conduct of parties or their lawyers: (1) Federal Rule of Civil Procedure 11, which deals with court filings; (2) 28 U.S.C. § 1927, which is directed at conduct that unreasonably and vexatiously multiplies proceedings; and (3) the Court's "inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

Under the Court's inherent authority, parties and their lawyers may be sanctioned for improper conduct and actions for an improper purpose. *Id.* This inherent power extends to a full range of litigation abuses, the litigant must have engaged in bad faith or willful disobedience of a court's order. *Id.* at 992. Sanctions under the Court's inherent authority are particularly appropriate for fraud perpetrated on the court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991).

## IV. DISCUSSION

Digitech moves for sanctions under the theory that Newegg has perpetrated a fraud on this Court by affirmatively misrepresenting that the fees claimed in Newegg's motion for attorneys' fees were incurred defending against Digitech's infringement suit. Digitech asserts that Newegg's Motion claims not only fees

actually incurred in defending Digitech's suit, but fees incurred pursuing its failed counterclaims against third-party defendant Acacia. (Mot. 3–4.) Digitech claims that Newegg is not entitled to these fees because although Newegg is the prevailing party in this action, Newegg did not prevail with respect to the counterclaims against Acacia. (*Id.*)

Newegg avers that it included Acacia as a counterdefendant because it believed that Acacia—as the ultimate parent company of Digitech—had an equitable interest in the '415 Patent. (Opp'n 3.) Believing it had an obligation to identify all parties with an interest in the '415 Patent, Newegg included Acacia in its declaratory-judgment counterclaim to invalidate the Patent. (*Id.* at 3–4.) Newegg further argues that its counterclaim against Acacia was a legitimate part of defending against Digitech's suit. Newegg states that it "did not want to be in the situation where it prevailed on its noninfringement and/or invalidity theories as to Digitech, and then found itself being sued again by Acacia." (*Id.* at 4.)

Section 285 of the Patent Act serves several purposes. Primarily, the fee award serves to reimburse a party for the legal expenses it incurs suffering its opponent's bad-faith litigation. It also acts as an additional deterrent to infringement. *See Beckman Instruments, Inc. v. LKB Produkter AB,* 892 F.2d 1547, 1552 (Fed. Cir. 1989). If a party entitled to an award of attorney's fees only partially prevails on its case, it may or may not be proper to award that party the full fees it incurred in the suit. The Supreme Court has held that if a party prevails on a claim—even if the party prevails on only one theory of many—the party is generally entitled to a fee award that includes the fees incurred pursuing the unsuccessful alternative theories. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (noting that "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit . . . . The result is what matters."). But an award of fees must be based on the overall extent of the prevailing party's success. Thus, if the prevailing party failed on

/ / /

a claim that is distinct from the claim he succeeded on, fees associated with the failed claim should not be included in the fee award. *Id.* at 440.

Accordingly, if a patentee only wins on some of its asserted claims or products it accuses of infringement and loses on others it may not be proper to award all the fees it incurred in prosecuting the suit. *E.g. Beckman Instruments*, 892 F.2d 155–54 (fee award against an accused infringer based on litigation misconduct should only compensate for the fees associated with that misconduct); *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1311, 1319 (Fed. Cir. 2012) (fees award for frivolous infringement claim must be determined on a claim-by-claim basis). Similarly, if an accused infringer prevails on only some of its invalidity defenses it may not be proper to award the accused infringer the full fees incurred defending against the patentee's claims. The Federal Circuit is more likely to permit an award of the entire fee where the misconduct amounts to an egregious intentional act—such as inequitable conduct or willful infringement. *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1386, (Fed. Cir. 2001); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1367 (Fed. Cir. 2013).

The Federal Circuit has not addressed the narrow issue of whether a failed third-party counterclaim should result in a reduced fee award. This alone undercuts Digitech's allegations that Newegg perpetrated a fraud on this Court by requesting its full fee award. But Federal Circuit law requires a reduction of fee awards based on the exceptionality of the case and success of the litigation as a whole. *See Monolithic*, 726 F.3d at 1367; *Highmark*, 687 F.3d at 1311; *Brasseler*, 267 F.3d at 1386; *Beckman*, 892 F.2d 155–54. Thus, even in an exceptional case, a failed counterclaim against a third party will not automatically result in a reduced fee award—particularly where, as here, the counterclaim joins a third-party reasonably believed to be a necessary party to the action. A reduced fee award is only appropriate if the relief is limited in comparison to the scope of the litigation as a whole. *Hensley*, 461 U.S at 435.

Here, Newegg counterclaimed against Acacia for declaratory judgment of non-infringement and invalidity because it believed Acacia had an interest in the '415 Patent. Although the Court ultimately granted Acacia's Motion to Dismiss, it was reasonable for Newegg to believe that Acacia had an interest in the '415 Patent that made Acacia a necessary counterdefendant. Acacia may in fact have been a necessary and proper counterdefendant had Newegg pursued an alter-ego theory of corporate identity. If Digitech was found to be a sham corporation and Acaica was found to be the true owner of the '415 Patent, then Newegg was vulnerable to an infringement suit by Acacia. Thus, for Newegg a necessary part of defending Digitech's suit was ensuring that should it prevail on its counterclaims for noninfringement and invalidity it was protected from being sued yet for a second time by Acacia.

Moreover, the fee amount attributable to the Acacia counterclaim and motion to dismiss briefing amounts to approximately 20 percent of the overall fees sought by Newegg. (Opp'n 6; Decl. Dickson Ex. 1.) This does not, as Digitech claims, constitute an exorbitant portion of the fee amount sought.

Absent any finding of bad faith, a single unsuccessful counterclaim is simply part-and-parcel with the defense of any case. Even though Newegg would not have incurred some of the claimed fees if it had not brought the counterclaim, those fees were reasonably incurred in an effort to defend itself against Ditigtech's infringement suit. Normally, an attorneys' fee award will encompass all hours reasonably expended on the litigation. *Mathis v. Spears*, 857 F.2d 49, 755 (Fed. Cir. 1988) (quoting *Hensley*, 461 U.S. at 435); *Armament Sys. & Procedures, Inc. v. IQ Hong Kong Ltd.*, 2008 WL 597293, *5 (E.D. Wis. 2008).

Accordingly, Newegg has not made any affirmative misrepresentations to this Court in its Motion. Nor has Newegg denied that it claimed fees for time billed on the counterclaim against Acacia and the ensuing briefing on the Motion to Dismiss in its attorneys'-fees motion. And Newegg's assertion that it joined Acacia in the counterclaims for noninfringement and invalidity to thoroughly defend this action is

not a fraudulent claim. Digitech—not Newegg—initiated this suit. Newegg simply defended itself and counterclaimed against a party who it reasonably believed had an interest in the '415 Patent. Newegg's inclusion of Acacia-related fees in its Motion for Attorneys' Fees can hardly be said to be sanctionable conduct.

## V. CONCLUSION

For the reasons discussed above, Digitech has not established that Newegg made any misrepresentations to this Court in its Motion for Attorneys' Fees such that sanctions are warranted. Accordingly, Digitech's Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

October 15, 2013

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**